WINNER & ASSOCIATES, P.C.
900 W. 5th Avenue, Suite 700
Anchorage, AK 99501
Telephone: (907) 277-9522
Facsimile: (907) 277-4510
Email: rwinner@winnerlaw.com

Attorneys for Plaintiff Raymond Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RAYMOND C. GIVENS,<br><br>    Plaintiff,<br><br>v.<br><br>LEROY OENGA, JR.<br><br>    Defendant. | **COMPLAINT FOR DECLARATORY JUDGMENT, DAMAGES, AND SPECIFIC PERFORMANCE**<br><br>Case No. 3:21-cv-_____ |

COMES NOW PLAINTIFF RAYMOND C. GIVENS, by his undersigned counsel, and for his Complaint for Declaratory Judgment, Damages, and Specific Performance against DEFENDANT LEROY OENGA, JR., states and alleges as follows:

**PARTIES**

1. Plaintiff Raymond C. Givens is, and at all material times was, a resident of the State of Washington.

2. Defendant Leroy Oenga, Jr., is, and at all material times was, a resident of the State of Alaska.

COMPLAINT FOR DECLARATORY JUDGMENT,
DAMAGES, AND SPECIFIC PERFORMANCE
*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska, Case No. 3:21-cv-_____  Page 1 of 17

Case 3:21-cv-00008-HRH   Document 1   Filed 01/19/21   Page 1 of 17

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

## JURISDICTION AND VENUE

3. Plaintiff and Defendant are citizens of different states, and the sum or value of Plaintiff's claim against Defendant exceeds $75,000. Accordingly, this Court has jurisdiction over this action for specific performance and damages under 28 U.S.C. § 1332.

4. An actual justiciable controversy exists between Plaintiff and Defendant. Accordingly, this Court has jurisdiction over this action for declaratory relief under 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57.

5. Venue is proper before this Court under 28 U.S.C. § 1391.

## FACTS

6. On October 31, 2003, Plaintiff, an attorney doing business as Givens Law Firm, entered into a Contingency Fee Contract with the heirs of Andrew Oenga ("Oenga heirs"), which included Defendant's father, Leroy Oenga, Sr., who was one of Andrew Oenga's sons. The Contingency Fee Contract concerned the claims of the Oenga heirs against the U.S. Department of the Interior, Bureau of Indian Affairs ("BIA"), for breach of its fiduciary duties to them in approving a lease of a restricted Native Allotment, located at Point Heald, east of Prudhoe Bay, Alaska ("Allotment"). The Allotment had previously been conveyed to Andrew Oenga. He had died, leaving his interest in the Allotment to his heirs, including Leroy Oenga, Sr. The Oenga heirs believed the rental payments approved by the BIA were too low. Under the Contingency Fee Contract, Plaintiff was to be paid a percentage, on a sliding scale, of any increases in past and future rents he was able to obtain from the Allotment. Compensation to Plaintiff was to include "[t]he increase in lease payments under the Lease Agreement or

COMPLAINT FOR DECLARATORY JUDGMENT,
DAMAGES, AND SPECIFIC PERFORMANCE
*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska, Case No. 3:21-cv-_____    Page 2 of 17

Case 3:21-cv-00008-HRH   Document 1   Filed 01/19/21   Page 2 of 17

extended term, from the date hereof and into the future, which are brought about through a modification, reformation, or cancellation of the Lease Agreement or otherwise." Contingency Fee Contract ¶ 2.(b).

7. After an extensive effort to resolve the matter with the BIA, in 2006 Plaintiff filed suit on behalf of the Oenga heirs in the Court of Federal Claims ("CFC") against the United States. The suit alleged breach of the BIA's fiduciary duties to the Oenga heirs. *Wallace Oenga, et al. v. United States of America, and Intervenors BP Exploration, et al.*, United States Court of Claims, Case No. 06-0491-NBF ("CFC Action").

8. Plaintiff brought the action before the CFC instead of this Court so that the Oenga heirs could claim not only increased future rents, but also damages resulting from the BIA's failure to collect proper rents in past years. Thereafter, the lessee of the Allotment, BP Exploration (Alaska), Inc. ("BP"), and its sublessees intervened in the CFC action on the side of the United States.

