Rachel B. Lauesen, ABA No. 0905016
Lauesen Law Team, LLC
521 W. 41st Avenue, Suite 102
Anchorage, Alaska 99503
Telephone: (907) 206-2030
Facsimile: (907) 206-2040
Email: rachel@lauesenlaw.com

Attorneys for Defendant Leroy Oenga, Jr.

| | | |
|---|---|---|
| RAYMOND C. GIVENS | ) | |
| | ) | |
| Plaintiff, | ) | **ANSWER** |
| | ) | |
| v. | ) | |
| | ) | |
| LEROY OENGA, JR. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | Case No. 3:21-cv-00008-HRH |

COMES NOW DEFENDANT LEROY OENGA, JR, by and through counsel Rachel B. Lauesen of Lauesen Law Team, LLC, and hereby files his Answer to the Complaint.

## PARTIES

1. Defendant Leroy Oenga, Jr. is without sufficient information as to admit or deny the allegations contained in Paragraph 1 and therefore denies the same.

2. Defendant admits the allegations contained in Paragraph 2.

## JURISDICTION AND VENUE

3. Paragraph 3 sets forth legal conclusions and questions of law to which no response is required. To the extent a response is required, Defendant lacks sufficient

*Givens v. Oenga.* Case No. 3:21-cv-00008-HRH
Answer to Complaint
Page 1 of 9
Case 3:21-cv-00008-HRH   Document 15   Filed 04/30/21   Page 1 of 9

information to as to admit or deny the allegations stated in Paragraph 3 and therefore denies the same.

4. Paragraph 4 sets forth legal conclusions and questions of law to which no response is required. To the extent a response is required, Defendant lacks sufficient information to as to admit or deny the allegations stated in Paragraph 4 and therefore denies the same.

5. Paragraph 5 sets forth legal conclusions and questions of law to which no response is required. To the extent a response is required, Defendant lacks sufficient information to as to admit or deny the allegations stated in Paragraph 5 and therefore denies the same.

## FACTS

6. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 6 and therefore denies the same. However, Defendant affirmatively asserts that he is not a party to any agreement with Plaintiff dated October 31, 2003.

7. Defendant admits there was a lawsuit filed against the United States on or about 2006, but denies that he was a party to the lawsuit. The remaining allegations in Paragraph 7 are denied.

8. Defendant is without sufficient information to admit or deny the allegations in Paragraph 8 and therefore denies the same.

9. Defendant admits that his father is Leroy Oenga, Sr. and that on February 8, 2011 the Court of Federal Claims entered a decision awarding members of his family

sums of money, but that Defendant was not a party to that suit or any judgment entered thereafter. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 9 and therefore denies the same.

10. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 10, as he was not a party to any appeal, mediation, or confidential term sheet, and therefore denies the same.

11. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 11 and therefore denies the same. However, Defendant affirmatively asserts that he is not a party to any agreement with Plaintiff dated August 5, 2011 and that the section quoted by Plaintiff intentionally omits the portion that states <u>Plaintiff is to also receive 35% of [a large lump sum settlement amount] for past and future rents in addition to</u> 25% of the annual rent payments for 27 years. (Emphasis added).

12. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 12 and therefore denies the same. However, Defendant affirmatively asserts that he is not a party to any agreement with Plaintiff dated May 24, 2012.

13. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 13 and therefore denies the same. However, Defendant affirmatively asserts that he is not a party to any agreement with Plaintiff dated May 30, 2012.

14. Defendant admits his father passed away on or about March 1, 2012 and that Defendant inherited his father's interest in restricted Native Allotment No. F14632

without any encumbrance by Plaintiff pursuant to Leroy Oenga, Sr.'s Last Will and Testament the Probate Action.

15. Defendant admits he filed an affidavit in the Probate Action dated June 5, 2012 and that the excerpted portion of Paragraph 15 of the Complaint was stated underneath the heading "Request for Court to Pay Costs and Fees on any Rents Received During Probate." Defendant denies he acknowledged his inherited interest in the Restricted Native Allotment was subject to any rights of Plaintiff. The remaining allegations in Paragraph 15 are denied.

16. Defendant admits ALJ Yellowtail issued a written decision in the Probate Action on September 27, 2013, but denies that ALJ Yellowtail held that Defendant had any obligation to pay Plaintiff's claim for attorney's fees. Defendant affirmatively asserts that ALJ Yellowtail "approved" Plaintiff's probate claim against the Estate of Leroy Oenga, Sr. in the amount of $1,251,821.00 and nothing more.

17. Defendant denies the allegations is Paragraph 17.

18. Defendant is without sufficient information to admit or deny the allegations in Paragraph 18 and therefore denies the same.

19. Defendant admits that on or about August 25, 2015, Regional Director Loudermilk denied Plaintiff's request for automatic payments from the Office of Special Trustee and stated "the contingency fee contracts/amendments were not approved by a representative of the Secretary of the Interior." The remaining allegations in Paragraph 19 are denied.

*Givens v. Oenga.* Case No. 3:21-cv-00008-HRH
Answer to Complaint
Page 4 of 9
Case 3:21-cv-00008-HRH   Document 15   Filed 04/30/21   Page 4 of 9

20. Defendant is without sufficient information to admit or deny the allegations in Paragraph 20 and therefore denies the same.

