IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

RAYMOND C. GIVENS,

          Plaintiff,

vs.

LEROY OENGA, JR.,

          Defendant.

No. 3:21-cv-0008-HRH

O R D E R

Motion to Dismiss

Defendant Leroy Oenga, Jr. moves to dismiss this case.[1] This motion is opposed by plaintiff Raymond C. Givens.[2] Oral argument was not requested and is not deemed necessary.

Background

Plaintiff alleges that in 2003, he, as "an attorney doing business as Givens Law Firm, entered into a Contingency Fee Contract with the heirs of Andrew Oenga[,]" one of whom

---

[1]Docket No. 17.

[2]Docket No. 20.

was defendant's father.[3] Plaintiff avers that at that time, he "was admitted to practice law in Washington State and Idaho. . . ."[4]

Plaintiff alleges that "[t]he Contingency Fee Contract concerned the claims of the Oenga heirs against the U.S. Department of Interior, Bureau of Indian Affairs ('BIA'), for breach of its fiduciary duties to them in approving a lease of a restricted Native Allotment, located at Point Heald, east of Prudhoe Bay, Alaska. . . ."[5] Plaintiff alleges that "[t]he Oenga heirs believed the rental payments approved by the BIA were too low. Under the Contingency Fee Contract, [p]laintiff was to be paid a percentage, on a sliding scale, of any increases in past and future rents he was to obtain from the Allotment."[6] Plaintiff alleges that in 2006, he "filed suit on behalf of the Oenga heirs in the Court of Federal Claims ('CFC') against the United States."[7]

Plaintiff alleges that "[a]fter years of intensive litigation, on February 8, 2011, the CFC issued its Final Decision and Judgment in favor of the Oenga heirs, awarding them substantial damages for the failure to collect proper past rents, and a substantial increase in

---

[3] Complaint for Declaratory Judgment, Damages and Specific Performance at 2, ¶ 6, Docket No. 1.

[4] Declaration of Raymond C. Givens at 1, ¶ 2, Docket No. 21.

[5] Complaint for Declaratory Judgment, Damages, and Specific Performance at 2, ¶ 6, Docket No. 1.

[6] Id.

[7] Id. at 3, ¶ 7.

-2-

past and future rents from the Allotment."[8]  Plaintiff alleges that an appeal was taken, but the parties ultimately entered into mediation and reached a comprehensive settlement.[9]

Plaintiff alleges that in 2011 and 2012, the Contingency Fee Contract was amended but that it continued to provide that "the contingency fee due on future rents . . . remains due each year as a 25% fee of the total rent received each year due as compensation for the attorney's work in securing the increased rent amount."[10]

Plaintiff alleges that defendant's father passed away in March 2012 and "[h]is interest in the Allotment was probated by Administrative Law Judge ('ALJ') James Lee Yellowtail[.]"[11]  Plaintiff alleges that "[d]efendant was a party to the Probate Action, and there he signed and filed an affidavit, dated June 5, 2012, acknowledging that his inherited interest in the Allotment was subject to [p]laintiff's right, pursuant to the Contingency Fee Contract, as amended, to be paid 25% of [d]efendant's share of annual rents from the Allotment."[12]  Plaintiff alleges that in a 2013 decision, ALJ Yellowtail "held that

---

[8]Id. at 3, ¶ 9.

[9]Id. at 3-4, ¶ 10.

[10]Id. at 4-5, ¶¶ 11-12.

[11]Id. at 6, ¶ 14.

[12]Id. at 6, ¶ 15.

-3-

[d]efendant's inherited interest in the Allotment is subject to [d]efendant's obligation to pay [p]laintiff's claim for attorney's fees[.]"[13]

Plaintiff alleges that defendant initially complied with his obligations under the amended Contingency Fee Contract, but plaintiff alleges that he "did not receive, and has not received, payment from [d]efendant from his share of rent from the Allotment for calendar year 2020" or calendar year 2021.[14]

On January 19, 2021, plaintiff commenced this action, in which he asserts a breach of contract claim and claims for declaratory relief and specific performance for past and future payments due.

