Rachel B. Lauesen, ABA No. 0905016
Lauesen Law Team, LLC
521 W. 41st Avenue, Suite 102
Anchorage, Alaska 99503
Telephone: (907) 206-2030
Facsimile: (907) 206-2040
Email: rachel@lauesenlaw.com

Attorneys for Defendant Leroy Oenga, Jr.

| | |
|---|---|
| RAYMOND C. GIVENS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| LEROY OENGA, JR. ) | |
| ) | |
| Defendant. ) | |
| ) | Case No. 3:21-cv-00008-HRH |

## MOTION FOR RECONSIDERATION OF ORDER ON MOTION TO DISMISS [Doc. 30]
[Alaska Fed. Local Rule 7.3(h)(1)(B)]

COMES NOW Rachel B. Lauesen, attorney for Defendant Leroy Oenga, Jr., and hereby moves this honorable Court for reconsideration of its Order denying Mr. Oenga's Motion to Dismiss pursuant to Alaska Bar Rule 39. The Court's Order is Docket 30 in the record. Reconsideration is sought based on discovery of new material facts not previously available.

## ARGUMENT

Mr. Oenga moved to dismiss the instant complaint because it is a lawsuit seeking payment for professional fees and, pursuant to Alaska Bar Rule 39(a), any

*Givens v. Oenga.* Case No. 3:21-cv-00008-HRH
Motion For Reconsideration
Page 1 of 5
Case 3:21-cv-00008-HRH   Document 32   Filed 06/22/21   Page 1 of 5

summons for such a lawsuit must be accompanied by a "notice of client's right to arbitrate or mediate." Failure to give this notice will be grounds for dismissal of the civil action.

Mr. Givens argued that he is not subject to Alaska Bar Rule 39 because he is not subject to Alaska Bar Rule 34(c)(1), which subjects fee disputes subject to arbitration where the attorney maintains no office in the State of Alaska and where no material portion of the legal services are rendered in the State of Alaska.[1] Mr. Givens asserted that neither condition is applicable to him because all of the litigation involving the Oenga lawsuit took place in the federal courts in Washington, D.C. and Seattle.[2]

This Court found that "based on the facts that are presently before the court the material portions of the legal services that plaintiff provided to the Oenga heirs was not rendered in the state of Alaska."[3] The Court's order made clear that it interpreted Alaska Bar Rule 34(c)(1) to "mean that the legal services plaintiff was providing to the Oenga heirs were rendered in the state of Alaska."[4]

Plaintiff seeks reconsideration of this Court's Order denying his Motion to Dismiss on the basis of discovery of new facts not previously available. The Complaint alleges that after the decision and the judgment in the Court of Federal Claims, all

---

[1] Doc. 20.
[2] Doc 21, Declaration of Raymond Givens at ¶ 4.
[3] Order, Doc. 30 at p. 6. (Emphasis in original).
[4] *Id.* (Emphasis in Original).

*Givens v. Oenga.* Case No. 3:21-cv-00008-HRH
Motion For Reconsideration
Page 2 of 5

parties filed an appeal.[5]  Thereafter, "the parties entered mediation. On June 23, 2011, a Confidential Term Sheet was signed on behalf of the parties.  It set out the terms of agreement in a substantially increased comprehensive settlement."[6]  **The June 23, 2011 mediation and signing of the confidential term sheet occurred in Fairbanks, Alaska with Mr. Givens present in the State of Alaska.**[7]

The Complaint goes on to state that "on August 5, 2011, Plaintiff and the Oenga heirs signed a written Contingency Fee Contract First Amendment.[8]  Plaintiff is suing Defendant to enforce the Contingency Fee Contract First Amendment, in particular, the provision which Plaintiff alleges gives him the right to automatic payments.[9]  **The signatures on the Contingency Fee Contract First Amendment are dated August 5, 2011 and occurred in Fairbanks, Alaska with Mr. Givens present in the State of Alaska.**[10]

The Confidential Term Sheet was incorporated in the 2012 Settlement Agreement, which Plaintiff alleges "acknowledges Plaintiff's right, under the above-mentioned Contingency Fee Contract, as amended, to receive payment for his fees from future annual rents paid on the Allotment."[11] Plaintiff alleges that on May 24, 2012, a "Fee/Cost Reduction" agreement was signed.[12]  While Plaintiff alleges

---

[5] Complaint (Doc 1) at ¶ 10.
[6] Complaint (Doc 1) at ¶ 10.
[7] Exhibit A to Declaration of Counsel.
[8] Complaint (Doc. 1) at ¶ 11.
[9] *Id.*
[10] Exhibit B to Declaration of Counsel.
[11] Complaint (Doc. 1) at ¶ 13.
[12] *Id.* at ¶ 12.

*Givens v. Oenga.* Case No. 3:21-cv-00008-HRH
Motion For Reconsideration
Page 3 of 5
Case 3:21-cv-00008-HRH   Document 32   Filed 06/22/21   Page 3 of 5

Defendant's father, Leroy Oenga,Sr., "signed" and "strongly supported" the Fee/Cost Reduction,[13] Leroy Oenga, Sr. had actually died on March 1, 2012. The 2012 Settlement Agreement between the Heirs, the United States, and BP was also signed on May 24, 2012.[14] **The signatures of the Heirs on the Fee/Cost Reduction Agreement and the 2012 Settlement Agreement are all dated May 24, 2012 and occurred in Fairbanks, Alaska, with Mr. Givens present.[15]**

Mr. Oenga, Jr. has been at a disadvantage in this litigation because he inherited his interest in the allotment from his father and so he was not present at any of these meetings or involved in the litigation. These facts are newly discovered after the Order on the Motion to Dismiss. The Court should reconsider its finding that no material portion of the legal services occurred in the state of Alaska and find that the mediation negotiations and signing of terms sheets, settlements, and fee agreements (which form the basis of this lawsuit) constitutes a material portion of the legal services and Alaska Bar Rule 34(c)(a) and 39 apply.

Respectfully submitted in Anchorage, Alaska this 22nd day of June, 2021.

LAUESEN LAW TEAM, LLC
Attorneys for Defendant Leroy Oenga, Jr.

By: s/ Rachel B. Lauesen
Rachel B. Lauesen, ABA No. 0905016

---

[13] Complaint (Doc. 1) at ¶ 12.
[14] Declaration of Counsel at ¶ 5.
[15] *Id. See also,* Exhibit C to Declaration.

*Givens v. Oenga.* Case No. 3:21-cv-00008-HRH
Motion For Reconsideration
Page 4 of 5
Case 3:21-cv-00008-HRH   Document 32   Filed 06/22/21   Page 4 of 5

CERTIFICATE OF SERVICE
The undersigned hereby certifies that on
22nd day of June, 2021 a true and correct
copy of the foregoing document was served via
CM/ECF to the following recipients:

Russell Winner, Esq.
rwinner@winnerlaw.com


By: s/ Rachel B. Lauesen
       Rachel B. Lauesen

*Givens v. Oenga.* Case No. 3:21-cv-00008-HRH
Motion For Reconsideration
Page 5 of 5
Case 3:21-cv-00008-HRH   Document 32   Filed 06/22/21   Page 5 of 5