Russell L. Winner
WINNER & ASSOCIATES, P.C.
900 W. 5th Avenue, Suite 700
Anchorage, AK 99501
Telephone: (907) 277-9522
Facsimile: (907) 277-4510
Email: rwinner@winnerlaw.com

Attorneys for Plaintiff Raymond C. Givens

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RAYMOND C. GIVENS,<br><br>   Plaintiff,<br><br> v.<br><br>LEROY OENGA, JR.<br><br>   Defendant. | Case No. 3:21-cv-00008-HRH |

## DECLARATION OF RAYMOND C. GIVENS

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1. I am the Plaintiff in this action. I make this declaration in support of Plaintiff's Opposition to Defendant's Motion for Reconsideration, dated today's date.

2. Defendant's motion to reconsider relies on facts reflected in three exhibits (Exhibits A, B, and C; Docket Nos. 32-2, 32-3, and 32-4) attached to the accompanying Declaration of Defendant's attorney, Rachel B. Lauesen (Docket No. 32-1). Defendant

DECLARATION OF RAYMOND C. GIVENS
*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska, Case No. 3:21-cv-00008-HRH    Page 1 of 4

Case 3:21-cv-00008-HRH  Document 37  Filed 06/30/21  Page 1 of 4

claims that these facts are newly discovered and previously unavailable to him. That is not correct.

3. The first exhibit relied on by Defendant is a detailed itemization of my costs in traveling to Fairbanks, Alaska, in June 2011 for a mediation of the litigation before the Court of Federal Claims and ancillary federal agencies, which resulted in a signed Confidential Term Sheet following that mediation. (Exhibit A to the Lauesen Declaration; Docket No. 32-2) However, all pages of that itemization—which included an unlighted version of a cost summary sheet (Exhibit A to the Lausen Declaration, at 1; Docket No. 32-2, at 1)—were attached to the affidavit of my legal assistant, Laurel Spaeth, which I served on Defendant on August 1, 2012, in *In the Matter of the Estate of Leroy Oenga, Sr.*, United States Department of the Interior, Office of Hearings and Appeals, Probate Hearings Division, Probate P000102729IP. *See* Exhibit 1 hereto. I served that itemization again, including the unhighlighted summary sheet, on Defendant's attorney, Richard W. Hompesch II, on August 20, 2012, in the above-referenced probate proceeding. *See* Exhibit 2 hereto.

4. The second exhibit relied on by Defendant is a detailed itemization of my costs in traveling to Fairbanks in August 2011 to sign the Contingency Fee Contract First Amendment. (Exhibit B to the Lauesen Declaration; Docket No. 32-3) Again, however, all pages of that itemization—which included an unlighted version of the cost summary sheet (Exhibit B, at 1; Docket No. 32-3, at 1)—were attached to the Spaeth

DECLARATION OF RAYMOND C. GIVENS
*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska, Case No. 3:21-cv-00008-HRH    Page 2 of 4

Case 3:21-cv-00008-HRH   Document 37   Filed 06/30/21   Page 2 of 4

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

affidavit, which I served on Defendant on August 1, 2012, in the above-mentioned probate action. *See* Exhibit 1 hereto. I again served the same itemization, including the unhighlighted summary sheet, on Hompesch on August 20, 2012. *See* Exhibit 2 hereto.

5. The third exhibit relied on by Defendant is a memorandum from me to the Oenga heirs, which referred to my then-upcoming travel to Fairbanks in May 2012 to meet with them to sign the Fee/Cost Reduction Agreement and the Settlement Agreement. (Exhibit C to the Lauesen Declaration; Docket No. 32-4) However, on information and belief, Defendant knew, or learned before filing his motion to dismiss the instant action before this Court, that the Fee/Cost Reduction Agreement and Settlement Agreement were discussed and signed in Alaska by me and the Oenga heirs, including by Wallace Oenga, as Personal Representative of his father's estate. Defendant knew at that time that he was the presumptive heir to the interest of his deceased father in the subject Native allotment. Further, Defendant was actively involved in the appointment of Wallace Oenga as the Personal Representative of the Estate of Leroy Oenga, Sr., and Defendant was aware of Wallace Oenga's actions in that capacity. Then, on June 5, 2012, Defendant signed and filed an affidavit in the above-referenced federal probate proceeding of his father's estate that expressly approved of the following: the Contingency Fee Contract; the Contingency Fee Contract First Amendment; the Continuation of Fee Agreement, signed by Wallace Oenga as Personal Representative of the Estate of Leroy Oenga, Sr.; the Fee/Cost Reduction

DECLARATION OF RAYMOND C. GIVENS
*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska, Case No. 3:21-cv-00008-HRH    Page 3 of 4

Case 3:21-cv-00008-HRH    Document 37    Filed 06/30/21    Page 3 of 4

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

DECLARATION OF RAYMOND C. GIVENS
*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska, Case No. 3:21-cv-00008-HRH    Page 3 of 4

Case 3:21-cv-00008-HRH    Document 37    Filed 06/30/21    Page 3 of 4

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Agreement; the Settlement Agreement; payment of the costs and fees owed to me by the Estate of Leroy Oenga, Sr.; the understanding that fees were due on future rents; and payment of my costs and fees, including fees on annual rents due at that time.

6. James Laflin, from San Francisco, California, was the mediator for the mediation that took place in Fairbanks in June 2011. Attending the mediation were the following: attorneys from the U.S. Department of Justice, headquartered in Washington, D.C.; attorneys for the intervenor oil companies, headquartered in Houston and Dallas, Texas; and the Oenga heirs. I also attended the mediation, and my law office was in Bellevue, Washington. In light of the above participants, the mediation could have taken place in San Francisco; in Washington, D.C.; in Houston or Dallas; or in Bellevue or Seattle. It took place in Fairbanks only because the Oenga heirs could not afford to travel to those other locations.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 30th day of June, 2021, at Priest Lake, Idaho.

/s/ Raymond C. Givens

**Certificate of Service**
I hereby certify that on June 30, 2021,
a copy of the foregoing document was served electronically
through the ECF system as indicated on the Notice of Electronic Filing.

By:    /s/ Carrie Sisson
      Carrie Sisson

DECLARATION OF RAYMOND C. GIVENS
*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska, Case No. 3:21-cv-00008-HRH     Page 4 of 4