IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

RAYMOND C. GIVENS,  )
                    Plaintiff,  )
vs.  )
LEROY OENGA, JR.,  )  No. 3:21-cv-0008-HRH
                    Defendant.  )

# O R D E R

## Motion for Confidentiality Order[1]

Plaintiff moves for a confidentiality order with respect to documents he anticipates being relevant to this case. The motion is opposed.[2] Oral argument has not been requested and is not deemed necessary.

By a proposed confidentiality order, plaintiff seeks to control the determination of which, if any, documents relevant to this case should be treated as confidential. Defendant argues that documents which may be the subject of a confidentiality designation by plaintiff belong to defendant, not plaintiff. Defendant apparently believes that plaintiff is endeavoring to prevent Oenga family members from having access to documents relevant to this case.

---

[1] Docket No. 28.

[2] Docket No. 31.

ORDER – Motion for Confidentiality Order    - 1 -

Case 3:21-cv-00008-HRH   Document 38   Filed 06/30/21   Page 1 of 3

Ownership of records relevant to this case is not really the issue here. Indeed, defendant recognizes that some documents relative to this case contain express confidentiality clauses, and that those documents should be treated as confidential.

The court doubts that there is need or good cause for the kind of open-ended confidentiality agreement which plaintiff seeks. Plainly there are documents relevant to this case which should be treated as confidential.

Plaintiff's motion for a confidentiality agreement is denied. That said, records such as the 2011 amendment to BIA Lease No. F-89-01 and the lease agreement[3] contain express confidentiality clauses. Both parties shall maintain the confidentiality of such records, and such documents may be publicly filed as needed in redacted form only, and filed under seal without redaction. There is a virtual certainty that there will be other records relevant to this case which should be treated as confidential.[4] The parties shall protect the confidentiality of all such documents and papers filed with the court by making appropriate redacted and sealed filings.

Counsel for plaintiff shall compile a list of documents which plaintiff believes should be treated as confidential for purposes of this case. Counsel shall then meet and confer for purposes of reaching as many agreements as possible with respect to records that should be treated as confidential in the fashion set out above. If, and to the extent that counsel disagree (now or in the future), the court will entertain plaintiff's motion to seal,

---

[3] See Plaintiff's Reply at 2, Docket No. 34.

[4] See id. at 4.

using the joint motion procedure specified with respect to discovery motions in the court's scheduling and planning order.[5]

The parties shall report the results of their conference with respect to confidentiality designations by **July 21, 2021**.

DATED at Anchorage, Alaska, this  30th  day of June, 2021.

/s/   H. Russel Holland
United States District Judge

---

[5]Docket No. 22.