WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

RAYMOND C. GIVENS, )
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　　)
vs. )
　　　　　　　　　　　　　　　　　　　　)
LEROY OENGA, JR., )
　　　　　　　　　　　　　　　　　　　　)　　No. 3:21-cv-0008-HRH
　　　　　　　　　Defendant. )
_____)

O R D E R

Motion for Reconsideration[1]

Defendant moves for reconsideration of the court's order of June 9, 2021.[2] The motion is opposed by plaintiff,[3] and defendant has replied.[4] Oral argument has not been requested and is not deemed necessary.

Local Rule 7.3(h) makes provision for the filing of motions for reconsideration. The rule provides that:

---

　　[1]Docket No. 32.

　　[2]Docket No. 30.

　　[3]Docket No. 36.

　　[4]Docket No. 40.

ORDER – Motion for Reconsideration　　　　　　　　　　　　　　　　　　　　　　　　　- 1 -

> (1) A court will ordinarily deny a motion for reconsideration absent a showing of one of the following:
>
> > (A) manifest error of the law or fact;
> >
> > (B) discovery of new material facts not previously available; or
> >
> > (C) intervening change in the law.

After initial consideration of the motion for reconsideration, and pursuant to Local Rule 7.3(h)(3)-(4), the court requested a response to the motion for reconsideration and made provision for a reply memorandum.

In denying defendant's motion to dismiss, the court prefaced its ruling by expressly telling the parties that "based on the facts that are presently before the court, the court concludes that the material portion of the legal services that plaintiff provided to the Oenga heirs was not rendered in the state of Alaska."[5] In his motion for reconsideration, defendant has put before the court significant factual information that was not before the court when defendant's motion to dismiss was ruled upon. Defendant contends that the following facts, which are undisputed, are newly discovered:

(1) The June 23, 2011, mediation and signing of the confidential term sheet occurred in Fairbanks, Alaska, with Mr. Givens present in the State of Alaska.[6]

---

[5]Order (Motion to Dismiss) at 6 (June 9, 2021), Docket No. 30 (emphasis omitted).

[6]Motion for Reconsideration at 3, Docket No. 32 (emphasis omitted).

(2) The signatures on the Contingency Fee Contract First Amendment are dated August 5, 2011, and occurred in Fairbanks, Alaska, with Mr. Givens present in the State of Alaska.[7]

(3) The signatures of the Heirs on the Fee/Cost Reduction Agreement and the 2012 Settlement Agreement are all dated May 24, 2012, and occurred in Fairbanks, Alaska, with Mr. Givens present.[8]

Responding to the motion for reconsideration, plaintiff argues that the foregoing facts are not newly discovered evidence that was previously unavailable to defendant. Defendant's reply[9] is unconvincing. Based upon plaintiff's declaration,[10] the court finds that the evidence put before the court for the first time in plaintiff's motion for reconsideration is not newly discovered. That information was known by defendant because of his participation in the proceedings which took place in Fairbanks, Alaska. But, in light of the long history of the litigation underlying this case, and in consideration of the fact that defendant certainly had no motive to withhold the above information from the court, the court finds that it would be manifestly unjust for the court to refuse to consider the facts put before the court in defendant's motion for reconsideration.

Defendant's motion for reconsideration is granted. Defendant's motion to dismiss[11] is reinstated and an amended order will be entered in due course and after full consideration

---

[7]Id.

[8]Id. at 4. See also, Declaration of Counsel at 2, ¶ 5, appended to Motion for Reconsideration [etc.], Docket No. 32.

[9]Reply to Opposition to Motion for Reconsideration [etc.] at 5, Docket No. 40.

[10]Docket No. 37.

[11]Docket No. 17.

of all the evidence now before the court. The issue now before the court is: Was "no material portion" of plaintiff's legal work for the Oenga heirs rendered in Alaska? Alaska Bar Rule 34(c)(1).

DATED at Anchorage, Alaska, this 13th day of July, 2021.

/s/ H. Russel Holland
United States District Judge