WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

RAYMOND C. GIVENS, )
                                                                         Plaintiff, )
vs. )
LEROY OENGA, JR., )
                                                                          Defendant. ) No. 3:21-cv-0008-HRH

## AMENDED ORDER

Motion to Dismiss[1]

Defendant Leroy Oenga, Jr., moved to dismiss this case. The motion was opposed by plaintiff Raymond C. Givens.[2] By order of June 9, 2021,[3] the court denied defendant's motion to dismiss. Defendant sought reconsideration of the latter order.[4] After full briefing of the motion for reconsideration, the court entered its order of July 13, 2021, in which the motion for reconsideration was granted and defendant's motion to dismiss was reinstated.[5]

---

[1]Docket No. 17.

[2]Docket No. 20.

[3]Docket No. 30.

[4]Docket No. 32.

[5]Docket No. 41 at 3-4.

AMENDED ORDER – Motion to Dismiss                                             - 1 -

Background for June 9, 2021, Order

Plaintiff alleges that in 2003, he, as "an attorney doing business as Givens Law Firm, entered into a Contingency Fee Contract with the heirs of Andrew Oenga[,]" one of whom was defendant's father.[6] Plaintiff avers that at that time, he "was admitted to practice law in Washington State and Idaho...."[7]

Plaintiff alleges that "[t]he Contingency Fee Contract concerned the claims of the Oenga heirs against the U.S. Department of Interior, Bureau of Indian Affairs ('BIA'), for breach of its fiduciary duties to them in approving a lease of a restricted Native Allotment, located at Point Heald, east of Prudhoe Bay, Alaska...."[8] Plaintiff alleges that "[t]he Oenga heirs believed the rental payments approved by the BIA were too low. Under the Contingency Fee Contract, [p]laintiff was to be paid a percentage, on a sliding scale, of any increases in past and future rents he was to obtain from the Allotment."[9] Plaintiff alleges that in 2006, he "filed suit on behalf of the Oenga heirs in the Court of Federal Claims ('CFC') against the United States."[10]

Plaintiff alleges that "[a]fter years of intensive litigation, on February 8, 2011, the CFC issued its Final Decision and Judgment in favor of the Oenga heirs, awarding them substantial damages for the failure to collect proper past rents, and a substantial increase

---

[6] Complaint for Declaratory Judgment, Damages, and Specific Performance at 2, ¶ 6, Docket No. 1.

[7] Declaration of Raymond C. Givens at 1, ¶ 2, Docket No. 21.

[8] Complaint for Declaratory Judgment, Damages, and Specific Performance at 2, ¶ 6, Docket No. 1.

[9] Id.

[10] Id. at 3, ¶ 7.

in past and future rents from the Allotment."[11]  Plaintiff alleges that an appeal was taken, but the parties ultimately entered into mediation and reached a comprehensive settlement.[12]

Plaintiff alleges that in 2011 and 2012, the Contingency Fee Contract was amended, but that it continued to provide that "the contingency fee due on future rents ... remains due each year as a 25% fee of the total rent received each year due as compensation for the attorney's work in securing the increased rent amount."[13]

Plaintiff alleges that defendant's father passed away in March 2012 and "[h]is interest in the Allotment was probated by Administrative Law Judge ('ALJ') James Lee Yellowtail...."[14]  Plaintiff alleges that "[d]efendant was a party to the Probate Action, and there he signed and filed an affidavit, dated June 5, 2012, acknowledging that his inherited interest in the Allotment was subject to [p]laintiff's right, pursuant to the Contingency Fee Contract, as amended, to be paid 25% of [d]efendant's share of annual rents from the Allotment."[15]  Plaintiff alleges that in a 2013 decision, ALJ Yellowtail "held that [d]efendant's inherited interest in the Allotment is subject to [d]efendant's obligation to pay [p]laintiff's claim for attorney's fees[.]"[16]

---

[11]Id. at 3, ¶ 9.

[12]Id. at 3-4, ¶ 10.

[13]Id. at 4-5, ¶¶ 11-12.

