Russell L. Winner
WINNER & ASSOCIATES, P.C.
900 W. 5th Avenue, Suite 700
Anchorage, AK 99501
Telephone: (907) 277-9522
Facsimile: (907) 277-4510
Email: rwinner@winnerlaw.com

Attorneys for Plaintiff Raymond C. Givens

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RAYMOND C. GIVENS,<br><br>    Plaintiff,<br><br>  v.<br><br>LEROY OENGA, JR.<br><br>    Defendant. | Case No. 3:21-cv-00008-HRH |

## PLAINTIFF'S MOTION FOR RECONSIDERATION

COMES NOW Plaintiff Raymond C. Givens, by his undersigned counsel, and moves, pursuant to Local Rule 7.3(h)(1)(A), that the Court reconsider its Amended Order, dated July 21, 2011.[1] Although the Court correctly denied Defendant's motion to dismiss this action, Plaintiff respectfully submits that, for the following reasons, the Court erred in granting Defendant leave to seek fee arbitration under the procedures of the Alaska Bar Association. The instant motion raises arguments not previously considered by the Court.

---

[1] Docket No. 42.

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska, Case No. 3:21-cv-00008-HRH      Page 1 of 5

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

## I. The Court Erred by Granting Defendant Leave to Seek Application of State Procedural Rules

The Court has diversity jurisdiction in this action. 28 U.S.C. § 1332. Under *Erie Railroad Company v. Tompkins,* 304 U.S. 64 (1938), and its progeny, although the Court is to apply state substantive law, the Court is required to apply federal, not state, procedural rules. *See generally* 19 Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE: JURISDICTION § 4508 The Erie Doctrine, Rules Enabling Act, and Federal Rules of Civil Procedure – Matters Covered by the Civil Rules (3rd ed. 2021). The operable effect of the Court's amended order would be to deny Plaintiff the right to a jury trial on factual issues that may be present in this action, which decisions of the Supreme Court say a federal court cannot do in a diversity case.

Rule 39 of the Federal Rules of Civil Procedure provides for the right to a trial by jury or by the Court.[2] The right to a jury trial is derived from the Seventh Amendment to the United States Constitution. As noted at 9 FEDERAL PRACTICE AND PROCEDURE CIVIL, § 2303 State Law Not Controlling (4th ed. 2021), "It now also is clear that federal law determines whether there is a jury trial right in a case involving state law that has been brought in federal court, and that state law on the subject is wholly irrelevant."

In *Simler v. Conner*, 372 U.S. 221, 222 (1963), the Supreme Court held that the right to a jury trial is a federal procedural right that must followed by federal district courts sitting in diversity, in the face of inconsistent state law:

> [T]he right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as

---

[2] A jury trial has been demanded by Defendant in this action. Docket No. 16.

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska, Case No. 3:21-cv-00008-HRH    Page 2 of 5

> other actions. The federal policy favoring jury trials is of historic and continuing strength. . . . Only through a holding that the jury-trial right is to be determined according to federal law can the uniformity in its exercise which is demanded by the Seventh Amendment be achieved.

Likewise, in *Byrd v. Blue Ridge Rural Electric Cooperative, Inc.*, 356 U.S. 525, 537-38 (1958), the Supreme Court held that the district court sitting in diversity could not apply a state law that denied a jury trial, which is an "essential characteristic" of the federal court system under the Seventh Amendment and Rule 39.

Here, Plaintiff has the right, under the Seventh Amendment and Rule 39 of the Federal Rules of Civil Procedure, to have any factual issues in this action decided by a jury presided over by this Court. The Court erred in granting Defendant leave to seek application of the state procedural rules of fee arbitration before the Alaska Bar Association.

## II. The Court Erred Because the Alaska Bar Association Lacks Jurisdiction over Plaintiff

Alaska Bar Rule 34 certainly could have been written more clearly. However, a careful reading of the rule shows that the Alaska Bar Association lacks jurisdiction over Plaintiff to require fee arbitration.

Under Alaska Bar Rule 34(d), titled Attorney Jurisdiction, fee arbitration can be required only if the attorney either is admitted to the practice of law in Alaska or "engages in the practice of law in this state." The "material portion" standard for fee arbitration of Bar Rule 34(c)(1)—which was the subject of prior briefing, and upon which the Court rested its amended order—applies only to an attorney who *both* is a

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska, Case No. 3:21-cv-00008-HRH    Page 3 of 5

Case 3:21-cv-00008-HRH    Document 44    Filed 07/26/21    Page 3 of 5

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

member of the Alaska Bar Association and is "*also* admitted to practice in another state or jurisdiction." (Emphasis added.) Any other reading of Rule 34(c)(1) would render the word "also" superfluous or nonsensical.

Plaintiff was a member of the bar associations of Washington State and Idaho, but he was and is not a member of the Alaska Bar Association. Accordingly, the "material portion" standard of Bar Rule 34(c)(1) does not apply to him. Instead, the fee arbitration procedure of the Alaska Bar Association would apply to Plaintiff only if he engaged in the practice of law in Alaska, under Bar Rule 34(d).

What constitutes the "practice of law" in this state is governed by Alaska Rule of Professional Conduct 5.5. Rule of Professional Conduct 5.5(c)(2) provides that an attorney not admitted to the Alaska Bar Association may nonetheless provide legal services on a temporary basis in this state if those services are reasonably related to a proceeding pending elsewhere. The Comment to that rule states that such in-state conduct can include "meetings with the client." Likewise, Rule of Professional Conduct 5.5(c)(3) provides as that an attorney not admitted to the Alaska Bar Association may nonetheless participate in a mediation in this state regarding a matter pending outside this state.

In short, an attorney is not "engaged in the practice of law in this state," under Alaska Bar Rule 34(d), simply because a "material portion" of his or her legal services took place in this state, under Alaska Bar Rule 34(c)(1). Thus, it is not enough that

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska, Case No. 3:21-cv-00008-HRH     Page 4 of 5

Case 3:21-cv-00008-HRH   Document 44   Filed 07/26/21   Page 4 of 5

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Plaintiff met with the Oenga heirs in Alaska to sign documents or participated in a mediation in this state. Because Plaintiff has not engaged in the practice of law in this state, the Alaska Bar Association lacks jurisdiction over Plaintiff, under Alaska Bar Rule 34(d), to require fee arbitration of his claims against Defendant.

This conclusion is supported by practical considerations. Plaintiff's claims against Defendant concern complex matters of federal Indian law, and Plaintiff seeks a judgment of specific performance involving Defendant's instructions to a federal agency. It would be asking too much of a panel of volunteer attorneys and lay persons to rule on these matters, even if they were to receive some payment for their time. Further, the panel would lack the authority to order all the relief sought by Plaintiff. Instead, these are matters that should be decided by this Court, but the Court's amended order has not retained jurisdiction over any of these issues.

Dated this 26th day of July, 2021, at Anchorage, Alaska.

WINNER & ASSOCIATES, P.C.
Attorneys for Plaintiff Raymond C. Givens

By:   /s/ Russell L. Winner
        Russell L. Winner
        Alaska Bar No. 4811179

**Certificate of Service**
I hereby certify that on July 26, 2021,
a copy of the foregoing document was served electronically
through the ECF system as indicated on the Notice of Electronic Filing.
By:   /s/ Carrie Sisson
        Carrie Sisson

*Raymond C. Givens v. Leroy Oenga, Jr.*,
U.S. District Court for the District of Alaska, Case No. 3:21-cv-00008-HRH    Page 5 of 5

Case 3:21-cv-00008-HRH   Document 44   Filed 07/26/21   Page 5 of 5