Russell L. Winner
WINNER & ASSOCIATES, P.C.
900 W. 5th Avenue, Suite 700
Anchorage, AK 99501
Telephone: (907) 277-9522
Facsimile: (907) 277-4510
Email: rwinner@winnerlaw.com

Attorneys for Plaintiff Raymond C. Givens

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RAYMOND C. GIVENS,<br><br>    Plaintiff,<br><br>  v.<br><br>LEROY OENGA, JR.<br><br>    Defendant. | Case No. 3:21-cv-00008-HRH |

## CORRECTED DECLARATION OF RAYMOND C. GIVENS

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1.    I am the Plaintiff in this action. I make this declaration to correct a portion of my declaration, dated and filed with the Court on May 10, 2021. Docket No. 21.

2.    At paragraph 5 of my May 10th declaration, I did my best to remember a telephone call that I made to the Alaska Bar Association approximately fifteen years ago regarding when I might need to associate with local Alaska counsel in representing

CORRECTED DECLARATION OF RAYMOND C. GIVENS
*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska, Case No. 3:21-cv-00008-HRH    Page 1 of 4

Case 3:21-cv-00008-HRH   Document 46   Filed 08/02/21   Page 1 of 4

the Oenga heirs. I did not recall the date of the call or with whom I spoke, and I did not keep notes of that discussion. I now realize that I misremembered several aspects of it.

3. After making my declaration, I asked my attorney to contact the person who was Alaska Bar Counsel at the time of my call to see if I had spoken with him and, if so, if he had a memory or record of our conversation. My attorney recently spoke with Steve Van Goor, retired Alaska Bar Counsel who has moved to Arizona, and he kindly searched for and provided a copy of his notes of my telephone discussion with him on April 11, 2006. A copy of Van Goor's notes is attached as **Exhibit 1**. I have no reason to doubt the accuracy of those notes.

4. Having read Van Goor's notes, I now have a better recollection of my call to the Alaska Bar Association. At that time, I was considering filing suit on behalf of the Oenga heirs against the United States and/or the oil companies, but I had not decided when, where, or even whether to do so. The quandary at that time was how to structure a remedy that provided relief for both *past* (monetary) and *future* (injunctive) relief against both the trustee United States and the lessee oil companies; given the jurisdictional limitations of the United States Court of Federal Claims ("CFC") (limited jurisdiction over private party defendants), and the United States District Court (jurisdiction over United States regarding *future* rents, but very limited jurisdiction over *past* rents). There was also the possibility of actions before various state and federal administrative entities.

CORRECTED DECLARATION OF RAYMOND C. GIVENS
*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska, Case No. 3:21-cv-00008-HRH  Page 2 of 4

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

5. I had called the Alaska Bar Association to learn generally what the Alaska Bar considered to be the practice of law in Alaska and when association with local Alaska counsel would be required. As reflected in Van Goor's notes, he and I talked about my appearing on behalf of the Oenga heirs before the Alaska Oil and Gas Conservation Commission to request documents filed there by the oil companies. He said I could do that even though I was not admitted to the Alaska Bar and had not associated with local Alaska counsel. Van Goor said, however, that I could not hold myself out as an Alaska lawyer, and he confirmed my understanding that if I filed litigation on behalf of the Oenga heirs against the oil companies in the state or federal courts in Alaska, I would have to associate with local Alaska counsel.

6. Two to three months after my discussion with Van Goor, I decided not to file suit against the oil companies in the state or federal courts in Alaska. Instead, I filed suit against the Bureau of Indian Affairs in the CFC, in Washington, D.C., and I encouraged the oil companies to intervene. That CFC complaint, filed on June 30, 2006, is attached as **Exhibit 2**. The oil companies later intervened in the CFC action.

7. Under the rules of the CFC, I was not required to associate with Alaska counsel to be admitted to practice before that court. See Rule 83.1(b)(1), Rules of the United States Court of Federal Claims, as amended through November 15, 2007, which is attached as **Exhibit 3**.

CORRECTED DECLARATION OF RAYMOND C. GIVENS
*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska, Case No. 3:21-cv-00008-HRH    Page 3 of 4

Case 3:21-cv-00008-HRH    Document 46    Filed 08/02/21    Page 3 of 4

8.  In all other respects, my declaration of May 10, 2021, is complete and accurate.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 2nd day of August, 2021, at Priest Lake, Idaho.

/s/ Raymond C. Givens

**Certificate of Service**
I hereby certify that on August 2, 2021,
a copy of the foregoing document was served electronically
through the ECF system as indicated on the Notice of Electronic Filing.

By:   /s/ Carrie Sisson
         Carrie Sisson

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

CORRECTED DECLARATION OF RAYMOND C. GIVENS
*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska, Case No. 3:21-cv-00008-HRH   Page 4 of 4

Case 3:21-cv-00008-HRH   Document 46   Filed 08/02/21   Page 4 of 4