# RULES OF THE UNITED STATES COURT OF FEDERAL CLAIMS

As amended through November 15, 2007



Case 3:21-cv-00008-HRH   Document 46-3   Filed 08/02/21   Page 1 of 4

Exhibit 3
Page 1 of 4

permitted by this court's jurisdiction, shall be consistent with the FRCP and shall conform to any uniform numbering system prescribed by the Judicial Conference of the United States. A rule takes effect on the date specified by the court and remains in effect unless amended by the court. Copies of rules and amendments shall be made available to the public.

**(b) Procedures When There Is No Controlling Law.** A judge may regulate practice in any manner consistent with federal law or rules adopted under 28 U.S.C. § 2072 or 2503(b). No sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law, federal rules, or these rules, unless the alleged violator has been furnished in the particular case with actual notice of the requirement.

(As revised and reissued May 1, 2002.)

### Rules Committee Note
### 2002 Revision

RCFC 83 is modeled after FRCP 83. The rule recognizes the court's rule-making authority as set forth at 28 U.S.C. § 2503, as well as the assigned judge's authority to regulate practice in an individual case, so long as that practice is consistent with federal law and rules.

### Rule 83.1 Attorneys

**(a) Attorneys Eligible to Practice.** Only attorneys who are members of the bar of this court and who comply with these rules may enter an appearance, file pleadings, and practice in this court, provided that any attorney admitted to practice before the highest court of any state, territory, possession, or the District of Columbia may participate *pro hac vice* in any proceeding at the request of and in the presence of the attorney of record for a party to the proceeding, or otherwise with the approval of the court. All attorneys who were members in good standing of the bar of the United States Court of Claims are eligible to practice herein. See RCFC 83.1(c)(2) concerning authorization to sign filings.

**(b) Admission to Practice.**

**(1) Qualifications; Oath.** Any person of good moral character who has been admitted to practice before the Supreme Court of the United States, the United States Court of Appeals for the Federal Circuit, or the highest court of any state, territory, possession, or the District of Columbia, and is in good standing therein, may be admitted to practice before this court upon oral motion or by verified application, as provided in this rule, and upon taking or subscribing to the following oath: I, _____, do solemnly swear (or affirm) that I will support the Constitution of the United States and that I will conduct myself in an upright manner as an attorney of this court.

**(2) Upon Oral Motion.**

**(A) In Washington, DC.** An oral motion for admission may be made by a member of the bar of this court before any judge of this court, and the judge or the clerk shall administer the oath. Motions for admission will be heard monthly on the dates posted on the court's website, generally Thursday of the first full week in each month. Applicants for admission must appear in the clerk's office no later than 9:30 a.m. to pay the admission fee and fill out the necessary papers. Motions will be heard promptly at 10:00 a.m. at the National Courts Building, 717 Madison Place, NW, Washington, DC 20005, in a courtroom posted in the lobby on the day scheduled for hearing the motions. Applicants who for special reasons are unable to appear for admission on one of the posted dates should contact the clerk's office to make appropriate arrangements.

**(B) Outside Washington, DC.** An oral motion for admission may be made by a member of the bar of this court before a judge of this court outside Washington, DC, who shall administer the oath. As a preliminary to the motion, the attorney who moves the admission shall submit to the judge the appropriate form obtained from the judge and completed by the applicant. In the absence of an oral motion for admission in conformity with this subdivision, the applicant may advise the judge of the

77

applicant's qualifications as set forth in subdivision (b)(1). Upon consideration thereof, and upon representation by the attorney that such attorney will promptly apply to the clerk for admission by verified application as provided in subdivision (b)(3), the judge may permit the applicant to participate in the particular proceeding.

**(3) By Verified Application.** Without need for appearing in person, admission may be made upon presentation to the clerk of a verified application showing that the applicant is possessed of the qualifications described in subdivision (b)(1). See Appendix of Forms, Form 1. The application shall be accompanied by: (A) a certificate of a judge or of the clerk of any of the courts specified in subdivision (b)(1) indicating that the applicant is a member of the bar of such court and is in good standing therein; (B) two letters or signed statements of members of the bar of this court or of the Supreme Court of the United States, not related to the applicant, affirming that the applicant is personally known to them, that the applicant possesses all the qualifications required for admission to the bar of this court, that they have examined the application, and that the applicant's personal and professional character and standing are good; and (C) an oath in the form prescribed in subdivision (b)(1) signed by the applicant and administered by an officer authorized to administer oaths in the state, territory, possession, or the District of Columbia, where the oath is administered, or as permitted by 28 U.S.C. §1746.

**(4) Fee for Admission.** Unless the applicant is employed by this court or is an attorney representing the United States before this court, an admission fee shall be paid in accordance with the schedule referenced in RCFC 77.1. The scheduled admission fee shall incorporate an additional $100.00, over and above the fee amount prescribed by the Judicial Conference of the United States pursuant to 28 U.S.C. § 1926(a). The clerk shall deposit this additional amount to the credit of a fund to be used by the court for the benefit of the members of the bench and the bar in the administration of justice.

