

840 K Street, Suite 100
Anchorage, AK 99501
Phone: 907/272-7469 or Fax: 907/272-2932
www.@alaskabar.org

August 16, 2021

Russell L. Winner                       Rachel Lauesen
Winner & Associates                     Lauesen Law Team
900 West 5th Avenue, Suite 700          521 West 41st Avenue, Suite 102
Anchorage, AK 99501                     Anchorage, AK 99503
Via email: rwinner@winnerlaw.com        Rachel@LauesenLaw.com

Dear Mr. Winner and Ms. Lauesen:

I write this letter in response to correspondence that I received from each of you concerning the matter of <u>Givens v. Oenga, Jr</u>, Case No. 3:21-cv-0008-HRH. I received a letter from Mr. Winner, dated August 4, 2021, along with attachments (212 pages), a letter from Ms. Lauesen, dated August 6, 2021, along with attachments (112 pages), and a letter from Mr. Winner, dated August 9, 2021, along with attachments (40 pages). Ms. Lauesen also sent me a copy of her client's Opposition to Motion for Reconsideration filed at Dkt. 47 in the above-referenced matter (12 pages including attachment) and, finally, Mr. Winner sent me a copy of his client's Reply to that Opposition filed at Dkt. 49 (6 pages).

In Mr. Winner's August 4, 2021 letter, he wrote: *"[T]he question presented is this: Does the interplay of Bar Rule 34(c)(1) with Bar Rule 34(d) and Alaska Code [sic] of Professional Conduct 5.5 give the Alaska Bar Association jurisdiction over Givens to require fee arbitration in this case?"* Ms. Lauesen posited that Mr. Winner's question expanded Judge Holland's Order, which advised that the parties should "consult and consider seeking an opinion from bar counsel with respect to the interpretation of Alaska Bar Rule 34(c)(1)." While I will presently leave it to Judge Holland to decide the factual question of whether Givens engaged in the practice of law in Alaska, I will provide the parties with my interpretation of the relevant Bar Rule and how Alaska Rule of Professional Conduct 5.5 might apply in this context.

The Alaska Supreme Court first adopted a system of mandatory attorney fee arbitration in 1974.[1] The rules governing fee arbitration have been amended several times since then, but Bar Rules 34(c)(1) and 34(d) have remained essentially unchanged since they were first adopted in 1987.[2]

The general jurisdictional rule for fee arbitration is contained in Alaska Bar Rule 34(d), which provides:

> **Attorney Jurisdiction**. Any attorney admitted to the practice of law in Alaska, or any other attorney who appears, participates or otherwise engages in the practice of law in this state, unless exempted under Section (c)(1) of this rule, is subject to the jurisdiction of the courts of this state, the Board of Governors of the Alaska Bar Association, and these rules of attorney fee dispute resolution.

Bar Rule 34(d), therefore, subjects two sets of attorneys to the jurisdiction of the courts, the Board of Governors and the rules of attorney fee dispute resolution:

> (1) any attorney admitted to practice law in Alaska, or
> (2) any other attorney who appears, participates or otherwise engages in the practice of law in this state.

However, Rule 34(d) also recognizes that those attorneys may, in certain circumstances, be exempted under Bar Rule 34(c)(1).

Bar Rule 34(c)(1) provides:

> **Fee Disputes Subject to Arbitration**. All disputes concerning fees charged for professional services or costs incurred by an attorney are subject to arbitration under these rules except for:
>
> > (1) disputes where the attorney is also admitted to practice in another state or jurisdiction and (s)he maintains no office in the state of Alaska and no material portion of the legal

---

[1] Supreme Court Order ["SCO"] 176.
[2] First adopted by SCO 780; the phrase "or costs incurred" was added to the introductory paragraph of Bar Rule 34(c) in 1991 (SCO 1044), otherwise, these two provisions have remained the same.

Page | 2

services were rendered in the state of Alaska, unless (s)he appeared under Alaska Civil Rule 81….

From the materials provided to me, I am aware that Oenga, Jr. ["Oenga"] filed a motion to dismiss the case, alleging that Givens failed to provide Bar Rule 39's required "notice of client's right to arbitrate or mediate." [Dkt. 17] That motion cited to both Bar Rule 34(d) and 34(c). In opposing the motion, Givens focused on Bar Rule 34(c)(1) and argued that he was exempt under Bar Rule 34(c)(1) from the mandatory fee-arbitration provisions of Bar Rule 39. [Dkt. 20 at pp 2-3] As a result, the focus of Oenga's reply brief [Dkt. 23] and the court's Order denying the motion to dismiss [Dkt. 30], focused on Bar Rule 34(c)(1) and whether "no material portion of the legal services were rendered in the state of Alaska." Because the court concluded that Givens services were not "rendered in the state of Alaska" [Dkt. 30, p. 6, emphasis in original], Oenga's motion was denied.

