Russell L. Winner
WINNER & ASSOCIATES, P.C.
900 W. 5th Avenue, Suite 700
Anchorage, AK 99501
Telephone: (907) 277-9522
Facsimile: (907) 277-4510
Email: rwinner@winnerlaw.com

Attorneys for Plaintiff Raymond C. Givens

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RAYMOND C. GIVENS,<br><br>      Plaintiff,<br><br>  v.<br><br>LEROY OENGA, JR.<br><br>      Defendant. | Case No. 3:21-cv-00008-HRH |

**OPPOSITION TO MOTION FOR STAY OF PROCEEDINGS**

## I. INTRODUCTION

Plaintiff Raymond C. Givens opposes the motion for stay of proceedings, filed by Defendant Leroy Oenga, Jr.[1] There, Defendant moved for an order staying the proceedings before this Court, pending resolution of a petition for fee arbitration,

---

[1] Docket No. 48.

OPPOSITION TO MOTION FOR STAY OF PROCEEDINGS
*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska, Case No. 3:21-cv-00008-HRH     Page 1 of 13

Case 3:21-cv-00008-HRH   Document 51   Filed 08/19/21   Page 1 of 13

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

which Defendant filed with the Alaska Bar Association, pursuant to Alaska Bar Rule 39.

For the reasons stated below. Defendant's motion should be denied. In the alternative, the Court should refer to arbitration only the question of the reasonableness of Plaintiff's contingency fee, while retaining jurisdiction to adjudicate all other issues in this action.

This opposition supplements the arguments made earlier by Plaintiff on the subject of fee arbitration under the rules of the Alaska Bar Association, which arguments are incorporated herein by reference.

## II.   THE COURT SHOULD DENY THE MOTION TO STAY

### A.   Alaska Bar Counsel Has Misconstrued Alaska Bar Rule 34

The Court asked the parties to seek the opinion of Alaska Bar Counsel regarding his interpretation of Alaska Bar Rule 34(c)(1).[2] His response has now been filed with the Court.[3]

Bar Counsel acknowledged that Bar Rule 34(c)(1) could have been written more clearly, and there is no avoiding the conclusion that the wording of Rule 34 is confused and internally inconsistent. However, Plaintiff respectfully submits that Bar Counsel

---

[2] Docket No. 45, n.3.

[3] Docket No. 50-1.

OPPOSITION TO MOTION FOR STAY OF PROCEEDINGS
*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska, Case No. 3:21-cv-00008-HRH     Page 2 of 13

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

misconstrued Bar Rule 34(c)(1), Bar Rule 34(d), and Alaska Rule of Professional Conduct ("RPC") 5.5, when read together, as they must be. Plaintiff understands and agrees with the salutary purposes served by mandatory arbitration of fee disputes between attorneys and clients. However, when, as here, other important rights are implicated, the desire for fee arbitration must be balanced with those rights.

Alaska Bar Rule 34(c)(1) states a narrow exception to fee arbitration that applies to an attorney who is "*also* admitted to practice in another state or jurisdiction." (Emphasis added.) The word "also" would make no sense unless the exception is meant to apply to an attorney who *is a member of the Alaska Bar* and is *also* admitted elsewhere. Yet, Rule 34(c)(1) also contains, at its end, a proviso to the exception: "unless (s)he appeared under Alaska Civil Rule 81." This is a double negative. The proviso refers to an attorney who *is not a member of the Alaska Bar* but who is admitted *pro hac vice* to a case filed in Alaska. Rule 34(c)(1) is thus internally inconsistent.

Bar Counsel improperly resolved that inconsistency by effectively reading the word "also" out of Rule 34(c)(1). It would make more sense, and it would do less violence to the structure and intent of Rule 34 as a whole, to conclude that the proviso should more logically be placed elsewhere in Rule 34. If Rule 34(c)(1) were read that way, Rule 34(d) would also make sense: A non-Alaska attorney who is not "engaged in

OPPOSITION TO MOTION FOR STAY OF PROCEEDINGS
*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska, Case No. 3:21-cv-00008-HRH  Page 3 of 13

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

the practice of law" in the state is not subject to fee-arbitration jurisdiction, unless admitted *pro hac vice* to a particular Alaska case.

