IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

RAYMOND C. GIVENS,

        Plaintiff,

vs.

LEROY OENGA, JR.,

        Defendant.

No. 3:21-cv-0008-HRH

## O R D E R

### Motion for Stay of Proceedings

Defendant Leroy Oenga, Jr. moves for "a stay of these proceedings pending . . . resolution of a Petition for Fee Arbitration filed with the Alaska Bar Association pursuant to Alaska Bar Rule 39."[1] This motion is opposed by plaintiff Raymond C. Givens.[2] Oral argument has been requested[3] but is not deemed necessary.

### Background

This case arises out of plaintiff's legal representation of the Oenga heirs, one of whom was defendant's father. The Oenga heirs claimed that "the U.S. Department of Interior,

---

[1] Docket No. 48.

[2] Docket No. 51.

[3] Docket No. 53.

-1-

Bureau of Indian Affairs ('BIA'), [had] breach[ed] its fiduciary duties to them in approving a lease of a restricted Native Allotment, located at Point Heald, east of Prudhoe Bay, Alaska. . . ."[4] Under plaintiff's agreement with the Oenga heirs, he "was to be paid a percentage, on a sliding scale, of any increases in past and future rents he was able to obtain from the Allotment."[5] Plaintiff alleges that defendant initially complied with his obligations under the amended Contingency Fee Contract, but plaintiff alleges that he "did not receive, and has not received, payment from [d]efendant from his share of rent from the Allotment for calendar year 2020" or calendar year 2021.[6]

On January 19, 2021, plaintiff commenced this action, in which he asserts a breach of contract claim and claims for declaratory relief and specific performance for past and future payments due.

On September 24, 2021, the court, on a second motion for reconsideration, once again determined that plaintiff was subject to Alaska Bar Rule 39 and that defendant could pursue arbitration of the fee dispute that is at the heart of this case.[7] The question before the court now is whether these proceedings should be stayed pending resolution of defendant's petition for arbitration.

---

[4]Complaint [etc.] at 2, ¶ 6, Docket No. 1.

[5]Id.

[6]Id. at 7-9, ¶¶ 17-18, 20-21, Docket No. 1.

[7]Order re Motion for Reconsideration at 17-20, Docket No. 54.

-2-

## Discussion

Alaska Bar Rule 39 contains a stay provision. Bar Rule 39(b) provides:

> If an attorney . . . commences a fee collection action in any court, the client may stay the action by filing notice with the court that the client has requested arbitration of the fee dispute by the Bar within twenty (20) days of receiving the notice of the client's right to arbitration.

Plaintiff, however, argues that these proceedings should not be stayed because he is not subject to the jurisdiction of the Alaska Bar Association and the mandatory fee arbitration rules. As set out above, the court recently disposed of this argument in its order on plaintiff's motion for reconsideration, finding that plaintiff is subject to the mandatory fee arbitration rules.

Plaintiff also argues that these proceedings should not be stayed because "staying this action would violate [his] right to have his claims decided free of the risk of local prejudice."[8] Plaintiff argues that a stay of these proceedings would defeat the purpose of diversity jurisdiction, which is to "open[] the federal courts' doors to those who might otherwise suffer from local prejudice against out-of-state parties." Hertz Corp. v. Friend, 559 U.S. 77, 85 (2010).

This argument fails. The court is not persuaded that there is a significant risk of local prejudice here given that the same fee arbitration rules apply regardless of whether the lawyer in question is a resident of Alaska or a non-resident. In addition, once the arbitration panel

---

[8]Opposition to Motion for Stay of Proceedings at 7, Docket No. 51.

has made its determination as to whether the fee agreement is fair and reasonable, there are likely to be other issues that this court, sitting in diversity, will need to address in resolving the claims asserted by plaintiff in his complaint.

Plaintiff next argues that a stay of these proceedings would violate his right to a jury trial. The court has disposed of this argument in its order on plaintiff's motion for reconsideration, finding that "plaintiff's right to a jury trial has not been implicated."[9]

Finally, plaintiff argues that a stay of these proceedings would violate his rights under the Supremacy Clause. This argument is based on the Alaska Bar Association's Ethics Opinion 2010-1. There, the Bar Ethics Committee noted that "[a] state law purporting to govern attorney practice before a federal administrative agency is invalid pursuant to the Supremacy Clause." Although this case does not involve practice before a federal administrative agency, it does involve practice before the Court of Federal Claims ("CFC"). CFC Rule 83.1(b)(1) provides that "[a]ny person of good moral character who is a member in good standing of the bar of the highest court of any U.S. state, territory, or possession or the District of Columbia may be admitted to practice before this court." Plaintiff correctly contends that this means he did not need to be a member of the Alaska Bar Association in order to file a lawsuit on the Oenga heirs' behalf in the CFC. Thus, he argues that a stay of these proceedings to allow arbitration would conflict with the rules of the CFC, thereby violating his rights under the Supremacy Clause.

