a Russell L. Winner
WINNER & ASSOCIATES, P.C.
900 W. 5th Avenue, Suite 700
Anchorage, AK 99501
Telephone: (907) 277-9522
Facsimile: (907) 277-4510
Email: rwinner@winnerlaw.com

Attorneys for Plaintiff Raymond C. Givens

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RAYMOND C. GIVENS,<br><br>    Plaintiff,<br><br>  v.<br><br>LEROY OENGA, JR.<br><br>    Defendant. | Case No. 3:21-cv-00008-HRH |

**PLAINTIFF'S MOTION TO LIFT STAY TO REVIEW
BAR COUNSEL'S DENIAL OF MOTION TO DISMISS
ON GROUNDS OF RES JUDICATA**

COMES NOW Plaintiff Raymond C. Givens, by his undersigned counsel, and

moves that the Court lift its stay of this action[1] in order to review Alaska Bar Counsel's

---

[1] Docket No. 55.

PLAINTIFF'S MOTION TO LIFT STAY TO REVIEW
BAR COUNSEL'S DENIAL OF MOTION TO DISMISS
ON GROUNDS OF RES JUDICATA
*Raymond C. Givens v. Leroy Oenga, Jr.*,
U.S. District Court for the District of Alaska, Case No. 3:21-cv-00008-HRH    Page 1 of 5

Case 3:21-cv-00008-HRH   Document 56   Filed 12/17/21   Page 1 of 5

denial of Plaintiff's motion to dismiss Defendant Leroy Oenga, Jr.'s, petition for fee arbitration, on grounds of res judicata.

Prior briefing before the Court addressed the preliminary jurisdictional questions of whether the Alaska Bar Association has authority to decide Defendant's petition for fee arbitration in light of the wording of the Alaska Bar Rules and in light of Plaintiff's federal procedural rights. Plaintiff understood that the Court would want to decide those jurisdictional questions first, before being asked to consider the substantive issues on the merits in this action. The Court's decision resolved the jurisdictional questions by staying this action in order to allow the arbitration to decide whether Plaintiff's fee is fair and reasonable, while the Court reserved to itself other issues to be decided once the arbitration proceedings were completed.[2]

Following the Court's stay order, Plaintiff filed his first substantive motion,[3] asking Alaska Bar Counsel to dismiss Defendant's petition on grounds of res judicata.[4]

---

[2] *Id*. at 7.

[3] *See Smalls v. United States*, 471 F.3d 186, 189 (D.C. Cir. 2006) ("the defense of *res judicata*, or claim preclusion, while having a somewhat jurisdictional character, does not affect the subject matter of the district court" (internal quotation marks and citation omitted)); *Kursar v. Transportation Security Administration*, 751 F.Supp.2d 154, 163 (D.D.C. 2010) (res judicata is a substantive rather than jurisdictional defense).

[4] *See* Exhibit 1, attached hereto. Plaintiff will file with this Court the documents referred to in that motion, if the Court so requests.

PLAINTIFF'S MOTION TO LIFT STAY TO REVIEW
BAR COUNSEL'S DENIAL OF MOTION TO DISMISS
ON GROUNDS OF RES JUDICATA
*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska, Case No. 3:21-cv-00008-HRH      Page 2 of 5

Case 3:21-cv-00008-HRH   Document 56   Filed 12/17/21   Page 2 of 5

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

In that motion, Plaintiff argued that the question of whether the fee agreement was fair and reasonable as to both past and future annual rents had been fully and finally resolved earlier in Plaintiff's favor following an adjudicative hearing before an administrative law judge ("ALJ") in the federal probate of the Estate of Leroy Oenga, Sr., at which Defendant was a party.[5] There, Defendant supported, rather than objected to, the reasonableness of Plaintiff's fee, and Defendant did not appeal the decision of the ALJ approving it. This final administrative adjudicative decision has the same res judicata effect as would the final decision of a court.[6]

Notwithstanding the above, in his decision dated December 14, 2021, Alaska Bar Counsel summarily denied Plaintiff's motion to dismiss.[7] The result, if that

---

[5] Following the probate hearing, the ALJ issued a written decision approving the payment of Plaintiff's contingent fee as reasonable, both from the lump-sum portion of the settlement and from increased annual rents paid after that lump-sum payment.

[6] *See Matanuska Electric Association v. Chugach Electric Association, Inc.*, 152 P.3d 460, 466 (Alaska 2007) ("[A] valid and final adjudicative determination by an administrative tribunal has the same effects under the rules of res judicata, subject to the same exceptions and qualifications, as a judgment of a court." (internal quotation marks and citation omitted)); *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 481-82 (1982) (federal courts give the same preclusion effect to issues decided by state administrative agencies as the state itself would).

[7] *See* Exhibit 2 hereto. In that decision, Bar Counsel also limited the arbitration panel to adjudicating whether Plaintiff's fee is reasonable, under the factors of Alaska Bar Rule 35(a) and Alaska Rule of Professional Conduct 1.5(a).

PLAINTIFF'S MOTION TO LIFT STAY TO REVIEW
BAR COUNSEL'S DENIAL OF MOTION TO DISMISS
ON GROUNDS OF RES JUDICATA
*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska, Case No. 3:21-cv-00008-HRH  Page 3 of 5

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

decision is left to stand, will be relitigation of a question already finally decided, in violation of the principle of res judicata.

Plaintiff believes that Bar Counsel's decision was in error. To avoid the time and expense of an unnecessary arbitration hearing, Plaintiff respectfully asks the Court to lift its stay in order to review Bar Counsel's decision now, rather than after the arbitration.[8] If the stay is lifted, Plaintiff will file a motion with this Court to dismiss this action on grounds of res judicata. If the stay is not lifted, Plaintiff reserves his res judicata arguments for decision by the Court following the arbitration proceeding.

A proposed order lifting the stay accompanies this motion.

Dated this 17th day of December, 2021, at Anchorage, Alaska.

        WINNER & ASSOCIATES, P.C.
        Attorneys for Plaintiff Raymond C. Givens

        By: /s/ Russell L. Winner
            Russell L. Winner
            Alaska Bar No. 4811179

---

[8] Although AS 09.43.120 - .160 and AS 09.43.500 - .550 limit court review of an award of the fee arbitration panel, those statutes do not limit court review of Bar Counsel's denial of a motion, filed before a panel is convened, to dismiss a petition on grounds of res judicata.

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

PLAINTIFF'S MOTION TO LIFT STAY TO REVIEW
BAR COUNSEL'S DENIAL OF MOTION TO DISMISS
ON GROUNDS OF RES JUDICATA
*Raymond C. Givens v. Leroy Oenga, Jr.*,
U.S. District Court for the District of Alaska, Case No. 3:21-cv-00008-HRH    Page 4 of 5

Case 3:21-cv-00008-HRH   Document 56   Filed 12/17/21   Page 4 of 5

**Certificate of Service**
I hereby certify that on December 17, 2021,
a copy of the foregoing document was served electronically
through the ECF system as indicated on the Notice of Electronic Filing.

By:    /s/ Carrie Sisson
       Carrie Sisson

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

PLAINTIFF'S MOTION TO LIFT STAY TO REVIEW
BAR COUNSEL'S DENIAL OF MOTION TO DISMISS
ON GROUNDS OF RES JUDICATA
*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska, Case No. 3:21-cv-00008-HRH    Page 5 of 5

Case 3:21-cv-00008-HRH    Document 56    Filed 12/17/21    Page 5 of 5