BEFORE THE ALASKA BAR ASSOCIATION

FEE REVIEW COMMITTEE

THIRD JUDICIAL DISTRICT

LEROY OENGA, JR.,

    Petitioner,

v.

RAYMOND C. GIVENS,

    Respondent.

ABA File No. 2021F012

## BAR COUNSEL'S RULING ON MOTION TO DISMISS

Respondent Raymond C. Givens ("Givens") has moved to dismiss the fee arbitration in this matter pursuant to Alaska Bar Rule 36(a)(4). In the alternative, Mr. Givens argues "for limited jurisdiction of the fee arbitration panel." For the reasons explained below, the Motion to Dismiss is denied. As further explained below, this petition will be forwarded to a fee arbitration panel which will follow the hearing procedures set out in Alaska Bar Rule 40 and will base its decision on the standards set forth in Bar Rule 35(a) and Alaska Rule of Professional Conduct 1.5(a).

### Bar Rule 36(a)(4)(i)-(iii)

Givens has moved to dismiss pursuant to Bar Rule 36(a)(4). Bar Rule 36(a)(4) directs Bar Counsel to deny a petition if one of three conditions is met. First, if it appears that the matter is not subject to arbitration under these rules; second, if the petition does not involve an attorney subject to the jurisdiction of the Bar Rules; or third, if the petition was not timely filed. Givens does not argue that this petition is untimely and the jurisdictional issue has been determined previously by the federal court. Thus, the only remaining reason for dismissal would be if the matter is not subject to arbitration under the Bar Rules. Bar Rule 34(c) provides that "[a]ll disputes

BAR COUNSEL'S RULING      Page 1 of 3

Case 3:21-cv-00008-HRH    Document 56-2    Filed 12/17/21    Page 1 of 3

Exhibit 2
Page 1 of 3

ALASKA BAR ASSOCIATION
BOX 100279
ANCHORAGE, ALASKA
99510

(907) 272-7469
FAX (907) 272-2932

concerning fees charged for professional services or costs incurred by an attorney are subject to arbitration under these rules" and then goes on to list four exceptions. Because Bar Counsel determines that none of those exceptions are applicable herein, Bar Counsel finds that this fee dispute is "subject to arbitration under these rules" for purposes of Bar Rule 36(a)(4). The Motion to Dismiss is, therefore, denied.

### Arbitration Panel Jurisdiction

While this arbitration has been declared complex by the Executive Committee of the Fee Dispute Resolution Program, the issues before the fee arbitration are still limited to those set forth in Bar Rules 34 through 42. The panel will base its decision on the standards set out in Bar Rule 35(a) and 1.5(a). See Bar Rule 40(q) ("The decision will be based upon the standards set forth in these rules and the Alaska Rules of Professional Conduct"). If either party attempts to introduce evidence that the panel feels is irrelevant to that decision or unduly repetitious, the panel may exclude the evidence. See Bar Rule 40(n). The fee arbitration panel will limit its consideration to evidence and arguments that help to determine whether the fees are fair and reasonable based upon the eight (8) factors listed in Bar Rule 35(a) and ARPC 1.5(a). Bar Counsel will leave it to the panel to determine just what evidence and arguments are important to that decision as this arbitration proceeds.

DATED this 14th day of December, 2021.

ALASKA BAR ASSOCIATION

*/s/ Philip E. Shanahan*
Philip E. Shanahan
Bar Counsel

ALASKA BAR ASSOCIATION
BOX 100279
ANCHORAGE, ALASKA
99510
(907) 272-7469
FAX (907) 272-2932

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 14, 2021, the foregoing document was served by email upon:

Rachael Lauesen, Counsel for Petitioner
Russell Winner, Counsel for Respondent

ALASKA BAR ASSOCIATION
By _____
Ingrid Varenbrink

ALASKA BAR ASSOCIATION
BOX 100279
ANCHORAGE, ALASKA
99510

(907) 272-7469
FAX (907) 272-2932

BAR COUNSEL'S RULING
Page 3 of 3

Case 3:21-cv-00008-HRH   Document 56-2   Filed 12/17/21   Page 3 of 3
Exhibit 2
Page 3 of 3