Rachel B. Lauesen, ABA No. 0905016
Lauesen Law Team, LLC
521 W. 41st Avenue, Suite 102
Anchorage, Alaska 99503
Telephone: (907) 206-2030
Facsimile: (907) 206-2040
Email: rachel@lauesenlaw.com
Attorneys for Defendant Leroy Oenga, Jr.

| | |
|---|---|
| RAYMOND C. GIVENS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| LEROY OENGA, JR. ) | |
| ) | |
| Defendant. ) | |
| ) | Case No. 3:21-cv-00008-HRH |

## OPPOSITION TO PLAINTIFF'S MOTION TO LIFT STAY TO REVIEW BAR COUNSEL'S DENIAL OF MOTION TO DISMISS ON GROUNDS OF RES JUDICATA

COMES NOW Defendant Leroy Oenga, Jr., and hereby enters his Opposition to Mr. Givens' Motion to Lift Stay to Review Bar Counsel's Denial of a Motion to Dismiss on Grounds of Res Judicata.

### STATEMENT OF FACTS

Plaintiff Raymond Givens is an attorney that represented Defendant Leroy Oenga, Jr.'s father and the other heirs of Andrew Oenga in litigation against the federal government for its failures associated with its management and leasing of Andrew

*Givens v. Oenga, Jr.*, Case No. 3:21-cv-00008-HRH
Opp. to Mot. to Lift Stay to Review Bar Counsel's Denial of Mot. to Dismiss re Res Judicata
Page 1 of 8
Case 3:21-cv-00008-HRH   Document 57   Filed 01/03/22   Page 1 of 8

Oenga's restricted Alaska Native Allotment on the North Slope. Defendant's father, Leroy Oenga, Sr. passed away on March 1, 2012, before payment was issued.[1]

Givens presented a claim in the Federal probate for contingent attorney's fees he claimed were owed by Leroy, Sr. Leroy, Jr., did not object to Givens' claim for $1,251,821 against his father's estate in the Federal probate.[2] ALJ Yellowtail approved Givens' claim. Givens' was paid $1,251,821 from Leroy, Sr.'s federally probated estate because Leroy, Jr. wanted "any interest I may inherit in the Allotment is free and clear of any obligation for these fees and costs."[3]

Givens claims Leroy, Jr. owes him, as additional attorney's fees, 25% of the annual rental payment made by the oil company lessee until 2038. In 2015, Givens filed a petition before the Department of the Interior to have the Federal Government pay him his alleged 25% directly without involvement of his former clients.[4] Givens argued Leroy, Sr's Federal probate affirmed his right to future payments. DOI Regional Director Loudermilk noted that Mr. Givens' probate claim does not request attorney's fees for future rents beyond 2013.[5] Regional Director Loudermilk stated,

> At no time did Judge James Yellowtail make reference or approve the contingent fee contracts/amendments between the Oenga heirs and Mr. Givens but only verified that Mr. Givens' claim was valid "because the contracted services were rendered and a substantial

---

[1] Complaint at ¶ 14. *See also,* Exhibit A to Declaration of Leroy Oenga. (OHA Yellowtail Decision).
[2] Exhibit A (Yellowtail Probate Decision).
[3] Doc. 56-1 at p.9.
[4] Exhibit B (Loudermilk Decision).
[5] *Id.* at p. 3, FN7.

*Givens v. Oenga, Jr.*, Case No. 3:21-cv-00008-HRH
Opp. to Mot. to Lift Stay to Review Bar Counsel's Denial of Mot. to Dismiss re Res Judicata
Page 2 of 8
Case 3:21-cv-00008-HRH   Document 57   Filed 01/03/22   Page 2 of 8

settlement was obtained for the Plaintiffs include the Decedent's Estate."[6]

Regional Director Loudermilk additionally held:

> Contrary to petitioner's belief, the contingency fee contracts/amendments were not approved by a representative of the Secretary of the Interior. Indeed, Judge Yellowtail, in the Probate No. P000102729IP "approved" Mr. Givens' claim for $1,251,281.00 **and nothing more.**[7]

In 2021, Mr. Givens' sued Mr. Oenga, Jr. for the 25% cut from the Lease for attorney's fees Givens claims he is owed. After much litigation involving Mr. Oenga's request for Alaska Bar Association Fee Arbitration and Mr. Givens' desire to avoid arbitration, this Court entered a stay of proceedings.[8]

In the Alaska Bar Association Fee Arbitration, Mr. Givens' filed a "Motion to Dismiss and Response to Oenga's Petition for Fee Arbitration."[9] Mr. Givens' Motion to Dismiss asserted that Mr. Oenga's claims were barred by *res judicata* based on a false assertion that ALJ Yellowstone approved Givens' claims for future fees under the terms of the Contingency Fee contracts.[10] This is the same argument rejected by the Department of the Interior in Regional Director Loudermilk's 2015 decision.

---

[6] Exhibit B (Citing, Exhibit A).
[7] *Id.* at p. 5. (Emphasis supplied).
[8] Doc. 55.
[9] Doc. 56-1.
[10] Doc. 56-1 at p. 2.

