

IN REPLY REFER TO:
LTRO SH/cr

# UNITED STATES
# DEPARTMENT OF THE INTERIOR

BUREAU OF INDIAN AFFAIRS
ALASKA REGION
ALASKA LAND TITLES & RECORDS OFFICE
3601 C Street, Suite 1100
Anchorage, Alaska 99503-5947
(907) 271-1622 FAX (907) 271-4801

THIS IS TO CERTIFY that the foregoing DECISION, Probate **P000102729,** are full, true, and correct copies of the original as the same appears in the records and files of Indian Affairs, Alaska Land Titles & Records Office.

IN WITNESS WHEREOF, I have hereunto set my hand on October 18, 2013 at Anchorage, Alaska.

Scott Houk,
Acting Supervisory Legal Administrative
Specialist

Return To:  Inupiat Communities Arctic Slope
            Attn: Realty Dept.
            PO BOX 934
            Barrow, Alaska 99723-0934

**BARROW RECORDING DISTRICT**



# United States Department of the Interior
## OFFICE OF HEARINGS AND APPEALS
Probate Hearings Division
P.O. Box 26147
Albuquerque, NM 87125
(505) 563-5330
(505) 563-5341 (Fax)

IN THE MATTER OF THE ESTATE OF:

**LEROY OENGA SR.**

**PROBATE P000102729IP**

Deceased Alaska Native
Identification No.: 985U000206

**DECISION**

After notice served and posted as required by 43 C.F.R., part 30, hearing in this matter were held at Fairbanks, Alaska on August 7, 2012 and Anchorage, Alaska on December 7, 2012 to determine the validity of the last will of Leroy Oenga Sr., deceased Alaska Native, and to settle his trust and restricted property estate.

My Findings and Conclusions based upon the evidence of record are as follows:

1. <u>Decedent</u>. Leroy Oenga Sr., whose last residence was in the State of Alaska, was born May 6, 1956 and died intestate on March 1, 2012. The Decedent was not married at the time of death. His only marriage was to Caroline (Nashookpuk) Cannon and the marriage was terminated by decree of divorce prior to the Decedent's death. The Decedent had a long term relationship with Bernice Solomon but they never married.[1]

The Decedent had five children named Piquk Nashookpuk-Oenga, Emma Frieda Kinneveak, Leroy L. Oenga Jr., Lillian Gayle Oenga, and Brian L. Oenga.[2] Lillian died without issue in 1987. Piquk died with issue in 2009. Emma, Leroy Jr., and Brian survived at the time of the Decedent's death.

2. <u>Estate Property</u>. Decedent died owning interests in trust or restricted property under the jurisdiction of the Secretary of the Interior.

3. <u>Will</u>. A will of Decedent executed March 11, 2010 has been presented in this estate. The will is self-proved within the meaning of 25 C.F.R. §§ 15.8 and 15.9.

There were no objections to the Decedent's will by any party possessing legal standing to object. At the hearing on December 7, 2012, the Decedent's brother Joseph Oenga objected to the will on grounds of lack of testamentary capacity. Joseph is not a claimant against the estate and has no representative capacity regarding any potential heir of the Decedent's estate or any beneficiary listed in the Decedent's will. Joseph is not a beneficiary listed in the Decedent's will

---

[1] In the second paragraph of her affidavit dated July 26, 2012, Bernice Solomon stated: "I lived with Leroy Oenga Sr. (Deceased) for 24 years, but we never married."

[2] At the hearing on December 7, 2012, statements were made by family members indicating that Brian L. Oenga was raised by another family. Because the Decedent died testate and because there were no objections to the will by any interested party with legal standing, it is unnecessary to determine whether Brian may have been adopted by other parents within the meaning of 25 U.S.C. § 372a.

and would not inherit a share of the estate in the absence of the will. Therefore, Joseph does not qualify as an interested party as defined in 43 C.F.R. § 30.101 and lacks standing to object to the will. Accordingly, any objection to the Decedent's will expressed by Joseph cannot be addressed and is therefore denied.

The Decedent's will satisfies all federal requirements specified in 25 C.F.R. §§ 15.3, 15.4, 15.8, and 15.9. The Decedent's will was properly executed and at the time of execution Decedent possessed testamentary capacity and acted free of undue influence. The will is approved.

