Russell L. Winner
Alaska Bar Association No. 7811149
WINNER & ASSOCIATES, P.C.
900 W. 5th Avenue, Suite 700
Anchorage, AK 99501
Telephone: (907) 277-9522
Facsimile: (907) 277-4510
Email: rwinner@winnerlaw.com

Attorneys for Plaintiff Raymond C. Givens

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RAYMOND C. GIVENS,<br><br>    Plaintiff,<br><br>  v.<br><br>LEROY OENGA, JR.<br><br>    Defendant. | Case No. 3:21-cv-00008-HRH |

**PLAINTIFF'S REPLY TO DEFENDANT'S
OPPOSITION TO MOTION TO LIFT STAY**

Plaintiff Raymond C. Givens replies here to the opposition[1] of Defendant Leroy Oenga, Jr., to Plaintiff's motion to lift this Court's stay to allow the Court to consider the application of the principle of res judicata to this action.[2] For the reasons stated

---

[1] Docket No. 57.

[2] Docket No. 56.

PLAINTIFF'S REPLY TO DEFENDANT'S
OPPOSITION TO MOTION TO LIFT STAY
*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska, Case No. 3:21-cv-00008-HRH      Page 1 of 5

Case 3:21-cv-00008-HRH   Document 60   Filed 01/10/22   Page 1 of 5

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

below, the arguments in Defendant's opposition lack merit, and the Court should grant Plaintiff's motion to lift the stay.

Defendant argues that following referral of this matter to fee arbitration, both findings of fact and legal conclusions are unreviewable by this Court, "except for legal conclusions that pertain to the question of arbitrability."[3] However, the applicability of the principle of res judicata is precisely such a question. Further, in contrast to the cases cited by Defendant,[4] the Court retained jurisdiction here to decide other legal issues after the arbitration panel's decision on the reasonableness of Mr. Givens' fee.[5]

Defendant argues that the applicability of res judicata should be decided by the fee arbitration panel.[6] However, Alaska Bar Counsel did not decide the merits of Plaintiff's res judicata motion, and he limited the panel's consideration to whether the fees are fair and reasonable.[7] Thus, the panel will not have authority to dismiss the Defendant's petition for fee arbitration on grounds of res judicata. Accordingly, the cases cited by Defendant, supporting the arbitrability of the res judicata issue, are inapposite.[8]

---

[3] Docket No. 57, at 5.

[4] *Id.*, at 4-7.

[5] Docket No. 55, at 7.

[6] Docket No. 57, at 6.

[7] Docket No. 56-2.

[8] Docket No. 57, at 5-6.

PLAINTIFF'S REPLY TO DEFENDANT'S
OPPOSITION TO MOTION TO LIFT STAY
*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska, Case No. 3:21-cv-00008-HRH    Page 2 of 5

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Although the merits of Plaintiff's res judicata motion will not be decided by Bar Counsel or the fee arbitration panel, the Court has authority to rule on that question. It would be an inefficient use of arbitration and judicial resources for the Court to defer doing so until after an arbitration hearing has been held and an arbitration decision has been issued. Accordingly, the Court should take this matter up now.

Defendant's opposition touched briefly on the merits, arguing that res judicata does not apply because ALJ Yellowtail's decision in the federal probate of the estate of Leroy Oenga, Sr., approved Plaintiff's claim for $1,251,281.00 "and nothing more."[9] However, that amount included payment of Plaintiff's fee not only from the lump-sum settlement, which was for an increase in *past* annual rents, but also payment of Plaintiff's fee from the increased *future* annual rent paid to the estate after the settlement but before date of the ALJ's decision.[10]

---

[9] *Id.*, at 6-7, quoting from the BIA's Regional Director, James Laudermilk.

[10] In the probate proceeding, Plaintiff filed a claim for fees in the amount of $1,212,180 from the lump-sum settlement and for fees in the amount of $39,648.95 from rent for year 2013 (which had been paid in the fall of 2012, after the lump-sum settlement and before the ALJ's decision), for a total of $1,251,828.95. The ALJ's decision, dated September 27, 2013, approved payment to Plaintiff of $1,251,821.00, which necessarily included payment of fees from rent for year 2013. Plaintiff does not know the reason for the slight reduction of $7.95 from the amount claimed, and he did not challenge it. If the ALJ's decision had been issued a few weeks later, after the payment of rent for year 2014 (which occurred in the fall of 2013, shortly after the date of the ALJ's decision), there is no reason to doubt that the ALJ would have approved the payment of Plaintiff's fee from that year's rent as well.

PLAINTIFF'S REPLY TO DEFENDANT'S
OPPOSITION TO MOTION TO LIFT STAY
*Raymond C. Givens v. Leroy Oenga, Jr.*,
U.S. District Court for the District of Alaska, Case No. 3:21-cv-00008-HRH     Page 3 of 5

Case 3:21-cv-00008-HRH   Document 60   Filed 01/10/22   Page 3 of 5

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

The fact that the jurisdiction of the ALJ was limited to funds in the estate's IIM account on the date of his decision does not mean that the decision has no res judicata effect here. The ALJ ruled, following a full adjudicative hearing, that Plaintiff's fee, to be paid from the past and future rents over which he had jurisdiction, was fair and reasonable. Defendant had the opportunity to, but chose not to, make the same arguments then that he is making now against the payment of Plaintiff's fee. Defendant did not appeal the ALJ's decision, and it became a final judgment. Plaintiff submits that both issue preclusion and claim preclusion are applicable here.[11]

Plaintiff's instant motion simply asks the Court to lift the stay to permit full briefing on the applicability of the principle of res judicata to this case. The facts and law supporting that argument will be more fully presented by Plaintiff if the stay is lifted.

For the reasons stated above, the Court should grant Plaintiff's motion to lift the stay, to allow the Court to consider the applicability of res judicata to this action.

---

[11] *See, e.g., Gonzales v. California Department of Corrections*, 739 F.3d 1226, 1232 (9th Cir. 2014) (applying California law, claim preclusion is applicable even where the plaintiff initially sued in a court of limited jurisdiction); *Noel v. Hall*, 341 F.3d 1148, 1171 (9th Cir. 2003) (applying Washington State law, judgments from a small claims court may preclude later claims in court of general jurisdiction).

PLAINTIFF'S REPLY TO DEFENDANT'S
OPPOSITION TO MOTION TO LIFT STAY
*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska, Case No. 3:21-cv-00008-HRH   Page 4 of 5

Case 3:21-cv-00008-HRH   Document 60   Filed 01/10/22   Page 4 of 5

Dated this 10th day of January, 2022, at Anchorage, Alaska.

                                                WINNER & ASSOCIATES, P.C.
                                                Attorneys for Plaintiff Raymond C. Givens

                                  By:   /s/ Russell L. Winner
                                         Russell L. Winner
                                         Alaska Bar No. 4811179

**Certificate of Service**
I hereby certify that on January 10, 2022,
a copy of the foregoing document was served electronically
through the ECF system as indicated on the Notice of Electronic Filing.

By:   /s/ Carrie Sisson
         Carrie Sisson

PLAINTIFF'S REPLY TO DEFENDANT'S
OPPOSITION TO MOTION TO LIFT STAY
*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska, Case No. 3:21-cv-00008-HRH     Page 5 of 5

Case 3:21-cv-00008-HRH   Document 60   Filed 01/10/22   Page 5 of 5