IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

RAYMOND C. GIVENS,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　vs.　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
LEROY OENGA, JR.,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)　　No. 3:21-cv-0008-HRH
　　　　　　　　　Defendant.　　　　　　)
_____)

O R D E R

Motion to Lift Stay[1]

Plaintiff moves to lift a stay of proceedings in this case for purposes of the review of Bar Counsel's denial of plaintiff's motion to dismiss fee arbitration proceedings initiated by defendant. The motion is opposed.[2] Oral argument has not been requested and is not deemed necessary.

By order of September 30, 2021, proceedings in this court were "stayed pending resolution of defendant's petition for arbitration filed with the Alaska Bar Association."[3] Fee arbitration proceedings having been commenced before the Alaska Bar Association, plaintiff moved to dismiss defendant's petition. Bar Counsel denied the motion to

---

[1]Docket No. 56.

[2]Docket No. 57.

[3]Order re Motion for Stay of Proceedings at 7, Docket No. 55.

ORDER – Motion to Lift Stay　　　　　　　　　　　　　　　　　　　　　　　　　　　　- 1 -

dismiss, concluding that "this fee dispute is 'subject to arbitration under these rules' for purposes of Bar Rule 36(a)(4)."[4]  Bar Counsel further held that "the issues before the fee arbitration [panel] are still limited to those set forth in Bar Rules 34 through 42."[5]

Plaintiff now moves to lift this court's stay of proceedings for purposes of reviewing Bar Counsel's foregoing decision.  It is plaintiff's position that Bar Counsel should have dismissed defendant's fee arbitration petition on res judicata grounds.

"[A] court may lift a stay of litigation when the reasons for imposing the stay no longer exist." Ralph v. HAJ, Inc., Case No. 17cv1332 JM(JMA), 2019 WL 313098, at *2 (S.D. Cal. Jan. 24, 2019).

> The following non-exhaustive factors are instructive in determining whether a stay should be granted or lifted:
> (1) whether the movant has made a strong showing of a likelihood of success on the merits; (2) whether the movant will be irreparably injured absent a stay; (3) whether the issuance of a stay will substantially injure other interested parties; and
> (4) whether the public interest supports a stay.

Id.  "Other factors" that may be "pertinent to lifting a stay include the present status of the litigation, whether the non-moving party would be unduly prejudiced or tactically disadvantaged, and whether the movant is acting in good faith." Id.

In moving to lift the stay in this case, plaintiff has not shown that he or anyone else will be harmed as a consequence of proceeding with the fee arbitration rather than the res judicata issue which plaintiff now seeks to raise.  On the basis of plaintiff's showing, the court is unable to say that plaintiff is likely to prevail on the merits of the res judicata issue.  Were the court to grant plaintiff's motion, it is a virtual certainty that proceedings

---

[4]Bar Counsel's Ruling on Motion to Dismiss at 2, SEALED Exhibit 2, Plaintiff's Motion to Lift Stay [etc.], Docket No. 56.

[5]Id.

ORDER – Motion to Lift Stay                                                                                    - 2 -

before the fee arbitration panel would be delayed or disrupted.  The court and the public have an interest in seeing attorney fee disputes resolved quickly, and it is of course entirely possible that plaintiff will prevail in the arbitration proceedings, a decision that would substantially affect further proceedings in this court.

The court is unpersuaded that there is any reason for it to intervene in the fee arbitration proceedings by way of lifting the stay of proceedings in this case.  Plaintiff's motion to lift the stay of proceedings in this case is denied.

DATED at Anchorage, Alaska, this  13th  day of January, 2022.

/s/   H. Russel Holland
United States District Judge