RUSSELL L. WINNER, ABA 7811149
WINNER & ASSOCIATES, P.C.
900 W. 5th Avenue, Suite 700
Anchorage, AK 99501
Telephone: (907) 277-9522
Facsimile: (907) 277-4510
Email: rwinner@winnerlaw.com
Attorneys for Plaintiff Raymond C. Givens

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RAYMOND C. GIVENS,<br><br>    Plaintiff,<br><br> v.<br><br>LEROY OENGA, JR.<br><br>    Defendant. | Case No. 3:21-cv-00008-HRH |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO CONTINUE THE STAY**

Defendant Leroy Oenga, Jr., has asked the Court to continue the stay of this action[1] so that he can challenge the Decision and Order of the fee arbitration panel in state court.[2] That motion should be denied. First, the panel was not biased against

---

[1] Docket No. 55.

[2] Docket No. 70.

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH     Page 1 of 6

Defendant. Second, the panel's decision did not violate *Lesnoi, Inc. v. Merdes & Merdes, P.C.*, 307 P.3d 879 (Alaska 2013). Finally, the stay of this action should not be continued based on the doctrine of comity. These points are discussed in greater detail below.

### I. The Fee Arbitration Panel Was Not Biased Against Defendant

Defendant reviewed the names of the persons selected for the arbitration panel before the arbitration, and he did not challenge any of them for cause, as he could have done under Alaska Bar Rule 37(g). Now, unhappy with the panel's Decision and Order, Defendant alleges that "there was evident partiality by the arbitration panel." Defendant, however, presents no evidence in support of that unfounded and frivolous allegation.

For the above reasons, the Court should rule that the panel was not biased against Defendant.

### II. The Panel's Decision Did Not Violate *Lesnoi v. Merdes & Merdes*

Defendant alleges that the fee-arbitration panel's decision violated *Lesnoi, Inc. v. Merdes & Merdes, P.C.*, *supra*. That case, however, is inapposite.

In *Lesnoi v. Merdes & Merdes*, the Alaska Supreme Court found that an attorney's fee based on a percentage of the value of lands conveyed to a Native village corporation under the Alaska Native Claims Settlement Act ("ANCSA"), 43 U.S.C. §§ 1601, et seq., violated the Section 22(a) of ANCSA, 43 U.S.C. § 1621(a). That provision of ANCSA provides, in pertinent part, as follows:

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH  Page 2 of 6

Case 3:21-cv-00008-HRH   Document 72   Filed 03/07/23   Page 2 of 6

> [N]one of the lands *granted by this Act* to the Regional and Village Corporation and to Native groups and individuals shall be subject to any contract which is *based on a percentage fee of the value of all or some portion of the settlement granted by this Act*.

(Emphasis added.)

43 U.S.C. § 1621(a) has no application here. First, the subject allotment was neither part of the "lands granted by this Act" nor a "portion of the settlement granted by this Act." Andrew Oenga received his allotment under the Alaska Native Allotment Act of 1906 (34 Stat. 197), not as part of the lands conveyed under the ANCSA settlement. ANCSA repealed the Alaska Native Allotment Act, only *approving* the issuance of allotment certificates for allotment applications, like Andrew Oenga's, that *predated* enactment of ANCSA. Section 18(a) of ANCSA, 43 U.S.C. § 1617(a), provides, in pertinent part:

> [T]he Act of May 17, 1906 (34 Stat.197), as amended, is hereby repealed. Notwithstanding the forgoing provisions of this section, any application for an allotment that is *pending before the Department of the Interior on the date of enactment of this Act* may, at the option of the Native applicant, be *approved* and a patent issued in accordance with said . . . 1906 Act, . . . in which event the Native shall not be eligible for a patent under subsection 14(h)(5) of this Act.

