IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

RAYMOND C. GIVENS,

          Plaintiff,

vs.

LEROY OENGA, JR.,

          Defendant.

No. 3:21-cv-0008-HRH

O R D E R

Stay of Proceedings

    Defendant moves for an order continuing a stay of federal court proceedings with respect to an attorney fee disagreement.[1] The motion is opposed by plaintiff;[2] and defendant has replied.[3]

    Plaintiff moves[4] for an order to lift the stay of federal court proceedings and confirm the Arbitration Panel's decision and order.[5] The motion is opposed by defendant;[6] and plaintiff has replied.[7]

---

[1]Docket No. 70.

[2]Docket No. 72.

[3]Docket No. 74.

[4]Docket No. 73.

[5]Docket No. 67-1 (Sealed).

[6]Docket No. 75.

[7]Docket No. 76.

ORDER – Stay of Proceedings     - 1 -

By its order of September 30, 2021, the court stayed these federal court proceedings " pending resolution of defendant's petition for arbitration filed with the Alaska Bar Association."[8] After the Arbitration Panel rendered its decision and order of February 10, 2023, the court administratively cleared the stay of proceedings by a non-public docket entry on March 2, 2023. As a consequence, the two above-described pending motions will be considered by the court as a motion by defendant to reinstate a stay of federal court proceedings, and plaintiff's motion will be treated as one opposing the reinstatement of a stay of proceedings.

By amended order of July 21, 2021,[9] the court determined that the fee agreement between plaintiff and defendant was subject to the Alaska Bar Rules concerning attorney fee dispute resolution. Alaska Bar Rules 34-41. Alaska Bar Rule 40(t) addresses the subject of confirmation of Arbitration Panel awards; and, pertinent to what is presently before the court, affords parties subject to an Arbitration Panel decision the opportunity to "seek[] through the superior court to vacate, modify or correct the award in accordance with the provisions of AS 09.43.120 through -140 or AS 09.43.500 through -520." By Alaska Bar Rule 40(t), parties are afforded 90 days within which to apply to the superior court. The Alaska Bar Rules to which the parties to this case are subject make no provision for review of an Arbitration Panel decision by a court other than the Alaska Superior Court.

Defendant's motion to continue stay represents that defendant intends "to exhaust the arbitration process in state court ... under Bar Rule 40(t)."[10]

---

[8]Docket No. 55 at 7.

[9]Docket No. 42.

[10]Docket No. 70 at 2.

ORDER – Stay of Proceedings — - 2 -

Inasmuch as the court has determined that the parties are subject to the Alaska fee arbitration rules, defendant is entitled to pursue the superior court review remedy which Alaska Bar Rule 40(t) affords a party.

Plaintiff's motion to lift the stay of proceedings is denied. Defendant's motion to continue (reinstate) the stay is granted. These federal court proceedings are again stayed until 90 days after the February 10, 2023, decision and order of the Arbitration Panel; and if, within that 90-day period, defendant has commenced proceedings before the Alaska Superior Court pursuant to Alaska Bar Rule 40(t), the stay of proceedings shall continue until Alaska court review proceedings have been exhausted.

DATED at Anchorage, Alaska, this 17th day of March, 2023.

/s/   H. Russel Holland
United States District Judge