9. Defendant's father, Leroy Oenga, Sr., assumed the role among the Oenga heirs as the family member who most closely dealt with and guided Plaintiff as he negotiated and litigated the case, conferring with him at least once a week for several years. After years of intensive litigation, on February 8, 2011, the CFC issued its Final Decision and Judgment in favor of the Oenga heirs, awarding them substantial damages for failure to collect proper past rents, and a substantial increase in past and future rents from the Allotment.

10. All parties appealed the final Decision and Judgment of the CFC. Prior to briefing, the parties entered into mediation. On June 23, 2011, a Confidential Term Sheet was

COMPLAINT FOR DECLARATORY JUDGMENT,
DAMAGES, AND SPECIFIC PERFORMANCE
*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska, Case No. 3:21-cv-_____       Page 3 of 17

signed on behalf of all parties. It set out the terms of agreement in a substantially increased comprehensive settlement.

11.  On August 5, 2011, Plaintiff and the Oenga heirs signed a written Contingency Fee Contract First Amendment. Defendant's father, Leroy Oenga, Sr., strongly supported the amendment. Under it, the parties agreed to amend the original Contingency Fee Contract by substituting its sliding scale with payment to Plaintiff of a lower percentage of the full amount (rather than a higher percentage of the increase) of future rents through any extended term of the lease. The purpose and effect of this amendment was to simplify the calculation of attorney's fees due to Plaintiff, and to slightly reduce those fees, thus being in the clients' interest. The amendment confirmed that Plaintiff was to be paid 25% of future rents until the end of the lease, and that the Oenga heirs, including Leroy Oenga, Sr., would direct BP and/or OST to make those payments to Plaintiff:

> Clients agree to pay attorney for professional services . . . 25% of annual rental on Alaska Native Allotment F-14632 paid for both 2012-2013 inclusive period and for the extended term period of 2014-2038 inclusive. **Clients shall direct that these payments for professional services shall be paid directly to Attorney by Lessee BP Exploration (Alaska), Inc. and/or the United States or any subdivision thereof from the funds due Clients at the same time the remaining funds due are paid to Clients.**

(Emphasis added.)

12.  On May 24, 2012, at the request of the BIA, Plaintiff agreed to further reduce his attorney's fees in a Fee/Cost Reduction Agreement, which was signed by Plaintiff and by the Oenga heirs, including Leroy Oenga, Sr., who strongly supported the amendment. Again,

COMPLAINT FOR DECLARATORY JUDGMENT,
DAMAGES, AND SPECIFIC PERFORMANCE
*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska, Case No. 3:21-cv-_____    Page 4 of 17

Case 3:21-cv-00008-HRH   Document 1   Filed 01/19/21   Page 4 of 17

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

this was in the clients' interest. In this reduction agreement, Plaintiff agreed to have his costs taken "off the top" of the lump sum settlement, instead of out of the clients' share of that payment, thereby reducing the amount upon which Plaintiff's contingent fee was determined. The Fee/Cost Reduction Agreement did not modify the above-quoted promise by the Oenga heirs in the Contingency Fee Contract First Amendment to direct that BP and/or the United States or any subdivision thereof pay Plaintiff directly from the future rents when due. Instead, the Fee/Cost Reduction Agreement confirmed that Plaintiff was to be paid 25% of the total rent received each year for the duration of the lease:

> [I]t is mutually agreed and understood that the contingency fee due on future rents, which was specifically provided for in both the original Contingency Fee Contract and the First Amendment thereof, remains due each year as a 25% fee of the total rent received each year due as compensation for the attorney's work in securing the increased rent amount.