21. Defendant admits that he has not consented to payment of money to Plaintiff for 2020 and 2021 and denies that Plaintiff is owed any money. The remaining allegations in Paragraph 21 are denied.

22. Defendant denies the allegations in Paragraph 22 and affirmatively states that he is not a party to any contingency fee agreement.

23. Defendant denies the allegations in paragraph 23 and affirmatively states that he is not a party to any contingency fee agreement.

24. Defendant admits that Plaintiff has made demands for payment but denies that Plaintiff is owed anything from Defendant. Defendant is without sufficient information as to admit or deny the remaining allegations in Paragraph 24 and therefore denies the same.

25. Defendant admits that he is not wealthy like Plaintiff and that the rental payments that he receives from his restricted land is a significant source of income that Defendant relies upon to support his family in expensive rural Alaska.

26. Defendant admits Plaintiff is not his attorney. Defendant is without sufficient information as to whether admit or deny the allegations in Paragraph 26 and therefore denies the same.

27. Defendant is without sufficient information as to whether admit or deny the allegations in Paragraph 27 and therefore denies the same.

*Givens v. Oenga.* Case No. 3:21-cv-00008-HRH
Answer to Complaint
Page 5 of 9
Case 3:21-cv-00008-HRH   Document 15   Filed 04/30/21   Page 5 of 9

# CLAIMS FOR RELIEF

## COUNT I
### (Declaratory Judgment)

28. Defendant incorporates by reference all prior responses in this Answer, as if fully set forth herein.

29. Defendant denies that he is a party to any Contingent Fee Contract, as amended. The remaining allegations of Paragraph 29 concern questions of law and a response is not required. To the extent that a response is required, Defendant denies the same.

30. Defendant denies that he is a party to any Contingent Fee Contract, as amended. The allegations in Paragraph 30 (a)-(e) concern questions of law and a response is not required. To the extent that a response is required, Defendant denies the same.

## COUNT II
### (Damages for Breach of Contract)

31. Defendant incorporates by reference all prior responses in this Answer, as if fully set forth herein.

32. Defendant denies the allegations contained in Paragraph 32.

## COUNT III
### (Specific Performance for Past Payments Due)

33. Defendant incorporates by reference all prior responses in this Answer, as if fully set forth herein.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant denies that he is a party to any Contingent Fee Contract, as amended. The allegations in Paragraph 35 concern questions of law and a response is not required. To the extent that a response is required, Defendant denies the same.

## COUNT IV
### (Specific Performance for Future Payments Due)

36. Defendant incorporates by reference all prior responses in this Answer, as if fully set forth herein.

37. Defendant denies that he owes Defendant anything. The allegations in Paragraph 37 concern questions of law and a response is not required. To the extent that a response is required, Defendant denies the same.

38. Defendant denies that he is a party to any Contingent Fee Contract, as amended. The allegations in Paragraph 38 concern questions of law and a response is not required. To the extent that a response is required, Defendant denies the same.

## AFFIRMATIVE DEFENSES

1. Plaintiff's complaint fails to state a claim for which relief may be granted.

2. Plaintiff has failed to exhaust administrative remedies.

3. This Court lacks subject matter jurisdiction over the Complaint.

4. Plaintiff has failed to join necessary and indispensable parties.

5. Defendant is not a party to any agreement with Plaintiff.

6. Defendant has fully performed.

7. Plaintiff's claims are barred by accord and satisfaction.

8. Any agreement between Plaintiff and Defendant's father is void for fraud, duress, and/or unconscionability.

9. The amendments to any agreements fail for lack of consideration.

10. Plaintiff's claims constitute an illegal encumbrance of restricted Native real property.

11. Plaintiff's claims are time-barred.

12. Plaintiff's claim for attorney's fees is unreasonable as defined in Alaska R. Prof. Conduct 1.5.

13. The Complaint is barred by res judicata.

14. The claims are barred by judicial estoppel.

15. Plaintiff has unclean hands.

16. Plaintiff breached the contract first.

17. Plaintiff's claims are barred by Federal law.

18. Defendant hereby reserves his right to add additional affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Leroy Oenga, Jr. prays as follows:

1. For dismissal of the Complaint, with prejudice.

2. For costs and attorney's fees.

3. For other such relief as the Court deems just and proper.

Respectfully submitted in Anchorage, Alaska this 30th day of April, 2021.

*Givens v. Oenga.* Case No. 3:21-cv-00008-HRH
Answer to Complaint
Page 8 of 9
Case 3:21-cv-00008-HRH   Document 15   Filed 04/30/21   Page 8 of 9

LAUESEN LAW TEAM, LLC  
Attorneys for Defendant Leroy Oenga, Jr.

By:    s/ Rachel B. Lauesen  
     Rachel B. Lauesen, ABA No. 0905016

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on 30th day of April, 2021 a true and correct copy of the foregoing document was served via CM/ECF to the following recipients:

Russell Winner, Esq.  
rwinner@winnerlaw.com

By: s/ Rachel B. Lauesen  
     Rachel B. Lauesen

*Givens v. Oenga.* Case No. 3:21-cv-00008-HRH  
Answer to Complaint  
Page 9 of 9  
Case 3:21-cv-00008-HRH    Document 15    Filed 04/30/21    Page 9 of 9