Defendant now moves to dismiss this action pursuant to Alaska Bar Rule 39.

Discussion

Alaska Bar Rule 39 provides:

> At the time of service of a summons in a civil action against his or her client for the recovery of fees for professional services rendered, an attorney will serve upon the client a written "notice of client's right to arbitrate or mediate," which will state:
>
> You are notified that you have a right to file a Petition for Arbitration of Fee Dispute or a Request for Mediation and stay this civil action. Forms and instructions for filing a Petition for Arbitration of Fee Dispute or a Request for Mediation and a motion for stay are available from the Alaska Bar Association, P.O. Box 100279, Anchorage, AK 99510-0279, or contact (907) 272-7469 for the Alaska Bar Association's street address. If you

---

[13]Id. at 7, ¶ 16.

[14]Id. at 7-9, ¶¶ 17-18, 21.

-4-

> do not file the Petition for Arbitration of Fee Dispute or a Request for Mediation within twenty (20) days after your receipt of this notice, you will waive your right to arbitration or mediation.
>
> Failure to give this notice will be grounds for dismissal of the civil action.

Defendant argues that plaintiff was required to comply with Alaska Bar Rule 39 and give him notice of his right to arbitrate or mediate, which it is undisputed plaintiff did not do. Defendant concedes that plaintiff is not a member of the Alaska Bar Association, but argues that the Alaska Bar nonetheless has jurisdiction over any attorney who appears, participates, or otherwise engages in the practice of law in Alaska. Specifically, defendant cites to Alaska Bar Rule 34(c)(1), which provides:

> [a]ll disputes concerning fees charged for professional services or costs incurred by an attorney are subject to arbitration under these rules except for:
>
> (1) disputes where the attorney is also admitted to practice in another state or jurisdiction and (s)he maintains no office in the state of Alaska and no material portion of the legal services were rendered in the state of Alaska, unless (s)he appeared under Alaska Civil Rule 81[.]

There is no dispute that plaintiff was not and is not a member of the Alaska Bar Association. It is also undisputed that plaintiff never had an office in the State of Alaska and that he did not appear under Alaska Civil Rule 81. The dispute here is over whether a material portion of the legal services plaintiff provided to the Oenga heirs "were rendered in the state of Alaska." Alaska Bar Rule 34(c)(1).

The parties have not cited to, nor did the court's independent research reveal, any authority providing guidance as to how to determine where legal services are rendered. But based on the facts that are presently before the court, the court concludes that the material portion of the legal services that plaintiff provided to the Oenga heirs was <u>not</u> rendered in the state of Alaska. Of import here is the fact that the underlying litigation was not filed in an Alaska court, but rather was filed in the Court of Claims, which is headquartered in Washington, D.C. Also of import is the fact that the trial in the underlying litigation was held in Seattle, Washington, and not in Alaska. While, as defendant points out, the underlying litigation undoubtedly involved questions of Alaska law and reliance on Alaska geology and geography, that does not mean that the legal services plaintiff was providing to the Oenga heirs were rendered <u>in</u> the state of Alaska. It is not sufficient, as defendant contends, that the Oenga heirs were Alaska residents and that the Allotment was located in Alaska. The question here is where were the legal services being rendered, and for purposes of that question, the location of the court in which the case was filed is much more significant than where the parties are located.

Defendant contends that application of the Alaska Bar Rule 39 is necessary to protect the Oengas from being taken advantage of by their former attorney. The court disagrees as defendant will be able to raise such arguments, <u>i.e.</u>, that plaintiff is taking advantage of the Oengas, in the context of this case.

-6-

In his reply, defendant also raises an argument about whether approval from the federal government was required for the Contingency Fee Agreement. But, this argument has nothing to do with the question at hand, which is whether the legal services that plaintiff provided to the Oenga heirs "were rendered in the state of Alaska." Alaska Bar Rule 34(c)(1).

## Conclusion

Defendant's motion to dismiss[15] is denied.

DATED at Anchorage, Alaska, this 9th day of June, 2021.

/s/ H. Russel Holland
United States District Judge

---

[15] Docket No. 17.