[14]Id. at 6, ¶ 14.

[15]Id. at 6, ¶ 15.

[16]Id. at 7, ¶ 16.

AMENDED ORDER – Motion to Dismiss - 3 -

Plaintiff alleges that defendant initially complied with his obligations under the amended Contingency Fee Contract, but plaintiff alleges that he "did not receive, and has not received, payment from [d]efendant from his share of rent from the Allotment for calendar year 2020" or calendar year 2021.[17]

On January 19, 2021, plaintiff commenced this action, in which he asserts a breach of contract claim and claims for declaratory relief and specific performance for past and future payments due.[18]

Defendant's motion to dismiss based upon Alaska Bar Rule 39 is again before the court.

## Further Background

The mediation which followed the appeal of the Oenga heirs' successful CFC litigation took place on June 23, 2011. The mediation took place in Fairbanks, Alaska, and resulted in the execution of a confidential term sheet. Counsel from out of Alaska were present, representing the United States and oil company intervener. Also present, on behalf of the Oenga heirs, was plaintiff.[19]

On August 5, 2011, plaintiff and the Oenga heirs executed a Contingent Fee Contract First Amendment. The amended fee agreement was executed in Fairbanks,

---

[17]Id. at 7-9, ¶¶ 17-18, 20, 21.

[18]Docket No. 1.

[19]Exhibit A, Declaration of Counsel (Rachel B. Laussen), which is appended to Motion for Reconsideration of Order on Motion to Dismiss, Docket No. 32.

AMENDED ORDER – Motion to Dismiss - 4 -

Alaska. Plaintiff was present in Fairbanks for the execution of the amended fee agreement.[20]

A final settlement agreement and a fee/cost reduction agreement were executed by the parties to the litigation and by the Oenga heirs and plaintiff on May 24, 2012. Plaintiff was present in Fairbanks for the signing of these agreements.[21]

## Discussion

Alaska Bar Rule 39 provides:

> At the time of service of a summons in a civil action against his or her client for the recovery of fees for professional services rendered, an attorney will serve upon the client a written "notice of client's right to arbitrate or mediate," which will state:
>
> You are notified that you have a right to file a Petition for Arbitration of Fee Dispute or a Request for Mediation and stay this civil action. Forms and instructions for filing a Petition for Arbitration of Fee Dispute or a Request for Mediation and a motion for stay are available from the Alaska Bar Association, P.O. Box 100279, Anchorage, AK 99510-0279, or contact (907) 272-7469 for the Alaska Bar Association's street address. If you do not file the Petition for Arbitration of Fee Dispute or a Request for Mediation within twenty (20) days after your receipt of this notice, you will waive your right to arbitration or mediation.
>
> Failure to give this notice will be grounds for dismissal of the civil action.

Defendant argues that the Alaska Bar has jurisdiction over any attorney who appears, participates, or otherwise engages in the practice of law in Alaska. Defendant relies upon Alaska Bar Rule 34(c)(1), which provides:

---

[20]Exhibit B, Laussen Declaration, which is appended to Motion for Reconsideration of Order on Motion to Dismiss, Docket No. 32.

[21]Exhibit C, Laussen Declaration, which is appended to Motion for Reconsideration of Order on Motion to Dismiss, Docket No. 32.

> [a]ll disputes concerning fees charged for professional services or costs incurred by an attorney are subject to arbitration under these rules except for:
>
> (1) disputes where the attorney is also admitted to practice in another state or jurisdiction and (s)he maintains no office in the state of Alaska and no material portion of the legal services were rendered in the state of Alaska, unless (s)he appeared under Alaska Civil Rule 81[.]

There is no dispute that plaintiff was not and is not a member of the Alaska Bar Association. It is also undisputed that plaintiff never had an office in the State of Alaska and that he did not appear under Alaska Civil Rule 81. The dispute here is over whether a "material portion of the legal services [plaintiff provided to the Oenga heirs] were rendered in the state of Alaska." Alaska Bar Rule 34(c)(1).