**(5) Admission of Foreign Attorneys.** An attorney, barrister, or advocate who is qualified to practice in the highest court of any foreign state may be specially admitted for purposes limited to a particular case. Such attorney, barrister, or advocate shall not, however, be authorized to act as attorney of record. In the case of such applicants, the oath shall not be required and there shall be no fee. Such admission shall be only on written motion of a member of the bar of this court, filed with the clerk at least 3 days prior to the consideration of the motion by the court.

**(c) Attorneys of Record.**

**(1) One for Each Party.** There shall be but one attorney of record for a party in any case at any one time, and such attorney of record shall be an individual (and not a firm) who has been admitted to practice before this court. Any other attorneys assisting the attorney of record shall be designated as "of counsel."

**(2) Authorization to Sign Filings.** Any attorney who is a member of the bar of this court may sign any filing in the attorney of record's name. An attorney who signs the name of the attorney of record shall so indicate by adding the following after the name of the attorney of record: "by [the signing attorney's full name]." Authorization to sign filings shall not relieve the attorney of record from the provisions of RCFC 11.

**(3) Appearance.** For parties other than the United States, the attorney of record shall include on the initial pleading or paper said attorney's name, address, telephone number, and facsimile number. For the United States the attorney who is to appear as the attorney of record shall, promptly after service of the complaint, file with the clerk and serve on all other parties a notice of appearance setting forth the identical information. The attorneys of record for all parties shall promptly file with the clerk and serve on all other parties a notice of any change in address.

**(4) Change by Parties Other than the United States.** A party other than the United

States may by leave of court on motion change the party's attorney at any time. The motion may be signed by said party in person or by the newly designated attorney accompanied by an affidavit of appointment executed by such attorney. If the consent of the previous attorney of record is annexed to or endorsed on the motion, substitution shall be accomplished by an appropriate entry on the docket by the clerk. When the motion is not thus shown to have the consent of the previous attorney, such attorney shall be served with the motion and shall have 14 days to show cause why the motion should not be allowed.

**(5) Change by the United States.** A new notice of appearance shall be filed and served on all parties by the United States whenever a case is reassigned to another attorney.

**(6) Withdrawal of Attorney.** No attorney of record for a plaintiff or a third party may withdraw such attorney's appearance except by leave of the court on motion and after notice is served on such attorney's client.

**(7) Death of Attorney.** If the attorney of record dies, a suggestion of such attorney's death shall be made, and a motion to substitute another attorney admitted to practice before this court may be made by the plaintiff.

**(8) Unrepresented Party.** An individual may represent oneself or a member of one's immediate family as a party before the court. Any other party, however, must be represented by an attorney who is admitted to practice in this court. A corporation may only be represented by counsel. The terms counsel or attorney in these rules shall include unrepresented parties.

**(d) Honorary Membership.** Honorary membership in the bar of the court may be granted from time to time to distinguished professionals of the United States or of other nations who are knowledgeable in the affairs of law and government in their respective countries. After nomination by the chief judge and approval by the court, the candidate for honorary membership will be presented at the bar in person. A certificate of honorary membership in the bar will be presented to the person so honored.

(As revised and reissued May 1, 2002; as amended August 2, 2005, June 20, 2006.)

### Rules Committee Notes
### 2002 Revision

RCFC 83.1 has no FRCP counterpart. Former RCFC 83.1, titled "Content of Briefs or Memoranda; Length of Briefs or Memoranda," has been renumbered as RCFC 5.2. The renumbering of RCFC 83.1 was intended to reflect its more logical placement in the organizational structure of this court's rules.

The substance of the rule reflects the text of former RCFC 81, as modified. Paragraph (2) of subdivision (c) (formerly paragraph (d)(2) of RCFC 81) was amended to formalize the court's practice of allowing joint filings to be signed by one counsel, on behalf of both counsel, when authorized to do so by opposing counsel. Also, subdivision (e) of former RCFC 81 (relating to attorneys' fees and expenses) was not retained as part of this rule but was, instead, incorporated into RCFC 54(d)(2).

In addition, former General Order No. 15, titled "Honorary Bar Membership," was slightly modified and moved to new subdivision 83.1(d).

### 2005 Amendment

RCFC 83.1(b)(4) (Fee for Admission) has been amended to set forth the practice, under guidelines approved by the Judicial Conference of the United States, of adding an amount to the admission fee set pursuant to 28 U.S.C. § 1926(a) for deposit into a fund to be used by the court for the benefit of the members of the bench and the bar in the administration of justice.

### 2006 Amendment

Subdivision 83.1(b)(2)(A) (Admission to Practice Upon Oral Motion) has been amended to provide some flexibility respecting when motions for admission to practice will be heard upon oral motion.

**Rule 83.2 Rules of Disciplinary Enforcement**
The United States Court of Federal Claims, in