Oenga moved to reconsider [Dkt. 32] and provided information to the court that demonstrated, inter alia, that Givens had traveled to Alaska on multiple occasions, participated in a mediation in Fairbanks while the underlying matter was on appeal, and assisted his clients in reaching a settlement agreement which was signed in Fairbanks while Givens was present. After considering Givens' opposition and Oenga's reply, the court granted reconsideration and stated: "The issue now before the court is: Was 'no material portion' of plaintiff's legal work for the Oenga heirs rendered in Alaska? Alaska Bar Rule 34(c)(1)." [Dkt. 41, p. 4] The court subsequently issued a second Order on Oenga's motion to dismiss. [Dkt. 42] The court still denied the motion to dismiss, but found that a material portion of Givens' legal services were rendered in Alaska and that Bar Rule 39's notice should have been provided. [Dkt. 42, p. 8] The court ordered Oenga to file a petition for arbitration or request for mediation within 20 days of the Order and invited a motion to stay the proceedings pending resolution of said petition.

Givens then moved to reconsider that Order, now arguing that Bar Rule 34(c)(1) does not apply to this case because, he submits, the Rule only applies to lawyers licensed in Alaska and also licensed in another jurisdiction. [Dkt. 44] Givens argued that only Bar Rule 34(d) applied and the fee arbitration rules would only apply to him "if he engaged in the practice of law in Alaska." [Dkt. 44, p. 4] The remainder of Givens' argument will be discussed below.

As a result of that motion to reconsider, Judge Holland issued an Order allowing Oenga to respond and Givens to reply, and also asked the parties to consult with bar counsel with respect to the interpretation of Bar Rule 34(c)(1). [Dkt. 45] The parties subsequently contacted undersigned and provided the materials described above.

## Alaska Rule of Professional Conduct 5.5 (c)

In his motion to reconsider and/or in his letters to me, Mr. Winner has cited to Alaska Rule of Professional Conduct 5.5, submitting that Givens was providing legal services on a temporary basis under Rule 5.5(c)(2) or (c)(3). That rule provides, in pertinent part:

> **Rule 5.5. Unauthorized Practice of Law; Multijurisdictional Practice of Law.**
>
> (c) A lawyer admitted in another United States jurisdiction, and not disbarred or suspended from practice in any jurisdiction, may provide legal services on a temporary basis in this jurisdiction that:
> . . .
> (2) are in or reasonably related to a pending or potential proceeding before a tribunal in this or another jurisdiction, if the lawyer, or a person the lawyer is assisting, is authorized by law or order to appear in that proceeding or reasonably expects to be so authorized;
>
> (3) are in or reasonably related to a pending or potential arbitration, mediation, or other alternative dispute resolution proceeding in this or another jurisdiction, if the services arise out of or are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted to practice and are not services for which the forum requires pro hac vice admission;

As shown above, ARPC 5.5 is entitled "Unauthorized Practice of Law; Multijurisdictional Practice of Law." Rule 5.5 does not purport to define what constitutes the practice of law in Alaska, but instead, it defines what would constitute the **unauthorized** practice of law.[3] When the Alaska

---

[3] Comment 2 to ARPC 5.5 provides: "The definition of the practice of law is established by law and varies from one jurisdiction to another. Whatever the

Supreme Court initially adopted the Alaska Rules of Professional Conduct in 1993, Rule 5.5 was entitled "Unauthorized Practice of Law" and read as follows:

> A lawyer shall not:
> (a) practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction; or
> (b) assist a person who is not a member of the bar in the performance of activity that constitutes the unauthorized practice of law.

When the Court rescinded and repromulgated the Rules in 2009,[4] current Rule 5.5(c) was adopted, the title of the Rule was changed, and it now authorized non-Alaska lawyers to provide temporary legal services in Alaska, i.e. engage in the multijurisdictional practice of law, so long as those legal services fit within one of the exceptions provided in 5.5(c)(1)-(4) or (d). As a result, Rule 5.5(c) may, indeed, establish that Givens did not engage in the **unauthorized** practice of law in Alaska, but it does not establish that he did not engage in the practice of law in Alaska. Mr. Winner asserts that Givens provided legal services on a temporary basis here in Alaska under ARPC 5.5(c). If true, in my opinion, it is clear that he was engaging in the practice of law in Alaska.[5] It is difficult to imagine how a lawyer could be providing legal services – even if temporary – without engaging in the practice of law. Clearly, Givens did not run afoul of the prohibition against engaging in the *unauthorized* practice of law, but he appears to have engaged in the practice of law.

My opinion is supported by two of the official Comments to ARPC 5.5. The third Comment from the end reads: "A lawyer *who practices law in this jurisdiction pursuant to paragraphs (c)* and (d) or otherwise is subject to the disciplinary authority of this jurisdiction. *See* Rule 8.5(a)." (emphasis added). Similarly, the very next Comment provides, in part: "In some

---

definition, limiting the practice of law to members of the bar protects the public against rendition of legal services by unqualified persons."