Bar Counsel also wrongly concluded that although "temporary services" in Alaska *do not* constitute the "unauthorized practice of law" in this state under RPC 5.5(c), they nonetheless *do* constitute the "practice of law" in this state under Alaska Bar Rule 34(d).[4] No purpose would be served by that distinction, and it would be wholly unfair to attorneys who are not members of the Alaska Bar. When the Alaska Rules of Professional Conduct inform non-Alaska attorneys handling non-Alaska cases that they can perform "temporary services" in the state, those attorneys should not nonetheless find themselves subject to the jurisdiction of the Bar Association for purposes of fee arbitration.

Alaska Bar Rule 34 and Alaska Rules of Professional Conduct 5.5, with its official Comment,[5] must be read together. Both were adopted by the Alaska Supreme Court. In those rules, the Alaska Supreme Court made plain its intent that the Alaska

---

[4] Bar Counsel's letter first stated that he will leave it to this Court to decide the factual question of whether Plaintiff's "temporary services" in Alaska constitute the practice of law in the state. Docket No. 50-1, at 1. However, later in that letter Bar Counsel opined that they did. Docket No. 50-1, at 5.

[5] The Preamble to the Rules of Professional Conduct, adopted by the Alaska Supreme Court, states: "The COMMENT accompanying each Rule explains and illustrates the meaning and purpose of the Rule. . . . The COMMENTS are intended as guides to interpretation, but the text of each Rule is authoritative."

OPPOSITION TO MOTION FOR STAY OF PROCEEDINGS
*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska, Case No. 3:21-cv-00008-HRH                     Page 4 of 13

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Bar assert only limited jurisdiction over attorneys who are not members of the Alaska Bar. Bar Counsel's expansive interpretation of the Alaska Bar's jurisdiction over non-Alaska attorneys for purposes of fee arbitration is inconsistent with that intent.

Bar Counsel does not dispute that Plaintiff's limited presence in Alaska while handling the CFC litigation was to perform only "temporary services" that did not constitute the "unauthorized practice of law" in this state under RPC 5.5(c). That is plain from the following: RPC 5.5(c)(3) states that mediation in Alaska is a "temporary service." And the Comment to RPC 5.5(c) states that lengthy representation of Alaska clients, and meeting with them in Alaska, are "temporary services." Performing such "temporary services" in Alaska does not require membership to the Alaska Bar or association with local Alaska counsel. Likewise, performing those "temporary services" in Alaska should not be seen as constituting the "practice of law" under Bar Rule 34(d), for purposes of mandatory fee arbitration. Accordingly, mandatory fee arbitration is not applicable to Plaintiff under the circumstances present here.

Plaintiff believes that Bar Rule 34(c)(1) has no application to him because he was and is not a member of the Alaska Bar. However, if the Court disagrees, the phrase "no material portion" under Bar Rule 34(c)(1) should be read to mean the same thing as "temporary services" under RPC 5.5(c), and Plaintiff thus would be exempt from fee arbitration under Rule 34(c)(1).

OPPOSITION TO MOTION FOR STAY OF PROCEEDINGS
*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska, Case No. 3:21-cv-00008-HRH                    Page 5 of 13

Case 3:21-cv-00008-HRH   Document 51   Filed 08/19/21   Page 5 of 13

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

The facts here bear restating: Plaintiff is not a member of the Alaska Bar, he is not an Alaska resident, and he had and has no office in Alaska. Plaintiff did not file a lawsuit in the state or federal courts of Alaska. Instead, he filed suit in the United States Court of Federal Claims ("CFC"), headquartered in Washington, D.C. Plaintiff was not required by the rules of that court to be a member of the Alaska Bar or to associate with local Alaska counsel. The case was not tried in Alaska. The vast majority of Plaintiff's legal services—comprising many thousands of hours—took place outside Alaska. Plaintiff physically stepped foot in Alaska only a handful of times for only a handful of hours—all at the convenience of his clients—for a mediation and to sign some documents. Under these circumstances, it is overreach for the Alaska Bar to assert jurisdiction over Plaintiff for mandatory fee arbitration.