---

[9]Order re Motion for Reconsideration at 19, Docket No. 54.

Plaintiff's reliance on Ethics Rule 2010-1 is misplaced, primarily because this case does not involve practice before a federal administrative agency. There is no conflict between the rules of the CFC and a determination that plaintiff was practicing law in Alaska such that he is subject to the Alaska Bar Association's mandatory fee arbitration rules. Ethics Rule 2010-1 expressly provides "that a lawyer not admitted in Alaska is subject to the disciplinary authority of Alaska if the lawyer provides or offers to provide any legal services in this state." And, as this court determined in its recent order on plaintiff's motion for reconsideration, plaintiff was "practicing law" in Alaska.[10] In other words, plaintiff was providing legal services in Alaska. In fact, plaintiff represented the Oenga heirs for almost three years before he filed suit in the CFC. Plaintiff's rights under Supremacy Clause have not been violated by allowing defendant to pursue arbitration of the fee dispute.

The court concludes that a stay of proceedings would be appropriate here. The question then becomes whether the entire case should be stayed or only a portion of it should be stayed.

Plaintiff requests that only Count II of his complaint be referred to arbitration. As set out above, plaintiff's complaint contains four counts. In Count I, plaintiff seeks a declaration that the fee agreement was a valid and enforceable contract, that defendant's interest in the Allotment is subject to the obligations to pay plaintiff imposed in the fee agreement, that defendant is estopped from denying that his interest in the Allotment is subject to the

---

[10]Id. at 16-17.

obligation to pay plaintiff, and that defendant is obligated to instruct the Bureau of Trust Funds Administration (BTFA) to pay plaintiff past and future amounts due under the fee agreement. Count II contains a breach of contract claim. Count III is a claim for specific performance to require defendant to instruct the BTFA to pay plaintiff past due amounts, and Count IV is a claim for specific performance to require defendant to instruct the BTFA to pay plaintiff future amounts due. Plaintiff contends that except for Count II, these claims "raise complex legal issues of federal Indian law and the application of contractual rights and duties to federal agencies."[11] But because Alaska Bar Rule 34(c) states that fee arbitration only applies to "fees charged for professional services or costs incurred[,]" plaintiff argues that the Alaska Bar Association does not have the authority to decide any issues other than the reasonableness of plaintiff's charged fees and the costs incurred. Plaintiff also points out that any decision by a fee arbitration panel would be subject to very limited rights of appeal, which he argues is another reason to limit what part of this case is subject to arbitration. Plaintiff argues that it would be unfair for him to not have a right to appeal decisions of the arbitration panel. Thus, plaintiff argues that "[t]he court should refer to arbitration only the reasonableness of [p]laintiff's contingency fee" and "should retain jurisdiction to adjudicate the legal issues regarding [p]laintiff's claims for a declaratory judgment and for orders of specific performance."[12]

---

[11]Opposition to Motion for Stay of Proceedings at 12, Docket No. 51.

[12]Id. at 12-13.

First of all, there is no need for the court to refer any particular matters to arbitration. Arbitration proceedings before the Alaska Bar Association will flow from defendant's petition for arbitration. Secondly, the issue of whether the fee agreement is fair and reasonable underlies all of plaintiff's claims. There is nothing for the court to do in this case until the arbitration proceedings are completed. Once the arbitration proceedings are completed, the court can take up any complex Indian law issues, or any other issues, that remain to be resolved.

## Conclusion

The motion to stay[13] is granted. This case is stayed pending resolution of defendant's petition for arbitration filed with the Alaska Bar Association.

Plaintiff's request for oral argument[14] is denied.

DATED at Anchorage, Alaska, this 30th day of September, 2021.

/s/ H. Russel Holland
United States District Judge

cc: Philip E. Shanahan, Bar Counsel
Alaska Bar Association
840 K Street, Suite 100
Anchorage, AK  99501

---

[13]Docket No. 48.

[14]Docket No. 53.