*Givens v. Oenga, Jr.*, Case No. 3:21-cv-00008-HRH
Opp. to Mot. to Lift Stay to Review Bar Counsel's Denial of Mot. to Dismiss re Res Judicata
Page 3 of 8
Case 3:21-cv-00008-HRH   Document 57   Filed 01/03/22   Page 3 of 8

On December 14, 2021, Bar Counsel denied the Motion to Dismiss. Mr. Givens' now requests that this Court lift the stay so that he can file a Motion to Dismiss the Fee Arbitration on Res Judicata grounds.

**ARGUMENT**

Alaska state arbitration law mirrors federal law.[11] Following an application for a stay to permit arbitration, a federal court may consider only issues relating to the making and performance of the agreement to arbitrate.[12] This policy respects the "unmistakably clear congressional purpose that the arbitration procedure, when selected by the parties to a contract, be speedy and not subject to delay and obstruction in the courts."[13] "A district court should not 'hold itself open as an appellate tribunal' during an ongoing arbitration proceeding, since applications for interlocutory relief 'result only in a waste of time, the interruption of the arbitration proceeding, and . . . delaying tactics in a proceeding that is supposed to produce a speedy decision.'"[14]

Thus, Alaska arbitration law does not permit a Court to adjudicate the merits of the underlying claims.[15] A Court may not refuse arbitration on the grounds that the claim in issue lacks merit, or because ground for the claims sought to be arbitrated has

---

[11] *Lexington Mktg. Grp., Inc. v. Goldbelt Eagle, LLC,* 157 P.3d 470, 473 (Alaska 2007). *See also*, *Dep't of Pub. Safety v. Pub. Safety Emps. Ass'n,* 732 P.2d 1090, 1097 (Alaska 1987).
[12] *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 404–05, 87 S. Ct. 1801, 1806, 18 L. Ed. 2d 1270 (1967).
[13] *Id.*
[14] *Michaels v. Mariforum Shipping, S. A.,* 624 F.2d 411, 414–15 (2d Cir. 1980)
[15] *Lexington Marketing Group,* 157 P.3d at 475.

*Givens v. Oenga, Jr.*, Case No. 3:21-cv-00008-HRH
Opp. to Mot. to Lift Stay to Review Bar Counsel's Denial of Mot. to Dismiss re Res Judicata
Page 4 of 8
Case 3:21-cv-00008-HRH   Document 57   Filed 01/03/22   Page 4 of 8

not been shown.[16]  A Court may properly adjudicate claims that an arbitration clause itself is void, but not claims that the entire contract is void.[17]  An action or proceeding involving an issue subject to arbitration shall be stayed if an order for arbitration or an application for the order has been made or, if the issue is severable, the stay may be with respect to the issue only.[18]  Both findings of fact and legal conclusions are unreviewable, except for legal conclusions that pertain to the question of arbitrability.[19]

The issue here is whether Givens *res judicata* defense to arbitration is to be resolved by the federal court, or whether the matter is to be deferred to the arbitrators. The "arbitrability" of a dispute comprises the questions of (1) whether there exists a valid agreement to arbitrate at all under the contract in question, and if so, (2) whether the particular dispute sought to be arbitrated falls within the scope of the arbitration agreement.[20]  This Court previously found that the claim for fees alleged by Givens in his complaint is subject to the Alaska Bar Association Fee Arbitration.  Alaska Bar Rule 34 is broad and far-reaching in scope, applying to "disputes concerning any and all fees paid, charged, or claimed for professional services by attorneys."  It is invoked by the client in response to a claim by the attorney.

---

[16] AS 09.43.020(e).
[17] *Id.*
[18] AS 09.43.020(d).
[19] *State Farm Mut. Auto. Ins. Co. v. Dowdy,* 192 P.3d 994, 998 (Alaska 2008).  *See also, Kinn v. Alaska Sales & Service, Inc.* 144 P.3d 474 (Alaska 2006).
[20] *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Belco Petroleum Corp.,* 88 F.3d 129, 135 (2d Cir. 1996)

*Givens v. Oenga, Jr.*, Case No. 3:21-cv-00008-HRH
Opp. to Mot. to Lift Stay to Review Bar Counsel's Denial of Mot. to Dismiss re Res Judicata
Page 5 of 8
Case 3:21-cv-00008-HRH   Document 57   Filed 01/03/22   Page 5 of 8

A res judicata objection based on a prior proceeding is a legal defense that, in turn, is a component of the dispute on the merits and must be considered by the arbitrator, not the court.[21] Like the defendant Ortho in *Chiron Corp v. Ortho Diagnostic Systems, Inc.*, Givens argues this Court should lift the stay to decide the res judicata issue to avoid relitigation of an issue previously decided.[22] But as the Ninth Circuit noted, this argument "sidesteps the issue of *who* decides the res judicata issue in these circumstances."[23] Furthermore, as the *Chicon Corp.* Court noted,

> Ortho's further suggestion that sending the matter to arbitration is somehow unfair because it will be litigating the same matter twice assumes that Ortho is correct in its comparison of the claims between the first arbitration and this one. This bootstrap approach does not further the debate of *who* should determine res judicata and, in any event, we need not address this issue as it falls within a merits analysis that is subject to arbitration under the parties' agreement.[24]