The will contains various provisions pertaining to both restricted native property and non-restricted property. The jurisdiction of this forum is limited to restricted native property and property (real or personal) held in trust by the United State of America. No findings are made and none should be inferred from this decision as to those provisions of the will which pertain solely to non-trust or non-restricted property.

The fifth clause of the will contains a devise of property described therein as an "inherited interest in Restricted Native Townsite located in Barrow, Alaska, U.S. Survey No 4615, Block 40, Lot 21 located at 308 Oogruk Street and all improvements thereon[.]" The inventory of the Decedent's restricted real property does not include any interest in the property described in this provision of the will. No interest in this lot shall be distributed as a result of this decision. No further findings are made as to this provision of the will.

The sixth paragraph of the will provides as follows:

I give, devise and bequeath my inherited interest in Native Allotment FF-14632 Parcels a & B [sic] to my son Leroy Oenga Jr. If he fails to survive me, I give, devise and bequeath to my daughter Emma Frieda Kinneveak along with a life estate to Emma Frieda Kinneveak, Bernice T. Solomon, Forrest D. Solomon, and Brian L. Oenga. With remainderment to Leroy Oenga Jr.

The principle criterion in construing an Indian will is the intention of the testator, if that intention can be reasonably ascertained. Estate of Margaret Fisher Leader Molina, 27 IBIA 254 (1995). Testamentary intent is determined "from entire language of a will[.]" Estate of Daniel J. Pierre, 6 IBIA 17 (1977). Leroy Oenga Jr. survived when the Decedent died and based on that fact, pursuant to the first sentence of this provision of the will, the Decedent's interest in the described property must pass to him. The second sentence is dependent upon the condition contained in its first clause which gives effect to the remainder of the sentence only if Leroy Oenga Jr. failed to survive the Decedent. Therefore the second sentence has no effect. I have considered the effect of the third sentence which by its use of the term "remainderment" lends some support to an interpretation that the Decedent may have intended Leroy Jr. to receive the property subject to life estates in favor of the persons listed in the second sentence. For the reasons previously stated as to the second sentence, I reject that interpretation. As the Board of Indian Appeals has made clear, I cannot substitute for what isn't there when construing a will. Estate of Teresa Mitchell, 25 IBIA 88 (1993). Therefore, the Decedent's interest in restricted Native Allotment no. 985F14632, parcels A and B, plus any income generated from the property, shall be distributed to:

| Name | Date of Birth | Relation to Decedent | Share | Indian[3] | Eligible[4] |
|---|---|---|---|---|---|
| Leroy Lee Oenga Jr. | 09/16/1979 | Son | All | Yes | Yes |

The Decedent's trust or restricted property estate also includes funds deposited into a special deposit account administered by the United States arising from or attributable to a cash settlement resulting from litigation styled as Wallace Oenga, et al. vs. United States of America and Intervenors BP Exploration, et al., United States Court of Claims Case No. 06-0491-NBF. These funds arise from or are attributable to litigation concerning profits or income derived from the Decedent's restricted Native Allotment no. 985F14632, parcels A and B. Therefore, these litigation proceeds are the property of and shall be distributed to Leroy Oenga Jr., the devisee of the property from which the litigation proceeds were derived, subject to payment of approved claims.

In the alternative, I find that the same result would arise under the written renunciation executed and filed by Bernice T. Solomon which modifies the effect of the tenth paragraph of the Decedent's will. The tenth paragraph of the Decedent's will provides as follows:

> I bequeath my intangible personal property to Bernice T. Solomon and my tangible personal property to Forrest Solomon my "stepson" my Honda (Year-2006, Make-Ranger, Model # TRX 350)[5]

Bernice T. Solomon has executed and filed a written renunciation, dated November 19, 2012, of her right to receive any intangible personal property from the Decedent's estate. The renunciation document explicitly includes any settlement proceeds resulting from the litigation identified by "case number 1:06-cv-00491-NBF or docket 06-491" paid by "BP Exploration Inc., Chevron U.S.A., Inc., ConocoPhillips Alaska Inc., ExxonMobil Alaska Production, Inc. and the United States of America."[6] The Decedent's estate received a substantial financial settlement from the aforementioned litigation and the Decedent's share has been deposited into a special account administered by the United States. The renunciation explicitly designates Leroy L. Oenga Jr. as the recipient of any such litigation proceeds that would otherwise be distributed to Bernice T. Solomon by reason of the Decedent's will.