(Emphasis added.) Andrew Oenga received his restricted allotment certificate under the Native Allotment Act of 1906, with title to the allotment land being retained by the United States, in trust for him. Andrew Oenga did *not* receive patent to the surface estate of a primary place of residence, under Section 14(h)(5) of ANCSA, 43 U.S.C. § 1613(h)(5).

U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH                                          Page 3 of 6

Case 3:21-cv-00008-HRH   Document 72   Filed 03/07/23   Page 3 of 6

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Further, 43 U.S.C. § 1621(a) proscribes an attorney's fee "based on a percentage fee of the value of all or some portion of the settlement granted by this Act." Plaintiff's fee is not based on a percentage of the value of the allotment. Instead, it is based on a percentage of the *rent* received from the allotment through 2036.

For the above reasons, the Court should rule that the panel's Decision and Order violated neither 43 U.S.C. § 1621(a) nor *Lesnoi v. Merdes & Merdes*.

### III. The Stay of this Action Should Not Be Continued Based on the Doctrine of Comity

Defendant argues that the Court should continue its stay of this action under the doctrine of comity. This, according to Defendant, is to allow him to pursue in a state court, rather than before this Court, his challenges to the panel's Decision and Order. Defendant's argument should be rejected.

The Court has already entered an order stating that it will "take up any complex Indian law issues, or any other issues, that remain to be resolved" after arbitration of the reasonableness of Plaintiff's fee.[3] That order was recognized and accepted by the panel's Decision and Order.[4] The Court should not vacate its order now, based on the doctrine of comity.

None of the issues raised by Defendant call for comity by the Court. Defendant's claim that panel members were biased against him is frivolous and can readily be resolved by the Court. Further, the interpretation and application of 43 U.S.C. § 1621(a),

---

[3] Docket No. 55, at 7.

[4] Docket No. 67-1, at 2.

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH

Page 4 of 6

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

a federal statute concerning the conveyance of federal lands under a federal act, is a particularly poor candidate for the application of the doctrine of comity. That is because Defendant is asking that this Court, a federal court siting in diversity jurisdiction, to defer to the state courts to decide a question of federal law that this Court previously reserved to itself.

Defendant cites *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 421-23 (2010), in support of his argument that the Court should continue the stay this action under the doctrine of comity. *Levin*, however, does not support Defendant's argument. That case concerned a constitutional challenge to state taxation, and the Supreme Court found federal-court comity and deference to the state courts to be particularly appropriate in that situation:

> Comity's constraint has particular force when lower federal courts are asked to pass on the constitutionality of state taxation of commercial activity. For it is upon taxation that the several States chiefly rely to obtain the means to carry on their respective governments, and it is of the utmost importance to all of them that the modes adopted to enforce the taxes levied should be interfered with as little as possible.

*Id*., at 421-22. Here, in contrast, no similarly strong state interest is implicated. The state courts are in no better position than this Court to assess the alleged bias of the panel or to interpret federal law.

For the above reasons, the Court should not continue the stay of this action, based on the doctrine of comity.

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH                                                                 Page 5 of 6

Case 3:21-cv-00008-HRH   Document 72   Filed 03/07/23   Page 5 of 6

## Conclusion

For the reasons stated above, the Court should deny Defendant's motion to continue to stay this action. Instead, the Court should grant Plaintiff's motion, filed separately herewith, to lift the stay and confirm the panel's Decision and Order.

A proposed order denying Defendant's motion is filed with this opposition.

DATED: March 7, 2023.

> RUSSELL L. WINNER
> WINNER & ASSOCIATES, P.C.
> Attorneys for Plaintiff Raymond C. Givens
>
> By: */s/ Russell L. Winner*
>     Russell L. Winner
>     Alaska Bar No. 7811179

## Certificate of Service

I hereby certify that a copy of the foregoing document was served electronically on the attorneys of record through the Court's CM/ECF System.

> */s/ Russell L. Winner*
> Russell L. Winner

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH      Page 6 of 6

Case 3:21-cv-00008-HRH    Document 72    Filed 03/07/23    Page 6 of 6