13. On May 30, 2012, BP and its sublessees, the United States, Plaintiff, and the Oenga heirs implemented the terms previously agreed to in the June 23, 2011 Confidential Term Sheet by signing a confidential Settlement Agreement and Release of All Claims ("2012 Settlement Agreement"), resolving all claims that Plaintiff had brought on behalf of the Oenga heirs against the United States in the CFC Action and various administrative proceedings. Under that agreement, BP agreed to pay to the Oenga heirs a lump-sum settlement as payment for increased past rents. In addition, BP promised to pay higher future annual rents through 2036, to be calculated each year based on an increase in the cost of living index. The 2012 Settlement Agreement acknowledged Plaintiff's right, under the above-mentioned Contingency

WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

COMPLAINT FOR DECLARATORY JUDGMENT,
DAMAGES, AND SPECIFIC PERFORMANCE
*Raymond C. Givens v. Leroy Oenga, Jr.*,
U.S. District Court for the District of Alaska, Case No. 3:21-cv-_____ Page 5 of 17

Case 3:21-cv-00008-HRH   Document 1   Filed 01/19/21   Page 5 of 17

Fee Contract, as amended, to receive payment for his fees from future annual rents paid on the Allotment. A replacement lease for the Allotment was entered into reflecting these provisions ("Replacement Lease"). The Replacement Lease provides that it will terminate in 2036. Because both the 2012 Settlement Agreement and the Replacement Lease include confidentially clauses, the facts are stated generally herein. Subsequent pleadings and documents filed in this action that include greater specificity will be filed under seal.

14. Leroy Oenga, Sr., held a 24% interest in the Allotment. One of the sad ironies of the underlying case is that he passed away in March 2012, three months before final settlement and payment of sums due for past insufficient rents. His interest in the Allotment was probated by Administrative Law Judge ("ALJ") James Lee Yellowtail of the U.S. Department of the Interior, Office of Hearings and Appeals. *In the Matter of the Estate of Leroy Oenga, Sr.,* Probate Decision P000102729IP ("Probate Action"). In the Probate Action, Leroy Oenga, Sr.'s, interest in the Allotment was conveyed to his son, Defendant Leroy Oenga, Jr.

15. Defendant was a party to the Probate Action, and there he signed and filed an affidavit, dated June 5, 2012, acknowledging that his inherited interest in the Allotment was subject to Plaintiff's right, pursuant to the Contingency Fee Contract, as amended, to be paid 25% of Defendant's share of annual rents from the Allotment. Defendant's affidavit stated as follows:

> As the putative heir of the Allotment, it is my desire that the 25% contingency fee due Givens under the Fee Agreement on all future rents collected for the Estate during the time of probate be paid to Givens through this probate so that any interest I inherit in the Allotment is free and clear of any obligation for these fees and

COMPLAINT FOR DECLARATORY JUDGMENT,
DAMAGES, AND SPECIFIC PERFORMANCE
*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska, Case No. 3:21-cv-_____   Page 6 of 17

Case 3:21-cv-00008-HRH   Document 1   Filed 01/19/21   Page 6 of 17

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

costs due on rents collected during the time the Estate was in probate.

16. On September 27, 2013, ALJ Yellowtail issued a written Decision in the Probate Action. There, ALJ Yellowtail held that Defendant's inherited interest in the Allotment is subject to Defendant's obligation to pay Plaintiff's claim for attorney's fees:

> A claim has been filed against this estate by Raymond C. Givens based on a contingency fee contract executed by the Decedent. The claim is for legal services rendered pursuant to the contingency fee contract in litigation styled as Wallace Oenga, et al. vs. United States of America and Intervenors BP Exploration, et al., United States Court of Claims Case No. 06-0491-NBF. The claim is valid because the contracted services were rendered and a substantial settlement was obtained for plaintiffs including the Decedent's estate.

17. Thereafter, Defendant initially complied with his obligations, pursuant to the Contingency Fee Contract, as amended, by directing the BIA and the U.S. Department of the Interior, Office of Special Trustee for American Indians ("OST"), to make payments to Plaintiff from Defendant's share of the annual rents from the Allotment when they were paid by BP, which payments were held by OST in Defendant's Individual Indian Money ("IIM") account. For instance, on October 14, 2014, Defendant wrote to the BIA and OST stating as follows:

> I write to direct that:
> - 25% of the annual rent received from BP for the lease above allotment be disbursed
> - directly from my Department of the Interior (Interior) Individual Indian Money account (IIM account)
> - to Mr. Raymond C. Givens of the Givens Law Firm (Givens)
> - in payment of attorney fees due Givens each year on allotment rents through 2038
> - <u>without further authorization or documentation from me</u>.