The parties have not cited, nor did the court's independent research reveal, any authority providing guidance as to how to determine where legal services are rendered.

Defendant argues that the court should find that the mediation, the signing of the confidential term sheet, settlements, and fee agreements, which underlie plaintiff's complaint in this court, constitute a material portion of the legal services rendered by plaintiff for purposes of Alaska Bar Rule 34(c)(1). The court would formulate the issue before it somewhat differently: "Was 'no material portion' of plaintiff's legal work for the Oenga heirs rendered in Alaska?"[22]

Plaintiff argues that defendant has failed to show that a material portion of his legal work was rendered in Alaska. Plaintiff points out that the mediator was from California and that counsel for the United States and for the oil companies were all from outside Alaska. Plaintiff argues that the mediation could have taken place in various

---

[22]Order re Motion for Reconsideration at 4 (quoting Alaska Bar Rule 34(c)(1)), Docket No. 41.

cities outside Alaska.  Plaintiff points out that Alaska cases are often mediated in Seattle or elsewhere.  The foregoing does not answer the question before the court.  That the mediator and counsel for other parties came to Fairbanks from elsewhere is irrelevant for purposes of evaluating whether plaintiff's representation of the Oenga heirs at the mediation and for the execution of the settlement agreement constituted a material portion of plaintiff's legal services for the Oenga heirs.  Certainly the mediation and execution of settlement documents and fee agreements might have taken place outside of Alaska, but that is not what happened.

The word "material" means:  "[h]aving some logical connection with the consequential facts[.]"  Black's Law Dictionary (11th ed. 2019).  The facts of consequence here are that a mediation conducted in Fairbanks, Alaska, led to a settlement agreement executed in Fairbanks, Alaska, which preserved for the Oenga heirs a substantial monetary recovery that might have been lost through an appeal.  Plaintiff's presence in Fairbanks and negotiations on behalf of the Oenga heirs, through and including the execution of settlement and a fee agreement, have an obvious, logical connection to the consequential facts.

With an appeal pending as to the CFC judgment, the substantial recovery which the Oenga heirs hoped to receive was in jeopardy.  The mediation resulted in the recovery of substantial sums of past and future annual rent payments.  The mediation and settlement agreement assured the Oenga heirs of a favorable resolution of the litigation and were a material portion of the legal services rendered by plaintiff.  Those services were rendered in Alaska.

As set out above, Alaska Bar Rule 34(c)(1) provides that "[a]ll disputes concerning fees" are subject to arbitration unless "no material portion of the legal services were

rendered in the state of Alaska." Alaska Bar Rule 39 provides that an attorney suing a client for fees for professional services must provide his client with notice of the client's right to arbitrate or mediate. Because a material portion of plaintiff's legal services were rendered in the state of Alaska, plaintiff should have complied with the notice requirements of Alaska Bar Rule 39. It is undisputed that no such notice was given in this case. Thus, this case is subject to dismissal.

However, Alaska Bar Rule 39 does not expressly require dismissal. The rule states that "[f]ailure to give" the arbitration and mediation "notice will be grounds for dismissal." The rule does not provide that the court <u>must</u> dismiss an action for failure to give notice. Here, there is little to be gained by dismissal. Were the court to dismiss this case, it would do so without prejudice, which would mean that plaintiff could, and most certainly would, file another lawsuit and give defendant the appropriate notice regarding his right to arbitrate or mediate the fee dispute. In this case, a more practical solution will be to give defendant an opportunity to pursue arbitration or mediation as contemplated by Alaska Bar Rule 39, rather than dismissing the case without prejudice.

## Conclusion

On reconsideration, defendant's motion to dismiss is again denied. However, as provided for in Alaska Bar Rule 39, defendant has twenty days from the date of this order in which "to file a Petition for Arbitration or a Request for Mediation" and to file a motion for a stay of proceedings in this court pending resolution of a Petition for Arbitration or a Request for Mediation.

DATED at Anchorage, Alaska, this <u>21st</u> day of July, 2021.

/s/   H. Russel Holland
United States District Judge