[4] SCO 1680.

[5] Bar Rule 15(b) provides a definition of "practice of law" for purposes of disbarred or suspended attorneys and that definition includes "appearing on behalf of a client in any hearing or proceeding or before any judicial officer, arbitrator, mediator, court …." Bar Rule 15(b)(1)(C). While that Rule is not directly applicable to a lawyer practicing under ARPC 5.5(c), that definition demonstrates the types of activities the Alaska Supreme Court considers to constitute the practice of law.

Page | 5

circumstances, a lawyer *who practices law in this jurisdiction pursuant to paragraphs (c)* or (d) ...." (emphasis added). Thus, both Comments support that an attorney, not licensed in Alaska, who provides legal services on a temporary basis under ARPC 5.5(c), is practicing law in Alaska when they do so.

## Bar Rule 34(d), Bar Rule 34(c)(1) and ARPC 5.5

The Alaska Supreme Court has not been called upon to interpret Bar Rule 34(c)(1) and whether that exemption would apply in a situation like the present case. While I tend to agree with Mr. Winner's statement that "Bar Rule 34 could have been written more clearly" [Dkt. 44, p. 3], I do not agree that 34(c)(1) was written to only provide an exemption for a lawyer who was licensed in Alaska and in another jurisdiction. I agree, however, that the word "also" can be said to support that argument. However, the last clause of Bar Rule 34(c)(1) – "unless (s)he appeared under Alaska Civil Rule 81" – suggests that the Rule was also meant to provide an exemption for an out-of-state attorney who did not provide any material portion of their legal services in Alaska, so long as that attorney did not appear under Alaska Civil Rule 81 via a motion for pro hac vice admission. If one were to read the Rule as suggested by Givens' pleadings, the final clause would be superfluous. If a lawyer was admitted to practice law in Alaska, they would not need to seek pro hac vice admission under Alaska Civil Rule 81.

As noted, I agree that Bar Rule 34(c)(1) is meant to provide an exemption for an Alaska attorney who is also licensed in another jurisdiction. A lawyer who is admitted to practice in Alaska and in another state, who does not maintain an office in Alaska, and who represents a client wholly in that other jurisdiction, is not subject to mandatory fee arbitration under the Alaska Bar Rules. Without the exemption in (c)(1), Bar Rule 34(d) would subject that lawyer to mandatory fee arbitration in a dispute with their out-of-state client since that lawyer is "admitted to the practice of law in Alaska." Bar Rule 34(c)(1) removes that dispute from the Alaska Bar Rules for that Alaska lawyer.

In my opinion, which is consistent with that of prior Bar Counsel Stephen Van Goor with whom I recently consulted, 34(c)(1) also protects a non-Alaska lawyer from fee arbitration if no material portion of their legal services were rendered in Alaska, unless the attorney appeared under Alaska Civil Rule 81. Presumably, the Alaska Supreme Court felt that an attorney who appeared under Civil Rule 81 should be subject to fee

arbitration, even if there could be a dispute about whether any material portion of the legal services were provided in Alaska.

One final reason that I believe Bar Rule 34(c)(1) is meant to apply to both Alaska lawyers and non-Alaska lawyers is the specific construction of Bar Rule 34(d). If the exemption in (c)(1) was only meant to apply to lawyers admitted in Alaska and in another jurisdiction, I submit that Bar Rule 34(d) would have been drafted as follows: "Any attorney admitted to the practice of law in Alaska, unless exempted under Section (c)(1) of this rule, or any other attorney who appears, participates or otherwise engages in the practice of law in this state is subject to… these rules of attorney fee dispute resolution." If 34(c)(1) was only meant to apply to the first category of attorneys, the "unless" clause would not have been included where it was in Rule 34(d) – after listing the two categories of attorneys, instead, I submit that it would have been included immediately after the first category – attorneys admitted in Alaska.

Although I have provided my interpretation of Bar Rule 34(c)(1), I do not believe that it will apply in every matter involving an attorney who is not licensed in Alaska. As mentioned above, it is my opinion that a lawyer that provides legal services on a temporary basis in Alaska, pursuant to ARPC 5.5(c), is likely "engage[d] in the practice of law in this state" for purposes of Bar Rule 34(d). [6] As a result, there would be no reason to apply Bar Rule 34(c)(1) if there is no dispute that the lawyer provided legal services in Alaska.

I hope that this information is helpful to the parties and the court in resolving this issue. Please feel free to contact me if you have additional questions or concerns.

    Sincerely,

    /S/ Philip E. Shanahan

    Philip E. Shanahan
    Bar Counsel

---

[6] *See also* Bar Rule 9(c) which similarly subjects any attorney who "appears, participates, or otherwise engages in the practice of law in this State" to the jurisdiction of the Alaska Supreme Court, the Disciplinary Board of the Alaska Bar Association and the Rules of Disciplinary Enforcement.