If Plaintiff's "temporary services" in Alaska constituted the "practice of law in this state" for purposes of mandatory fee arbitration under Bar Rule 34(d), one can only imagine the impact that would have in the future on other non-Alaska attorneys, especially when considering taking on difficult and protracted cases to be filed outside Alaska on behalf of Alaska residents. Those attorneys would have to think hard about ever stepping foot in Alaska if they took the case. That could well have a chilling effect of Alaskans having access to competent counsel in those matters.

The Court should not rely on Bar Counsel's mistaken interpretation of the applicable rules. This is a question of arbitrability, which is for the Court, not Bar

OPPOSITION TO MOTION FOR STAY OF PROCEEDINGS
*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska, Case No. 3:21-cv-00008-HRH    Page 6 of 13

Case 3:21-cv-00008-HRH   Document 51   Filed 08/19/21   Page 6 of 13

Counsel, to decide. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943-44 (1995) ("Courts should not assume that the parties agreed to arbitrate arbitrability unless there is clear and unmistakable evidence that they did so." (internal quotation marks omitted)).[6]

Further, no deference should be shown to the opinion of Bar Counsel. The question posed to him did not raise questions of fact or law that he has the expertise or is otherwise uniquely suited to answer. Instead, opinion letters like his are entitled to deference only to the extent that those interpretations have "power to persuade." *Skidmore v. Swift*, 323 U.S. 134, 140 (1944). *See also U.S. v. Mead Corp*, 533 U.S. 218, 228 (2001) (factors affecting degree of deference include consistency, formality, relative expertness, and the persuasiveness of the agency's position); *Bowen v. Georgetown University Hospital*, 488 U.S. 204, 212-213 (1988) (no deference where the interpretation is advanced for the first time in a litigation brief).

### B. A Stay Would Violate Plaintiff's Right, under the Court's Diversity Jurisdiction, to be Free of the Risk of Local Prejudice

Even if Alaska Bar Counsel correctly interpreted Bar Rule 34(c)(1) (which he did not do), staying this action would violate Plaintiff's right to have his claims decided free of the risk of local prejudice. Article III, Section 2, of the United States

---

[6] *See* Plaintiff's reply to opposition to motion for reconsideration. Docket No. 49, at 2-3.

OPPOSITION TO MOTION FOR STAY OF PROCEEDINGS
*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska, Case No. 3:21-cv-00008-HRH　　　　　Page 7 of 13

Case 3:21-cv-00008-HRH   Document 51   Filed 08/19/21   Page 7 of 13

Constitution grants the federal courts jurisdiction to hear cases arising between citizens of different states. That jurisdiction has been codified at 28 U.S.C. § 1332, which gives original jurisdiction to federal district courts in all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states.

The Supreme Court has consistently stated that the purpose of diversity jurisdiction is to allow out-of-state plaintiffs to bring suit free from the local prejudices or passions that might prevail against non-citizens in a state court or state proceeding. Essentially, it prevents plaintiffs from being "hometowned." *See, e.g., Hertz Corp. v. Friend*, 559 U.S. 77, 85 (2010) ("diversity jurisdiction's basic rationale" is "opening the federal courts' doors to those who might otherwise suffer from local prejudice against out-of-state parties")

Defendant's motion to stay, if granted, would violate the above rights of Plaintiff. Plaintiff is not a citizen of Alaska, while Defendant is. If the Court were to refer this matter to arbitration, Plaintiff's claims against Defendant would be decided by a state tribunal, rather than by this federal court, siting in diversity jurisdiction. Such a stay would violate Plaintiff's constitutional and statutory right, by filing this diversity action, to be free of the risk of local prejudice against him.