Like Ortho, Givens <u>assumes</u> he is correct in his comparison of the federal probate decision and Mr. Oenga's Petition for Fee Arbitration. But this assertion is directly contradicted by Regional Director Loudermilk's finding that "Judge Yellowtail, in the Probate No. P000102729IP "approved" Mr. Givens' claim for

---

[21] *Chiron Corp. v. Ortho Diagnostic Sys., Inc.,* 207 F.3d 1126, 1132 (9th Cir. 2000). (Citing, *National Union Fire Ins. Co. v. Belco Petroleum Corp.,* 88 F.3d 129 (2d Cir.1996)). *See also, John Hancock Mutual Life Ins. Co. v. Olick,* 151 F.3d 132 (3d Cir.1998) (holding res judicata objection based on prior arbitration is issue to be arbitrated under National Association of Securities Dealers arbitration procedures).
[22] *Chiron Corp.* 207 F.3d at 1132.
[23] *Id.*
[24] *Chiron Corp.*, 207 F.3d at 1133.

*Givens v. Oenga, Jr.*, Case No. 3:21-cv-00008-HRH
Opp. to Mot. to Lift Stay to Review Bar Counsel's Denial of Mot. to Dismiss re Res Judicata
Page 6 of 8

$1,251,281.00 **and nothing more**."[25]  Furthermore, the Bar Association fee arbitration was invoked as an alternative forum to resolve Mr. Givens' lawsuit against Mr. Oenga, Jr. for attorney's fees. The reason Mr. Givens filed suit is because he does not have any final judgment against Mr. Oenga.

Mr. Givens' Motion to Lift Stay to Review Bar Counsel's Decision on his Motion to Dismiss is an impermissible request for judicial review. Just because Givens' "believes that Bar Counsel's decision was in error," does not give him the right to seek judicial review before any final award has been made after Fee Arbitration has been initiated. Both the attorney and the former client have an interest in fair, expedient and inexpensive adjudication.[26]

> The same considerations which underlie the limits on appealability under the arbitration act apply to those limits in the context of attorney fee arbitration. They are that review on the merits tends to cause delay, necessitates greater judicial involvement, is more apt to require the employment of counsel, and thus cause greater expense, and is more apt to result in the need for additional hearings and in this way too will contribute to added delay and expense.
>
> In addition to these generic considerations there are factors which are unique to attorney fee arbitration. These are the need for public confidence in the lawyer/client relationship, the difficulty which clients of limited income may have in procuring an attorney to represent them against another attorney, and the vulnerability of clients when litigating against their former lawyers. Also to be considered is the fact that Alaska has had mandatory fee arbitration since 1974. The system has apparently worked well. There have been some 400 cases disposed of by fee arbitration panels during the last decade and the process seems to be working as it was designed to work.

---

[25] Exhibit B at p. 5. (Emphasis supplied).
[26] *A. Fred Miller, Att'ys at L., P.C. v. Purvis,* 921 P.2d 610, 618 (Alaska 1996).

*Givens v. Oenga, Jr.*, Case No. 3:21-cv-00008-HRH
Opp. to Mot. to Lift Stay to Review Bar Counsel's Denial of Mot. to Dismiss re Res Judicata
Page 7 of 8
Case 3:21-cv-00008-HRH   Document 57   Filed 01/03/22   Page 7 of 8

Mr. Givens asserts: "If the stay is lifted, Plaintiff will file a motion with this Court to dismiss this action on grounds of res judicata."[27] But Mr. Givens sued Mr. Oenga claiming that he is owed legal fees, and, therefore, Mr. Oenga has the right to compel fee arbitration. Mr. Givens' belief that this Court will somehow make a better decision than Alaska Bar Association, or that it is somehow unfair to leave this issue to a Fee Arbitration panel, is not a valid reason to lift the stay in this case. Mr. Givens' Motion to Lift Stay to Review Bar Counsel's Denial of Motion to Dismiss on Grounds of Res Judicata should be DENIED.

DATED this 3rd day of January, 2022 at Anchorage, Alaska.

LAUESEN LAW TEAM, LLC
Attorneys for Defendant Leroy Oenga, Jr.

By: s/ Rachel B. Lauesen
Rachel B. Lauesen, ABA No. 0905016

CERTIFICATE OF SERVICE
The undersigned hereby certifies that on
3rd day of January, 2022 a true and correct
copy of the foregoing document was served via
CM/ECF to the following recipients:

Russell Winner, Esq.
rwinner@winnerlaw.com

By: s/ Rachel B. Lauesen
Rachel B. Lauesen

---

[27] Given's Mot. to Lift Stay (Doc 56) at p. 4.

*Givens v. Oenga, Jr.*, Case No. 3:21-cv-00008-HRH
Opp. to Mot. to Lift Stay to Review Bar Counsel's Denial of Mot. to Dismiss re Res Judicata
Page 8 of 8
Case 3:21-cv-00008-HRH   Document 57   Filed 01/03/22   Page 8 of 8