Bernice Solomon was provided with written notice of each hearing held in this estate and has not appeared, in person or by any authorized representative, and has not participated in this proceeding. Because there is nothing in the record to the contrary, I find that her renunciation was executed with full understanding of its effect upon her rights. Therefore, the renunciation executed by Bernice T Solomon on November 19, 2012 is approved.

---

[3] "Indian" for these purposes means a member or a lineal descendant of a member of a federally recognized Indian or Alaskan tribe.
[4] An Indian is eligible to have inherited restricted or trust property remain in that status.
[5] As previously stated, the jurisdiction of this forum does not extend to non-trust and non-restricted property. Therefore, no interest in what appears to be an all-terrain vehicle referenced in this provision of the will, or any other tangible personal property, shall be distributed by reason of this decision.
[6] The renunciation explicitly excludes Bernice's rights under the eighth and ninth articles of the Decedent's will to receive stock in certain named native corporations from the scope or extent of the property renounced. Nothing in this decision is intended to alter or affect her rights under the seventh and eighth paragraphs of the Decedent's will.

After giving effect to the tenth paragraph of the Decedent's will and after also giving effect to the renunciation executed by Bernice T. Solomon, the Decedent's share of any cash proceeds deposited into the special deposit account administered by the United States and subject to the jurisdiction of this forum attributable to or arising from litigation pertaining to the Decedent's restricted Native property referenced above, plus any post-death interest or income generated from these funds, would be distributed to Leroy Oenga Jr. subject to payment of approved claims.

Therefore, the result would be the same under this alternate rationale.

4. <u>Claims</u>. A claim has been filed against this estate by Raymond C. Givens based on a contingency fee contract executed by the Decedent. The claim is for legal services rendered pursuant to the contingency fee contract in litigation styled as Wallace Oenga, et al. vs. United States of America and Intervenors BP Exploration, et al., United States Court of Claims Case No. 06-0491-NBF. The claim is valid because the contracted services were rendered and a substantial settlement was obtained for the plaintiffs including the Decedent's estate. The Decedent's non-trust estate is negligible and insufficient to pay any portion of the claim. There was no objection to approval of the claim in the amount of $1,251,821.00. The claim is therefore approved for payment in the amount of $1,251,821.00 from trust or restricted funds administered by the United States on belhalf of the Decedent's estate.

## ORDER

By the authority vested in the Secretary of the Interior by 25 U.S.C. §§ 372 and 373 as amended, and other applicable statutes, and pursuant to 43 C.F.R. part 30, it is hereby **ORDERED:**

The Superintendent or other officer in charge shall distribute the estate according to the findings and conclusions in this Decision.

Under 43 C.F.R. §§ 30.232 and 30.234, no written transcript of the hearing was made, the names of those persons who attended the hearing are set forth on the Attendance Roster included in the record, the verbatim recording of the hearing will be retained until the appeal period has expired. I certify that this decision is based upon all the evidence of record in this matter.

This decision is final for the Department unless a petition for rehearing is properly filed in accordance with 43 C.F.R. § 30.238 (76 FR 7500, 7508, February 10, 2011) within thirty (30) days from the date of this Decision as set forth in the attached notice.

Done at Albuquerque, NM on

SEP 2 7 2013

James Yellowtail
Administrative Law Judge

```
DATE:    3/12/2012                    BUREAU OF INDIAN AFFAIRS              PAGE:       1 of 3
TIME:    14:43:04  CST               INVENTORY OF DECEDENTS REPORT          REQUESTOR:  DWALLNER
                                         ALL TITLE HOLDINGS
```

```
---- OWNER ----       BIRTHDATE:  05/06/1956    DEATHDATE:  03/01/2012
 TRB  CL   NUMBER
 985  U    000206
```