COMPLAINT FOR DECLARATORY JUDGMENT,
DAMAGES, AND SPECIFIC PERFORMANCE
*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska, Case No. 3:21-cv-_____    Page 7 of 17

Case 3:21-cv-00008-HRH   Document 1   Filed 01/19/21   Page 7 of 17

(Emphasis in original.)

18. Plaintiff timely received payments from Defendant's share of rents from the Allotment for calendar year 2014 and calendar year 2015. Under the Replacement Lease, each of those rent payments were made by BP in October of the preceding year.

19. On August 20, 2015, Weldon B. Loudermilk, Regional Director of the BIA Alaska Region, issued a written decision ("Loudermilk Decision"). It concluded that OST should pay to Plaintiff from the IIM accounts of the Oenga heirs, including Defendant, pursuant to the Contingency Fee Contract, as amended, only upon a written direction from them to do so. The Loudermilk Decision also concluded, however, that automatic yearly payments could be made by OST to Plaintiff from the IIM accounts of the Oenga heirs, including Defendant, upon their request that such automatic annual payments be made.

20. Following the Loudermilk Decision, Plaintiff timely received payments from Defendant from his share of rents from the Allotment for calendar year 2016 through calendar year 2019. Again, under the Replacement Lease, each of those rent payments was made by BP in October of the preceding year.

21. Plaintiff, however, did not receive, and has not received, payment from Defendant from his share of rent from the Allotment for calendar year 2020 (paid by BP in October 2019), which payment obligation was $44,256.10. Likewise, Plaintiff did not receive, and has not received, payment from Defendant from his share of rent from the Allotment for

COMPLAINT FOR DECLARATORY JUDGMENT,
DAMAGES, AND SPECIFIC PERFORMANCE
*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska, Case No. 3:21-cv-_____    Page 8 of 17

Case 3:21-cv-00008-HRH    Document 1    Filed 01/19/21    Page 8 of 17

calendar year 2021 (paid by BP in October 2020), which payment obligation was $44,541.88. Accordingly, Defendant owes to Plaintiff $88,797.98, plus accrued interest.

22. On information and belief, Defendant rescinded any direction to OST to pay Plaintiff, in breach of Defendant's obligations to Plaintiff, pursuant to the Contingency Fee Contract, as amended.

23. Plaintiff has fully and completely performed his promises and obligations under the Contingency Fee Contract, as amended. As a result of Plaintiff's efforts, Defendant receives a substantial increase in annual rent from BP.

24. Plaintiff has repeatedly demanded that Defendant pay, or direct OST to pay, to him what is owed, pursuant to the Contingency Fee Agreement, as amended, but Defendant has repeatedly refused and failed to do so. On November 6, 2020, Plaintiff sent a final notice to Defendant demanding payment of $88,797.98 and advising that this suit would be filed if payment is not received. Plaintiff has received no response from Defendant.

25. On information and belief, Defendant is insolvent and is unable to pay Plaintiff, except from Defendant's share of rents from the Allotment to be paid by BP in future calendar years.

26. Plaintiff no longer represents, or serves as an attorney for, the Oenga heirs, including for Defendant.

27. In October 2020, OST was replaced within the U.S. Department of the Interior by the Bureau of Trust Funds Administration ("BTFA").

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

COMPLAINT FOR DECLARATORY JUDGMENT,
DAMAGES, AND SPECIFIC PERFORMANCE
*Raymond C. Givens v. Leroy Oenga, Jr.*,
U.S. District Court for the District of Alaska, Case No. 3:21-cv-_____    Page 9 of 17

Case 3:21-cv-00008-HRH   Document 1   Filed 01/19/21   Page 9 of 17

## CLAIMS FOR RELIEF

## COUNT I
### (Declaratory Judgment)

28. Plaintiff incorporates by reference all prior allegations of this Complaint, as if fully set forth herein.

29. There is a genuine and bona fide dispute and an actual controversy and disagreement between Plaintiff and Defendant regarding Defendant's obligations to Plaintiff, pursuant to the Contingency Fee Contract, as amended.

30. Pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiff asks that the Court declare as follows:

    a. The Contingency Fee Contract, as amended, is a valid and enforceable contract.

    b. Defendant's interest in the Allotment is subject to the obligation, pursuant to the Contingency Fee Contract, as amended, that he pay, or direct BP (or its successor in interest as lessee under the Replacement Lease) and/or OST and BTFA to pay, to Plaintiff 25% of Defendant's share of the annual rents from the Allotment received through calendar year 2036 (to be paid in October of each preceding year), when the Replacement Lease will terminate.

    c. Defendant is estopped from denying that his interest in the Allotment is subject to the obligation, pursuant to the Contingency Fee Contract, as amended, that he pay, or direct BP (or its successor in interest as lessee under the Replacement Lease) and/or OST and

COMPLAINT FOR DECLARATORY JUDGMENT,
DAMAGES, AND SPECIFIC PERFORMANCE
*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska, Case No. 3:21-cv-_____     Page 10 of 17

Case 3:21-cv-00008-HRH   Document 1   Filed 01/19/21   Page 10 of 17

BTFA to pay, to Plaintiff 25% of Defendant's share of the annual rents from the Allotment received through calendar year 2036 (to be paid in October of each preceding year), when the Replacement Lease will terminate.

    d.  Defendant is obligated, pursuant to the Contingency Fee Contract, as amended, to pay, or direct BP (or its successor in interest as lessee under the Replacement Lease) and/or BTFA to pay, to Plaintiff from Defendant's share of rent from the Allotment for calendar year 2022 (to be paid in October 2021) the past-due amounts that Defendant owes to Plaintiff from Defendant's share of rents from the Allotment received for calendar year 2020 (paid by BP in October 2019) and for calendar year 2021 (paid in October 2020), which amounts total $88,797.98, plus accrued prejudgment interest on each amount.

    e.  Defendant is obligated, pursuant to the Contingency Fee Contract, as amended, to make, or direct BP (or its successor in interest as lessee under the Replacement Lease) and/or BTFA to make, future automatic, annual payments to Plaintiff of 25% of Defendant's share of rents from the Allotment, to be paid by BP (or its successor in interest as lessee under the Replacement Lease) through calendar year 2036 (to be paid in October of each preceding year), when the Replacement Lease will terminate.

## COUNT II
### (Damages for Breach of Contract)

31. Plaintiff incorporates by reference all prior allegations of this Complaint, as if fully set forth herein.

COMPLAINT FOR DECLARATORY JUDGMENT,
DAMAGES, AND SPECIFIC PERFORMANCE
*Raymond C. Givens v. Leroy Oenga, Jr.*,
U.S. District Court for the District of Alaska, Case No. 3:21-cv-_____  Page 11 of 17

Case 3:21-cv-00008-HRH Document 1 Filed 01/19/21 Page 11 of 17

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

32. Plaintiff is entitled to an award of his damages resulting from Defendant's failure and refusal to pay to Plaintiff the past-due amounts owed to him, pursuant to the Contingency Fee Contract, as amended, from Defendant's share of past rents from the Allotment received for calendar year 2020 (paid by BP in October 2019) and for calendar year 2021 (paid by BP in October 2020), which amounts total $88,797.98, plus accrued prejudgment interest.

## COUNT III
### (Specific Performance for Past Payments Due)

33. Plaintiff incorporates by reference all prior allegations of this Complaint, as if fully set forth herein.

34. Plaintiff has no adequate remedy at law to enforce Defendant's obligation to pay to Plaintiff the past-due amounts owed by Defendant from his share of past rents from the Allotment, because Defendant is insolvent and unable to pay Plaintiff except from annual rents to be paid by BP (or its successor in interest as lessee under the Replacement Lease) in future calendar years.