OPPOSITION TO MOTION FOR STAY OF PROCEEDINGS
*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska, Case No. 3:21-cv-00008-HRH    Page 8 of 13

Case 3:21-cv-00008-HRH   Document 51   Filed 08/19/21   Page 8 of 13

### C. A Stay Would Violate Plaintiff's Right, under the Court's Diversity Jurisdiction, to Have His Claims Decided under Federal Rather than State Procedure

Under *Erie Railroad Company v. Tompkins*, 304 U.S. 64 (1938), and its progeny, the Court is required in this diversity action to apply federal procedure, not state procedure, in deciding Plaintiff's claims. Further, under the Seventh Amendment of the United States Constitution, Plaintiff is entitled to have his claims decided by a federal jury.[7] A stay would subject Plaintiff to the state procedure of fee arbitration under the Alaska Bar Rules, in violation of Plaintiff's above rights.[8]

The only exception to the requirement of federal procedure and a federal jury would be if Plaintiff consented to arbitration before the Alaska Bar Association. Although consent to arbitration can be implied, the intent to do so must be manifest.[9] Plaintiff has never manifested an intent to be subject to fee arbitration by the Alaska Bar. Again, this is a question of arbitrability, which must be decided by this Court, not

---

[7] Plaintiff's deadline to demand a jury in this action was 14 days after Defendant filed his answer. Fed. R. Civ. P. 38(b)(1). Plaintiff was waiting to see Defendant's answer before deciding whether to ask for a jury. However, before Plaintiff's deadline, Defendant filed a demand for a jury trial with his answer to Plaintiff's complaint. Docket No. 16.

[8] *See* Plaintiff's motion for reconsideration. Docket No. 44, at 2-3.

[9] *See* Plaintiff's reply to opposition to motion for reconsideration. Docket No. 49, at 2-3.

OPPOSITION TO MOTION FOR STAY OF PROCEEDINGS
*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska, Case No. 3:21-cv-00008-HRH                 Page 9 of 13

Case 3:21-cv-00008-HRH   Document 51   Filed 08/19/21   Page 9 of 13

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

by Alaska Bar Counsel or by a fee arbitration panel. *First Options of Chicago, Inc. v. Kaplan*, *supra*.

### D. A Stay Would Violate Plaintiff's Rights under the Supremacy Clause

Ethics Opinion 2010-1, which was adopted by the Board of Governors of the Alaska Bar Association, states that immigration attorneys, even those with offices in Alaska, representing Alaska clients need not be members of the Alaska Bar. That is because under 8 C.F.R. § 1.1(f), immigration attorneys need only be admitted to the bar association of any state. The Ethics Opinion states the following, at footnote 1:

> A state law purporting to govern attorney practice before a federal administrative agency is invalid pursuant to the Supremacy Clause. E.g., Augustine v. Department of Veterans Affairs, 429 F.3d 1334 (9th Cir. 2005). Other examples of the Supremacy Clause affecting attorney licensing include the representation of clients in patent proceedings, bankruptcy proceedings, Social Security disputes, and Veterans Affairs matters. Sperry v. Florida, 373 U.S. 379 (1963); Matter of Bright, 171 B.R. 799 (E.D. Mich. 1994).