-------------------------------- NAMES OR ALIASES --------------------------------

| LAST NAME | FIRST NAME | MIDDLE NAME |
|---|---|---|
| OENGA SR ESTATE | LEROY | |
| ONEGA | LEROY | |
| OENGA | LEROY | |
| OENGA, SR | LEROY | |

```
    ---- TRACT ID ----   TITLE                                                    ----- DATE OF LAST -----
LAC  PFX  NUMBER  SFX   PLANT          LAND AREA        RESOURCES          EXAM DATE      VERIFY DATE
985  F   .14632B         ANCHORAGE, AK  ARCTIC SLOPE    Both (Except O & G) 08/11/2011    08/11/2011

    ANDREW OENGA
```

```
                                                                                       CUMULATIVE
                                                                             ACRES      ACRES
    STATE: AK   COUNTY: BARROW     LOT: TR B  BLOCK: X   SUB-DIVISION:   USS: X   22.210    22.210

    TRACT B, LOCATED WITHIN SECTION 36, TOWNSHIP 12 NORTH, RANGE 15 EAST, UMIAT MERIDIAN,
    ALASKA.
                                           TOTAL LOT BLOCK SUB-DIVISION ACRES:  22.210    22.210
```

```
      - OWNER -    --- DOCUMENT ---  NAME IN WHICH                              TOTAL ESTIMATE
     TYP OT INT CLS TYP  NUMBER      FIRST ACQUIRED       FRACTION ACQUIRED         VALUE

      I   R   A  11  IT  SL048H98    OENGA SR ESTATE              1
                                     LEROY                       25
     Acquired From 985U000203
                OENGA, JENNIE
      I   R   A  11  TS  SA437N90    ONEGA LEROY                  1
                                                                  5
     Acquired From 985A000176
                OENGA, ANDREW
                                                                          $_____
```

```
                                   INDIVIDUAL SHARE           AGGREGATE SHARE       AGGREGATE
                                   MONETARY VALUE             CONVERTED TO LCD      DECIMAL
                                                                       6
                            $_____                          25          .2400000000
```

```
     ---- TRACT ID ----    TITLE                                                  ----- DATE OF LAST -----
LAC  PFX  NUMBER   SFX    PLANT         LAND AREA        RESOURCES              EXAM DATE      VERIFY DATE
985   F   14632A          ANCHORAGE, AK ARCTIC SLOPE     Both (Except O & G)    08/11/2011     08/11/2011

     ANDREW OENGA

                                                                                   SECTION      CUMULATIVE
  SEC  TOWNSHIP  RANGE   COUNTY          ST  MERIDIAN    LEGAL DESCRIPTION         ACRES         ACRES
  22   011.00N   017.00E BARROW          AK  Umiat            LOT 999, USS: 8083   64.000        64.000

  DESCRIPTION:

  THE "999" FOUND IN THE LOT FIELD IS A PSEUDO CODE AND DOES NOT AFFECT THE TRUE TITLE OF
  THIS TRACT.
  27   011.00N   017.00E BARROW          AK  Umiat            LOT 999, USS: 8083   55.950       119.950

                                                         TOTAL SECTION ACRES:    119.950       119.950


    - OWNER -    --- DOCUMENT ---   NAME IN WHICH                                TOTAL ESTIMATE
    TYP OT INT CLS TYP  NUMBER      FIRST ACQUIRED       FRACTION ACQUIRED            VALUE
     I   R   A   12 AM  SL048H98    OENGA SRLEROY                  1
                                                                   25

  Acquired From 985U000203
                OENGA, JENNIE
     I   R   A   11 TS  SA437N90    ONEGA LEROY                    1
                                                                   5

  Acquired From 985A000176
                OENGA, ANDREW
                                                                       $_____


                                          INDIVIDUAL SHARE           AGGREGATE SHARE      AGGREGATE
                                          MONETARY VALUE             CONVERTED TO LCD      DECIMAL
                                                                             6
                                       $_____              25          .2400000000
```

TOTAL MONETARY VALUE:   SURFACE $_____  MINERAL $_____  BOTH $_____

OVERALL TOTAL MONETARY VALUE: $_____

**CERTIFICATION OF VALUE**

THE VALUE STATED IN THIS INVENTORY IS AN ESTIMATE AND DOES NOT NECESSARILY
REPRESENT THE PRESENT FAIR MARKET VALUE OF THE PROPERTY.  FURTHER INVESTIGATION
OF THE VALUE MUST BE MADE BEFORE ENTERING INTO ANY NEGOTIATIONS OR CONTRACTS
INVOLVING THESE PROPERTIES.