35. Plaintiff is entitled to the remedy of specific performance of the terms of the Contingency Fee Contract, as amended, regarding the past-due payments owed by Defendant from his share of past rents from the Allotment. In particular, Plaintiff is entitled to an order of the Court requiring Defendant to instruct BP (or its successor in interest as lessee under the Replacement Lease) and/or BTFA to pay to Plaintiff, from Defendant's share of rent from the Allotment to be received for calendar year 2022 (to be paid by BP [or its successor in interest

COMPLAINT FOR DECLARATORY JUDGMENT,
DAMAGES, AND SPECIFIC PERFORMANCE
*Raymond C. Givens v. Leroy Oenga, Jr.*,
U.S. District Court for the District of Alaska, Case No. 3:21-cv-_____　　Page 12 of 17

Case 3:21-cv-00008-HRH   Document 1   Filed 01/19/21   Page 12 of 17

as lessee under the Replacement Lease] in October 2021), the past-due amounts that Defendant owes to Plaintiff from Defendant's share of past rents from the Allotment received for calendar year 2020 (paid by BP in October 2019) and for calendar year 2021 (paid by BP in October 2020), which amounts total $88,797.98, plus accrued prejudgment interest on each amount.

## COUNT IV
### (Specific Performance for Future Payments Due)

36. Plaintiff incorporates by reference all prior allegations of this Complaint, as if fully set forth herein.

37. Plaintiff has no adequate remedy at law to enforce the Defendant's obligations to pay to Plaintiff the amounts owed by Defendant from his share of future rents from the Allotment because a legal remedy of damages would require Plaintiff to bring multiple lawsuits for payments owed from rents to be paid by BP (or its successor in interest as lessee under the Replacement Lease) for future calendar years through 2036, when the Replacement Lease will terminate.

38. Plaintiff is entitled to the remedy of specific performance, pursuant to the Contingency Fee Contract, as amended, regarding payments that will be owed by Defendant from his share of future annual rents from the Allotment. In particular, Plaintiff is entitled to an order of the Court requiring Defendant to direct BP (or its successor in interest as lessee under the Replacement Lease) and/or BTFA to make automatic, annual payments to Plaintiff of 25% of Defendant's share of future annual rents from the Allotment, to be paid by BP (or its

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

COMPLAINT FOR DECLARATORY JUDGMENT,
DAMAGES, AND SPECIFIC PERFORMANCE
*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska, Case No. 3:21-cv-_____ Page 13 of 17

Case 3:21-cv-00008-HRH   Document 1   Filed 01/19/21   Page 13 of 17

successor in interest as lessee under the Replacement Lease) through calendar year 2036 (to be paid in October of each preceding year), when the Replacement Lease will terminate.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Raymond C. Givens asks for the following relief against Defendant Leroy Oenga, Jr.:

1. The Court should declare as follows:

    a. The Contingency Fee Contract, as amended, is a valid and enforceable contract.

    b. Defendant's interest in the Allotment is subject to the obligation, pursuant to the Contingency Fee Contract, as amended, that he pay, or direct BP (or its successor in interest as lessee under the Replacement Lease) and/or OST and BTFA to pay, to Plaintiff 25% of Defendant's share of the annual rents from the Allotment received through calendar year 2036 (to be paid in October of each preceding year), when the Replacement Lease will terminate.

    c. Defendant is estopped from denying that his interest in the Allotment is subject to the obligation, pursuant to the Contingency Fee Contract, as amended, that he pay, or direct BP (or its successor in interest as lessee under the Replacement Lease) and/or OST and BTFA to pay, to Plaintiff 25% of Defendant's share of the annual rents from the Allotment received through calendar year 2036 (to be paid in October of each preceding year), when the Replacement Lease will terminate.