Plaintiff filed the underlying suit in the CFC. The rules of that court were adopted pursuant to authorization of Congress. 28 U.S.C. § 2503(b). As with the rules applicable to immigration attorneys, the CFC's rules did not require Plaintiff to be a

OPPOSITION TO MOTION FOR STAY OF PROCEEDINGS
*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska, Case No. 3:21-cv-00008-HRH      Page 10 of 13

Case 3:21-cv-00008-HRH   Document 51   Filed 08/19/21   Page 10 of 13

member of the Alaska Bar: Rule 83.1(b)(1) of the CFC provided that any attorney appearing before that court need only be admitted to the bar of any state.[10]

A stay of this action to allow fee arbitration under the rules of the Alaska Bar would conflict with the rules of the CFC, and thus with an act of Congress. Contrary to the CFC's rules, a stay for purposes of arbitration would subject Plaintiff to the jurisdiction of the Alaska Bar. As noted in Ethics Opinion 2020-1 regarding immigration attorneys, that would be a violation of the Supremacy Clause of the United States Constitution.

## III. IN THE ALTERNATIVE, THE COURT SHOULD REFER TO ARBITRATION ONLY THE QUESTION OF THE REASONABLENESS OF PLAINTIFF'S FEE

If the Court is inclined to grant Defendant's motion for stay (which it should not do), the Court should do so only in part, retaining jurisdiction to adjudicate the remainder of the case.

Plaintiff's complaint states the following claims: Count I seeks a declaration of rights. Count II seeks an award of money owed. Count III seeks an order of specific performance to require Defendant to instruct the federal Bureau of Trust Funds Administration to pay to Plaintiff 25% of the past rents received in Defendant's

---

[10] *See* Plaintiff's reply to opposition to motion for reconsideration. Docket No. 49, at 4, n.5.

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Individual Indian Money account. Count IV seeks a similar order of specific performance regarding future rents.[11]

As this Court knows from the related case of *Givens v. Wallace Oenga*, Case No. 3:19-cv-00043-HRH, Plaintiff's claims against Defendant raise complex legal issues of federal Indian law and the application of contractual rights and duties to federal agencies. Bar Rule 34(c) states that fee arbitration applies to "fees charged" and "costs incurred." That rule does not give jurisdiction to a fee arbitration panel of the Alaska Bar to decide the above legal issues. Instead, the rule would only grant authority to arbitrate the reasonableness of Plaintiffs fees charged and costs incurred.

Additionally, any decision of a fee arbitration panel would be subject to very limited rights of appeal. AS 09.43.120–180. The Court would not have the opportunity to review the merits of the panel's decision on the legal issues presented, no matter how erroneous they might be. It is asking too much of a panel of volunteer attorneys and lay persons, even if they receive some compensation for their time, to decide these complex legal issues. And it would be wholly unfair to Plaintiff to not have a right of appeal from any such decisions of the panel.

For the above reasons, if the Court is inclined to grant Defendant's motion for stay, the motion should be granted only in part. The Court should refer to arbitration

---

[11] Docket No. 1.

OPPOSITION TO MOTION FOR STAY OF PROCEEDINGS
*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska, Case No. 3:21-cv-00008-HRH  Page 12 of 13

only the reasonableness of Plaintiff's contingency fee. The Court should retain jurisdiction to adjudicate the legal issues regarding Plaintiff's claims for a declaratory judgment and for orders of specific performance.

## IV. CONCLUSION

For the reasons stated above, the Court should deny Defendant's motion for stay. In the alternative, the Court should refer to fee arbitration only the reasonableness of Plaintiff's contingency fee, and the Court should retain jurisdiction to decide all other issues of Plaintiff's complaint.

Dated this 19th day of August, 2021, at Anchorage, Alaska.

WINNER & ASSOCIATES, P.C.
Attorneys for Plaintiff Raymond C. Givens

By: /s/ Russell L. Winner
Russell L. Winner
Alaska Bar No. 4811179

Certificate of Service
I hereby certify that on August 19, 2021,
a copy of the foregoing document was served electronically
through the ECF system as indicated on the Notice of Electronic Filing.

By: /s/ Carrie Sisson
Carrie Sisson

OPPOSITION TO MOTION FOR STAY OF PROCEEDINGS
*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska, Case No. 3:21-cv-00008-HRH  Page 13 of 13

Case 3:21-cv-00008-HRH   Document 51   Filed 08/19/21   Page 13 of 13