_____
CERTIFYING OFFICER'S LOCATION

_____          _____
        DATE                               CERTIFYING OFFICER

LEASES (ADDITIONAL LEASES ON SEPARATE PAGE):

| LEASE NUMBER       | EXPIRATION DATE | ANNUAL SHARE($) |
|--------------------|-----------------|-----------------|
| _____  | _____   | _____   |
| _____  | _____   | _____   |
| _____  | _____   | _____   |
| _____  | _____   | _____   |
| _____  | _____   | _____   |

**CERTIFICATION OF TITLE**

IT IS HEREBY CERTIFIED THAT THE FOREGOING IS AN ACCURATE INVENTORY ACCORDING
TO THE RECORDS OF THE LAND TITLES AND RECORDS OFFICES OF THE BUREAU OF INDIAN
AFFAIRS OF THE TRUST OR RESTRICTED INTERESTS OWNED BY THE ABOVE-NAMED DECEDENT
AT THE TIME OF HIS DATE OF DEATH, MARCH 01, 2012.

   3/12/12                                    [signature]
_____                     _____
    DATE                               LAND TITLES AND RECORDS OFFICE


\* \* \* \* END OF REPORT \* \* \* \*

# INVENTORY AND APPRAISEMENT
## OF LEROY OENGA SR.
## DECEASED ALASKA NATIVE OF THE STATE OF ALASKA

According to the records of the Inupiat Community of the Arctic Slope, Realty Department, Barrow, Alaska Michael Delia, at the time of his death, 03/01/2012, possessed the following described restricted real property, located in the state of Alaska:

| | |
|---|---|
| Inherited Interest in Native Allotment FF-14632A <br><br><br><br><br><br><br><br> Native Allotment Estimated at $900,000.00 | FF-14632A Andrew Oenga, SR (SA 437N-90) Native Allotment Certificate 50-2006-0053 Issued for US Survey 8083 located in Sections 22 & 27, Township 11 N., Range 17 E., Umiat Meridian, Alaska, containing 119.95 acres pursuant to the Act of May 17, 1906 (34 Stat. 197), as amended <br> BARROW RECORDING DISTRICT <br><br> Received 1/5 Interest Direct from Andrew Oenga Sr., SA 437N-90 <br><br> Received 1/25 Interest from Jennie Oenga, SL 048H-98 <br><br> Aggregate Interest: 6/25      $216,000.00 |
| Inherited interest in Native Allotment FF-14632B <br><br><br><br><br><br> Native Allotment Estimated at: aggregated interest: 1/5 | FF-14632B Andrew Oenga, Sr, (SA 437N-90) Native Allotment Certificate 50-2005-0580 issued for Tract B, Lot 1, Sections 36, Township 12 N., R. 15 E Umiat Meridian, AK containing 22.21 acres. Pursuant to the Act of May 17, 1906 (34 STAT. 197), as amended. <br> BARROW RECORDING DISTRICT <br><br> Received 1/5 interest Direct from Andrew Oenga, Sr, SA 437N-90 <br><br> Received 1/25 interest through Jennie Oenga, SL 048H-98. <br><br> Aggregated Interest 6/25      $144,000.00 |

TOTAL ESTIMATED VALUE:     $360,000.00

I hereby certify that the foregoing is an accurate inventory, according to the records of the Inupiat Community of the Arctic Slope, Realty Department, Barrow, Alaska. That the certified restricted real property or interest therein owned by *Leroy Oenga Sr.* at the time of his death 03/01/2012. The value shown in the inventory is an estimate at the time of Leroy Oenga Sr.'s death. It may not necessarily represent the present market value of the property. Further investigation of value should be made before entering into any negotiations involving this property. This estimate was prepared by the Inupiat Community of the Arctic Slope Realty Dept Staff, and is to be used for probate purposes only.

Dated in Barrow, Alaska on  3-27-11
                            Date

*[signature]*

Lilly Aveoganna, Realty Specialist
Inupiat Community of the Arctic Slope