COMPLAINT FOR DECLARATORY JUDGMENT,
DAMAGES, AND SPECIFIC PERFORMANCE
*Raymond C. Givens v. Leroy Oenga, Jr.*,
U.S. District Court for the District of Alaska, Case No. 3:21-cv-_____    Page 14 of 17

Case 3:21-cv-00008-HRH    Document 1    Filed 01/19/21    Page 14 of 17

d. Defendant is obligated, pursuant to the Contingency Fee Contract, as amended, to pay, or direct BP (or its successor in interest as lessee under the Replacement Lease) and/or BTFA to pay, to Plaintiff from Defendant's share of rent from the Allotment for calendar year 2022 (to be paid in October 2021) the past-due amounts that Defendant owes to Plaintiff from Defendant's share of rents from the Allotment received for calendar year 2020 (paid by BP in October 2019) and for calendar year 2021 (paid by BP in October 2020), which amounts total $88,797.98, plus accrued prejudgment interest on each amount.

e. Defendant is obligated, pursuant to the Contingency Fee Contract, as amended, to make, or direct BP (or its successor in interest as lessee under the Replacement Lease) and/or BTFA to make, future automatic, annual payments to Plaintiff of 25% of Defendant's share of rents from the Allotment, to be paid by BP (or its successor in interest as lessee under the Replacement Lease) through calendar year 2036 (to be paid in October of each preceding year), when the Replacement Lease will terminate.

2. The Court should award Plaintiff his damages resulting from Defendant's failure and refusal to pay to Plaintiff the past-due amounts owed to him, pursuant to the Contingency Fee Contract, as amended, from Defendant's share of past rents from the Allotment received for calendar year 2020 (paid by BP in October 2019) and for calendar year 2021 (paid by BP in October 2020), which amounts total $88,797.98, plus accrued prejudgment interest on each amount.

3. The Court should enter an order of specific performance requiring Defendant to instruct BP (or its successor in interest as lessee under the Replacement Lease) and/or BTFA to

COMPLAINT FOR DECLARATORY JUDGMENT,
DAMAGES, AND SPECIFIC PERFORMANCE
*Raymond C. Givens v. Leroy Oenga, Jr.*,
U.S. District Court for the District of Alaska, Case No. 3:21-cv-_____  Page 15 of 17

Case 3:21-cv-00008-HRH   Document 1   Filed 01/19/21   Page 15 of 17

pay to Plaintiff, from Defendant's share of rent from the Allotment to be paid for calendar year 2022 (to be paid in October 2021), the past-due amounts that Defendant owes to Plaintiff, pursuant to the Contingency Fee Contract, as amended, from Defendant's share of past rents received for calendar year 2020 (paid by BP in October 2019) and for calendar year 2021 (paid by BP in October 2020), in the total amount of $88,797.98, plus accrued prejudgment interest on each amount.

4. The Court should enter an order of specific performance requiring Defendant, pursuant to the Contingency Fee Contract, as amended, to direct BP (or its successor in interest as lessee under the Replacement Lease) and/or BTFA to make future automatic, annual payments to Plaintiff of 25% of Defendant's share of future annual rents from the Allotment, to be paid by BP (or its successor in interest as lessee under the Replacement Lease) through calendar year 2036 (to be paid in October of each preceding year), when the Replacement Lease will terminate.

5. The Court should award Plaintiff his costs and attorney's fees in having to bring this action.

6. The Court should grant to Plaintiff such other relief as appears just.

COMPLAINT FOR DECLARATORY JUDGMENT,
DAMAGES, AND SPECIFIC PERFORMANCE
*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska, Case No. 3:21-cv-_____   Page 16 of 17

Case 3:21-cv-00008-HRH   Document 1   Filed 01/19/21   Page 16 of 17

Dated at Anchorage, Alaska, this 15th day of January, 2021.

WINNER & ASSOCIATES, P.C.
Attorneys for the Plaintiff Raymond C. Givens

By: _____
Russell L. Winner
Alaska Bar No. 7811149

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

COMPLAINT FOR DECLARATORY JUDGMENT,
DAMAGES, AND SPECIFIC PERFORMANCE
*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska, Case No. 3:21-cv-_____   Page 17 of 17

Case 3:21-cv-00008-HRH   Document 1   Filed 01/19/21   Page 17 of 17