Rachel B. Lauesen, ABA No. 0905016
Lauesen Law Team, LLC
521 W. 41st Avenue, Suite 102
Anchorage, Alaska 99503
Telephone: (907) 206-2030
Facsimile: (907) 206-2040
Email: rachel@lauesenlaw.com
Attorneys for Defendant Leroy Oenga, Jr.

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

The Lauesen Law Team, LLC
521 W. 41st Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lauesenlaw.com

| | |
|---|---|
| RAYMOND C. GIVENS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| LEROY OENGA, JR. ) | |
| ) | |
| Defendant. ) | Case No. 3:21-cv-00008-HRH |

## OPPOSITION TO MOTION TO LIFT STAY TO ALLOW MOTION FOR PREJUDMENT WRIT OF ATTACHMENT AND CROSS-MOTION TO CONTINUE THE STAY SO THAT MR. OENGA CAN FILE AN APPEAL IN THE SUPREME COURT.

COMES NOW, Leroy Oenga, Jr., through counsel Rachel B. Lauesen of

Lauesen Law Team, LLC, and hereby files his Opposition to Givens' Motion to Lift

Stay for Purposes of Filing a Motion for Prejudgment Writ of Attachment.

*Givens v. Oenga, Jr.*, Case No. 3:21-cv-00008-HRH
Opposition to Motion to Lift Stay and Cross-Motion to Continue Stay
Page 1 of 27

## BACKGROUND

Givens sued Leroy seeking equitable and legal claims associated with Givens claim that he is entitled to receive a 25% contingency fee from Leroy's lease payment from an oil company associated with Leroy's 24% interest in a Restricted Native Allotment that Leroy inherited from his father, for 25 years after the representation concluded. Because Givens' claim involves a fee for legal services performed, Leroy commenced fee arbitration before the Alaska Bar Association and moved to dismiss this lawsuit. Alaska Bar Rule 39 provides that failure to give notice of fee arbitration will be grounds for dismissal. This Court determined that "there is little to be gained by dismissal," but ordered that Mr. Oenga could pursue fee arbitration and the Court would issue a stay.[1]

On September 30, 2021, this Court <u>denied</u> Givens Motion to retain jurisdiction to adjudicate the legal issues and refer only the question of reasonableness to the Panel, and ordered:

> Plaintiff argues that '[t]he court should refer to arbitration only the reasonableness of [p]laintiff's contingency fee" and "should retain jurisdiction to adjudicate the legal issues regarding [p]laintiff's claims for declaratory judgment and for orders of specific performance. First of all, there is no need for the court to refer any particular matters to arbitration. Arbitration proceedings before the Alaska Bar Association will flow from defendant's petition for arbitration. Secondly, the issue of whether the fee agreement is fair and reasonable underlies all of plaintiff's claims. Once the arbitration proceedings

---

[1] Doc 42.

*Givens v. Oenga, Jr.*, Case No. 3:21-cv-00008-HRH
Opposition to Motion to Lift Stay and Cross-Motion to Continue Stay
Page 2 of 27

The Lauesen Law Team, LLC
521 W. 41ˢᵗ Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lauesenlaw.com

are completed, the Court can take up any complex Indian law issues, or other issues, that remain to be resolved."[2]

On October 7, 2021, Givens attempted to influenced Bar Counsel and asserted that these issues should be bifurcated because the Fee Arbitration Panel has limited jurisdiction and this Court reserved jurisdiction for everything other than the reasonableness determination under Alaska Bar Rule 35(a)(1)-(8).[3]  On October 21, 2021, Bar Counsel Shanahan accepted Leroy's entire petition and ordered Givens to respond.[4]

On December 17, 2021, Givens filed a "Motion to Lift Stay to Review Bar Counsel's Denial of Motion to Dismiss on Grounds of Res Judicata."[5]  In support of Givens' Motion to Lift Stay, Givens filed his Motion to Dismiss and Response to Mr. Oenga's Petition, where he asserted that, the Alaska Bar Association Fee Arbitration Panel only has authority to decide legal and factual issues that bear on the reasonableness of the fee, and not any other legal or factual issues relating to the various laws governing American Indians and Alaska Natives, contract principles, and

The Lauesen Law Team, LLC
521 W. 41st Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lauesenlaw.com

---

[2] Doc 55 at pp. 6-7.
[3] Exhibit A. (October 7, 2021 Ltr. to Bar Counsel Shanahan). (Filed under seal).
[4] Exhibit B. (October 21, 2021 Order accepting Petition).  (Filed under seal).
[5] Doc. 56.
*Givens v. Oenga, Jr.*, Case No. 3:21-cv-00008-HRH
Opposition to Motion to Lift Stay and Cross-Motion to Continue Stay
Page 3 of 27

the Rules of Professional Conduct.[6]  Contrary to the Court's express order <u>denying</u>

Givens motion to reserve issues in this Court,[7] Givens argued to the Panel,

> The federal district court's order granting a stay of the federal court
> action generally reserved issues other than the reasonableness of the
> fee, to be decided by that court after the fee arbitration panel has
> completed its work.  The federal court order stated that following the
> arbitration, the court will take up any Indian law issues, or any other
> issues, that remain to be resolved.[8]

In Opposition to Givens' Motion to Lift Stay, Leroy pointed out that Alaska Bar

Rule 34 is "broad and far-reaching in scope, applying to 'disputes concerning any and

all fees paid, charged, or claimed for professional services by attorneys.'"[9]

This Court denied the Motion to Lift Stay, stating that it is unable to say that

Givens is likely to prevail on the merits of the *res judicata* issue, that it is virtually

certain that proceedings before the fee arbitration panel would be disrupted or delayed,

and the Court and the public have an interest in seeing attorney fee disputes resolved

quickly, and that it is entirely possible that the plaintiff would prevail in the arbitration

issue.[10] Following Bar Counsel's Order on Givens' Motion to Dismiss, Leroy amended

his Petition to phrase his allegations more within the framework of Bar Counsel's

The Lauesen Law Team, LLC
521 W. 41st Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lauesenlaw.com

---

[6] Doc 56-1 at p. 13.
[7] Doc 55.
[8] Doc. 56-1 at p. 14.
[9] Doc. 57 at p. 5.
[10] Doc. 61.

*Givens v. Oenga, Jr.*, Case No. 3:21-cv-00008-HRH
Opposition to Motion to Lift Stay and Cross-Motion to Continue Stay
Page 4 of 27

Order.[11]  In response, Givens' more rigorously responded that this Court retained

jurisdiction and that the Fee Arbitration Panel lacked jurisdiction to decide almost all

of Mr. Oenga's Amended Petition.[12]

Unfortunately, the Arbitration Panel listened to Givens and held that,

The Federal Court retained jurisdiction of the matter to decide any
"complex Indian law issues, or any other issues, that remain;"[13]

and

We assume for the purposes of this proceeding that Leroy Oenga, Jr.
is bound to the Givens fee agreement to the same extent that Leroy
Oenga, Sr. was bound to the fee agreement. To the extent that
Petitioner asserts that contract or probate principles limit
Respondent's ability to assert his right to payment of legal fees against
Leroy Oenga, Jr., those arguments are outside the scope of this Panel's
jurisdiction to determine whether the fee charged by Givens is
reasonable.[14]

Leroy filed a Motion to Continue the Stay in this Court for purposes of filing a

vacatur petition, and asked this Court whether it should be filed in State Superior Court

or Federal Court.[15]  Givens opposed and filed a second Motion to Lift the Stay, Givens

argued,

The Lauesen Law Team, LLC
521 W. 41st Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lauesenlaw.com

---

[11] Exhibit C. (Amended Petition filed in Fee Arbitration). (Filed under seal)
[12] Exhibit D at p. 11 (one place); p. 14 (one place);  p. 15 (3 places); p. 16 (2 places); p. 17
(3 places); p. 18 (1 place); p. 19 (1 place); p. 20 (2 places); p. 21 (2 places); p. 22 (2 places).
(Givens Response to Amended Petition). (Filed under seal).
[13] Doc 67-1 at p. 2.
[14] Doc. 67-1 at p. 10 & FN 16.
[15] Doc. 70.
*Givens v. Oenga, Jr.*, Case No. 3:21-cv-00008-HRH
Opposition to Motion to Lift Stay and Cross-Motion to Continue Stay
Page 5 of 27

The Court has already entered an order stating that it will "take up any complex Indian law issues, or any other issues, that remain to be resolved" after arbitration of the reasonableness of Plaintiff's fee. That order was recognized and accepted by the Panel's Decision and Order.[16]

The Court denied Givens Motion to Lift the Stay and Continued the Stay, stating that Leroy is entitled to pursue the superior court review remedy that Alaska Bar Rule 40(t) affords a party.[17] This Court later ruled that "Givens cannot proceed with his attorney fee lawsuit until the Alaska Bar arbitration proceedings---including court review in accordance with Alaska Bar Rule 40(t)—have been concluded."[18]

After Mr. Oenga filed his Vacatur Petition in the Superior Court as ordered, Givens removed Leroy's Petition to the Federal Court under Case No. 2:23-cv-00002-HRH. In his removal Petition, Givens again asserted that this Court reserved complex Indian Law issues, or any other issues, that remain to be resolved, and admitted that "consistent with the Court's stay order in Givens' Fee Action, the panel expressly did not address complex Indian law issues, or any other issues, that remain to be resolved."[19] After more litigation on the Removal Petition, the Court in Case No. 2:23-

The Lauesen Law Team, LLC
521 W. 41ˢᵗ Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lauesenlaw.com

---

[16] Doc. 72.
[17] Doc. 77.
[18] Doc. 82.
[19] *Oenga v. Givens*, Case No, 2:23-cv-00002-HRH (Doc 1) at ¶¶ 4-5.

*Givens v. Oenga, Jr.*, Case No. 3:21-cv-00008-HRH
Opposition to Motion to Lift Stay and Cross-Motion to Continue Stay
Page 6 of 27

cv-00002-HRH ordered the case to be remanded to the Superior Court, stating in a footnote:

> Pursuant to AS 09.45.500, the Alaska Superior Court might hold that the Panel should have taken up federal Indian law questions. But that is a matter of Alaska Bar/State of Alaska policy and procedure. What the superior court might decide as regards whether federal Indian law should be a part of the attorney fee reasonableness determination is arbitration proceedings does not raise a federal question. Oenga's petition for vacatur does not raise a federal question.[20]

The Court held that the Alaska Bar Rule 40 proceedings are not yet concluded, and that the arbitration proceedings needed to be completed for Givens to proceed with his federal court complaint. The Court specifically stated,

> At this point, Oenga's right to complete the Alaska Bar arbitration proceedings remains unresolved and would be disrupted by removal, depriving Oenga of the complete arbitration and review remedy to which he is entitled under the Alaska Bar Rules.[21]

In its Order granting remand, the Court specifically clarified that it "did not foreclose the consideration of federal Indian law issues by the Panel."[22]

Before the Kotzebue Superior Court, Givens sought to sever the issues and repeatedly argued that issues not decided by the Panel should be decided by the federal

---

[20] *Id.* at Doc. 32 p. 5.
[21] *Id.* at pp. 6-7.
[22] *Id.* at p. 4.
*Givens v. Oenga, Jr.*, Case No. 3:21-cv-00008-HRH
Opposition to Motion to Lift Stay and Cross-Motion to Continue Stay
Page 7 of 27

The Lauesen Law Team, LLC
521 W. 41ˢᵗ Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lauesenlaw.com

court.[23]  Despite the fact that the superior court has subject matter jurisdiction to determine whether an arbitration award was valid.[24]  Despite the fact that legal conclusions that pertain to the question of arbitrability are reviewable by the Courts.[25]  And despite the fact that the Superior Court and the Supreme Court have an independent obligation not to enforce contracts that are contrary to statute or public policy and have authority to review whether an arbitration decision should be vacated because it enforces a contract that violates public policy,[26] the Superior Court held that it had no authority to review Leroy's vacatur petition and confirmed the Panel's decision.[27]  As such, Mr. Oenga will be appealing to the Alaska Supreme Court.

This brief addresses the Motion to Lift Stay, and does not address the merits of the Motion for Writ of Prejudgment Attachment.  Leroy reserved his right to oppose that motion if the Motion to Lift Stay is granted.

## ARGUMENT

The Lauesen Law Team, LLC
521 W. 41st Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lauesenlaw.com

---

[23] Exhibit E.  (Givens December 1, 2023 Motion to Determine Scope of Briefing and Set Briefing Schedule). (Filed under seal).

[24] *Leisnoi, Inc. v. Merdes & Merdes, P.C.*, 307 P.3d 879, 892 (Alaska 2013).

[25] *Kinn v. Alaska Sales & Service, Inc.* 144 P.3d 474, 487 (Alaska 2006).  *Ahtna, Inc. v. Ebasco Constructors, Inc.* 894 P.2d 657, 662 (Alaska 1995).

[26] *Leisinoi*, at 888.  *McAlpine v. Priddle*, 321 P.3d 345, 350, FN 25  (Alaska 2014). ("McAlpine appears to argue on appeal that the panel's award should be vacated because it enforces a contract that violates public policy.  Neither the panel nor the superior court expressly ruled on the merits of the public policy argument.")

[27] Doc. 107.

*Givens v. Oenga, Jr.*, Case No. 3:21-cv-00008-HRH
Opposition to Motion to Lift Stay and Cross-Motion to Continue Stay
Page 8 of 27

Givens argues that the stay should be lifted to authorize him to file a Motion for a Prejudgment Writ of Attachment, asserting that "he will simply ask the Court to rule that Givens is *likely* to prevail in this case, and to set aside the upcoming rent payment to Oenga so that it is available to either party at the end of the case."[28]   A court may lift a stay of litigation when the reasons for imposing the stay no longer exist.[29]   The following non-exhaustive factors are instructive in determining whether a stay should be granted or lifted: (1) whether the movant has made a strong showing of a likelihood of success on the merits; (2) whether the movant will be irreparably injured absent a stay; (3) whether the issuance of a stay will substantially injure other interested parties; and (4) whether the public interest supports a stay.   Other factors pertinent to lifting a stay include the present status of the litigation, whether the non-moving party would be unduly prejudiced or tactically disadvantaged, and whether the movant is acting in good faith.[30]

### A. The Reasons for Continuing the Stay Still Exist—Leroy Has a Right to Review Through an Appeal to the Alaska Supreme Court Under Bar Rule 40(u).

The Lauesen Law Team, LLC
521 W. 41st Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lauesenlaw.com

---

[28] Doc. 101 at p. 3.

[29] *Ralph v. HAJ, Inc.*, No. 17CV1332 JM(JMA), 2019 WL 313098, at *2 (S.D. Cal. Jan. 24, 2019).

[30] *Id.* (Citing, *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

Givens v. Oenga, Jr., Case No. 3:21-cv-00008-HRH
Opposition to Motion to Lift Stay and Cross-Motion to Continue Stay
Page 9 of 27

This Court has previously ruled, numerous times, that a stay is appropriate to allow Leroy his right to the complete remedy of arbitration and review under the Alaska Bar Rules.[31] Leroy moved to vacate the Fee Arbitration Panel's Decision to ask the State Courts responsible for overseeing attorneys and the Alaska Bar Association, whether the Alaska Bar Association Fee Arbitration is a true arbitration, responsible for competently and fairly deciding attorney fee disputes on the merits of a Petition raising (un)"complex" issues involving statutory, contract, and ethics principles so that the client does not have to go to court to have the actual issues raised in his Petition decided after arbitration. Unfortunately, the Superior Court incorrectly held that it lacks the ability to review the Arbitration Panel's decision. Therefore, Leroy is going to continue his complete remedy of review authorized under Alaska Bar Rule 40(u) and file an appeal before the Alaska Supreme Court.

**B. Givens Has Not Made a Strong Showing of a Likelihood of Success On the Merits for a Prejudgment Writ of Attachment.**

The provisions of Alaska Civil Rule 89 are specifically designed for situations involving unsecured or under-secured debts.[32] Where a debt is clearly "due and owing," and risk of error is eliminated by security offered by the plaintiff, the Alaska Civil Rules authorize courts to attach a defendants' assets, in order to avoid any risk

The Lausen Law Team, LLC
521 W. 41st Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lausenlaw.com

---

[31] Doc. 61 p.p. 2-3. Doc 77 at p. 3.
[32] *See,* Alaska R. Civ. P. 89(b)(3).
*Givens v. Oenga, Jr.,* Case No. 3:21-cv-00008-HRH
Opposition to Motion to Lift Stay and Cross-Motion to Continue Stay
Page 10 of 27

that a defendant might dissipate such assets in a way that might render any judgment issued by the Court ineffective.

Authorizing such extraordinary relief prior to judgment, however, raises significant due process concerns.[33] Thus, Alaska Civil Rule 89 imposes significant procedural protections to the Defendant to address these due process concerns, including a hearing.

### 1. A Prejudgment Writ of Attachment Requires the Absence of a Reasonable Probability That a Successful Defense Can Be Asserted by the Defendant.

The standard in deciding a prejudgment writ of attachment is not whether Givens is likely to prevail on the merits of his lawsuit, but rather if Givens can prove at a hearing by a preponderance of the evidence the probable validity of the plaintiff's claim for relief <u>and</u> the absence of any reasonable probability that a successful defense can be asserted by the defendant.[34] Here, the Court does not need to lift the stay and conduct a hearing to find that a there is a reasonable probability that a successful defense can be raised.

[33] *Etheridge v. Bradley*, 502 P.2d 146 (Alaska 1972).
[34] Alaska R. Civ. P. 89(d).

*Givens v. Oenga, Jr.*, Case No. 3:21-cv-00008-HRH
Opposition to Motion to Lift Stay and Cross-Motion to Continue Stay
Page 11 of 27

**The Lausen Law Team, LLC**
521 W. 41ˢᵗ Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lausenlaw.com

Leroy asserted numerous defenses in the Answer to his Complaint[35] and included them in his Petition for Fee Arbitration.[36] Neither the Fee Arbitration Panel's Decision nor the Superior Court's Order addressed these issues. In fact, at Givens' insistence, the Panel issued a prehearing Order making clear that it was not going to consider anything other than whether or not the fee was reasonable under the eight factors listed in Alaska Bar Rule 35(a)(1)-(8) and Alaska R. Prof. Conduct 1.5(a)(1)-(8).[37] Leroy moved for reconsideration.[38] The Panel denied Leroy's Motion for Reconsideration.[39] The Panel's Decision makes clear that the scope of the Decision was limited to whether the fees were "reasonable" under Alaska Bar Rule 35(a) and Alaska Rule of Professional Conduct 1.5, and expressly stated in the Decision,[40]

> To the extent that Petitioner asserts that contract or probate principles limit Respondent's ability to assert his right to payment of legal fees against Leroy Oenga, Jr., those arguments are outside the scope of this Panel's jurisdiction to decide whether the fee charged by Givens is reasonable.[41]

### 2. Givens Has Not Demonstrated That He and Leroy Entered Into an Express or Implied Contract

---

[35] Doc. 15.

[36] Exhibit C.

[37] Exhibit F. to Affidavit of Counsel (Prehearing Order). (Filed under Seal)

[38] Exhibit G. to Affidavit of Counsel (Mot. for Reconsideration). (Filed Under Seal)

[39] Exhibit H. to Affidavit of Counsel (Panel Decision denying Motion for Reconsideration). (Filed under Seal)

[40] Doc. 67-1 (Fee Arbitration Decision attached to Winner Declaration).

[41] Doc. 67-1 at p. 10, FN 16.

*Givens v. Oenga, Jr.*, Case No. 3:21-cv-00008-HRH
Opposition to Motion to Lift Stay and Cross-Motion to Continue Stay
Page 12 of 27

The Lauesen Law Team, LLC
521 W. 41ˢᵗ Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lauesenlaw.com

A writ of attachment can only be issued where there is an express or implied contract and the Plaintiff establishes that the sum upon which is asked is an existing debt due and owing from the Defendant to the Plaintiff.[42]   The formation of an express contract requires an offer encompassing its essential terms, an unequivocal acceptance of the terms by the offeree, consideration and an intent to be bound.[43] Under Alaska's Statute of Frauds, an enforceable contract must be in writing and signed by the party charged or an agent of that party when it is "a special promise to answer for the debt of another,"[44] or "an agreement for leasing for longer than a year or any interest in real property, or to charge or encumber real property."[45]

Givens has not previously alleged that he has an implied-in fact contract, and has always asserted he had an express contract, and that his claim for fees was based on work previously performed before Leroy inherited his allotment—not after.  An implied in fact contract arises when the court finds from the surrounding facts and circumstances that the parties intended to make a contract but failed to articulate their promises and the court merely implies what it feels the parties really intended.[46]  When

---

[42] Alaska R. Civ. P. 89(b)(1)&(2).  *See also*, AS 09.40.010(a)(1).

[43] *Childs v. Kalgin Island Lodge,* 779 P.2d 310, 314 (Alaska 1989) (Citing, *Hall v. Add–Ventures, Ltd.,*695 P.2d 1081, 1087 n. 9 (Alaska 1985)). *Thomas v. Archer,* 384 P.3d 791, 798 (Alaska 2016).

[44] AS 09.25.010(a)(3).

[45] AS 09.25.010(a)(6).

[46] *Martens v. Metzgar*, 524 P.2d 666, 672 (Alaska 1974).

*Givens v. Oenga, Jr.*, Case No. 3:21-cv-00008-HRH
Opposition to Motion to Lift Stay and Cross-Motion to Continue Stay
Page 13 of 27

The Lausen Law Team, LLC
521 W. 41st Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lausenlaw.com

a contract between an attorney and a client is not in writing, the attorney must demonstrate by clear and convincing evidence that the basis for the rate of fee exceeded the amount alleged by the client.[47]

Givens asserts in his briefing that his claim against Leroy is "based on the intent of the parties to the contingency fee contract that the obligation to pay Givens' fee from annual rents would survive through 2036, even if a signatory to the contract died before then."[48]  Statements as to the subjective intent of parties to a contract made during litigation do not create issues of fact regarding the meaning of the contract under even the less rigorous context of summary judgment motions,[49] unless the party in some way expressed or manifested his understanding at the time of contract formation.[50] Mere assertions of fact in memoranda are insufficient.[51]   Opinions based on unsupported assumptions and speculation are also insufficient.[52]

The Lausen Law Team, LLC
521 W. 41st Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lauesenlaw.com

---

[47] Alaska Bar Rule 35(b).

[48] Doc. 101.

[49] *Est. of Polushkin ex rel. Polushkin v. Maw*, 170 P.3d 162, 169 (Alaska 2007). *See also,* *Peterson v. Wirum*, 625 P.2d 866, 869-70 (Alaska 1981); *Day v. A&G Const. Co. Inc.*, 528 P.2d 440, 444 (Alaska 1974).

[50] *Id.* (Citing, *Still v. Cunningham*, 94 P.3d 1104, 1110 (Alaska 2004)).

[51] *French v. Jadon, Inc.*, 911 P.2d 20, 26 (Alaska 1996). *See also, Brock v. Rogers & Babler, Inc.*, 536 P.2d 778, 782-83 (Alaska 1975).

[52] *French*, 911 P.2d at 25. *See also*, *Yurioff v. American Honda Motor Co.*, 803 P.2d 386, 389 (Alaska 1990) (concluding that summary judgment was proper because opponent's rebuttal consisted of only his own equivocal deposition testimony).

*Givens v. Oenga, Jr.*, Case No. 3:21-cv-00008-HRH
Opposition to Motion to Lift Stay and Cross-Motion to Continue Stay
Page 14 of 27

Givens provides no evidence that anyone intended and agreed that the Contingency Fee Contract would bind the heirs of Givens' clients. Givens wrote these contracts failed to include language binding the heirs of his clients. In fact, the Original Contingency Fee Contract dated October 31, 2003 defined the "Client" as "the undersigned" and were further identified in the document as: "Clients are the present Lessors."[53]

When Givens drafted the Contingency Fee Contract First Amendment, he defined the "Clients" as "the undersigned" and identified them as the individuals that "previously retained Attorney to represent Clients..."[54] There is nothing in the memorandum that Givens gave to his clients on August 5, 2011, which stated that, if they died, their children would be responsible for paying attorney's fees to him.[55]

Leroy Oenga, Sr.'s passed away suddenly on March 1, 2012 at only 55 years old. His Last Will and Testament executed six and a half years _after_ he signed the original Contingency Fee Contract left his house at 308 Oogruk Street to Leroy "to include all legal obligations of debt," but failed to include any similar language with respect to encumbering Native Allotment FF-14632 Parcels A and B with any debt

The Lauesen Law Team, LLC
521 W. 41ˢᵗ Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lauesenlaw.com

---

[53] Exhibit I. (Original Contingency Fee Contract)
[54] Exhibit J. (Contingency Fee Contract First Amendment). (Filed under seal).
[55] Exhibit K. (Givens August 5, 2011 Memo to Heirs. (Filed under seal).
_Givens v. Oenga, Jr._, Case No. 3:21-cv-00008-HRH
Opposition to Motion to Lift Stay and Cross-Motion to Continue Stay
Page 15 of 27

obligation to Givens or otherwise.[56]  There is nothing in Leroy, Sr.'s conduct that demonstrate an intent to encumber his allotment when he passed it to his children.

The circumstances between Leroy, Jr. and Givens also does not demonstrate an implied-in-fact contract.  Leroy, Jr. did not pay Givens any money after he approved payment of the fees in his father's probate until Givens hired Russell Winner and threatened him.[57]  However, the Fee Arbitration Panel held that evidence of efforts to collect attorney's fees from Leroy were not relevant.[58]  This Court should not lift the stay so that the parties can proceed with an expensive hearing on whether or not there is an absence of a reasonable probability that a successful defense can be raised because Givens cannot even show that his clients intended for their children to inherit any contingency fee obligation to him, nor that he has an enforceable contract against Leroy.

### 3.  The Property is Exempt From Execution.

Givens motion to lift the stay states that he intends to accomplish attachment by requesting the Court to order Leroy to direct that the upcoming rental payment to him be transferred into the registry of the Court so that it is available to either party at the

The Lausen Law Team, LLC
521 W. 41ˢᵗ Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lausenlaw.com

---

[56] Exhibit L. (Last Will and Testament of Leroy, Oenga Sr.)  (Filed under seal).
[57] Exhibit G. (Motion for Reconsideration in Fee Arbitration plus exhibits).
[58] Doc. 67-1 at p. 16.  (Panel Decision).
*Givens v. Oenga, Jr.*, Case No. 3:21-cv-00008-HRH
Opposition to Motion to Lift Stay and Cross-Motion to Continue Stay
Page 16 of 27

end of the case.[59]  However, in *Law Offices of Vincent Vitale v. Tabbytite,*[60] the Alaska Supreme Court held that lease proceeds from a Restricted Native Allotment are subject to the protections of 25 U.S.C. § 410.[61]  The *Vitale* Court held that interplead funds deposited with the Court could not be attached to satisfy an attorney's judgment issued following an Alaska Bar Association Fee Arbitration.[62]

Givens previously admitted that he did not seek approval from the Secretary of the Interior with regard to the Contingency Fee Contract.[63]  An Administrative Order issued by the Department of the Interior in response to Givens' Petition for Automatic Payments held that the "contingency fee contracts/amendments were not approved by a representative of the Secretary of the Interior."[64]  This decision was not appealed.

To the extent Givens relies on the case *Givens v. Wallace Oenga,* Case No. 3:19-cv-0043HRH in support of the proposition that it could direct Leroy to deposit his lease proceeds with the Court, such reliance is improper.[65]  In *Wallace Oenga,* this Court

---

[59] Doc. 101 at p. 3.
[60] 942 U.S. 1141 (Alaska 1997)
[61] 25 U.S.C. § 410 provides, "No money accruing from any lease or sale of lands held in trust by the United States for any Indian shall become liable for the payment of any debt, or claim against, such Indian contracted or arising during such trust period, or, in the case of a minor during his minority, except with the approval and consent of the Secretary of the Interior."
[62] *Id.* at 1149.
[63] Exhibit M. (Doc. 72 in Wallace Oenga Case).
[64] Exhibit N. (Loudermilk Decision).
[65] As a preliminary matter, it is improper for Givens to rely on a Court order, Docket 42, that is sealed.

*Givens v. Oenga, Jr.,* Case No. 3:21-cv-00008-HRH
Opposition to Motion to Lift Stay and Cross-Motion to Continue Stay
Page 17 of 27

The Lausen Law Team, LLC
521 W. 41st Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lausenlaw.com

held that it could direct the Clerk of Court to stand in the shoes of Wallace under Fed. R. Civ. P. 70(a) to instruct the Office of Special Trustee to pay Givens' fee from the funds in Wallace's IIM account after Default Judgment was entered. Givens argued in *Wallace Oenga* that 25 U.S.C. § 410 did not apply to the Rule 70(a) order for three reasons, none of which are present here:

> OST's argument ignores the following: (1) Defendant made a binding contractual promise to Plaintiff that Defendant would direct OST to pay Plaintiff from the rents received in Defendant's IIM account; (2) the Court's judgment included an order of specific performance requiring Defendant to honor the promise; and (3) when Defendant failed to comply with the Court's judgment of specific performance, the Court entered an order instructing the Clerk of Court, acting for and on behalf of Defendant, sign the OST forms directing it to pay Plaintiff.

Here, Leroy did not make a binding, contractual promise to Givens that he would direct OST to pay Givens from the rents received in Leroy's IIM accounts; there has been no judgment of specific performance entered against Leroy requiring him to honor any promise; and Leroy did not fail to comply with any judgment for specific performance. Rather, what Givens seeks is to convenience himself to make any possible future judgment easier to collect after <u>he</u> successfully insisted on delaying a decision of the merits of Leroy's claims through bifurcation of these issues. Moreover, Givens has not shown that Leroy lacks any assets to satisfy a judgment, if one was issued, to justify the extraordinary remedy of a prejudgment attachment remedy that

The Lauesen Law Team, LLC
521 W. 41ˢᵗ Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lauesenlaw.com

*Givens v. Oenga, Jr.*, Case No. 3:21-cv-00008-HRH
Opposition to Motion to Lift Stay and Cross-Motion to Continue Stay
Page 18 of 27

essentially requests bodily attachment of Leroy to require him to sign forms, not attachment to property.

### C. Givens Will Not Be Irreparably Injured Absent a Stay Compared to the Irreparable Harm Leroy Will Face If He Is Unable to Complete His Arbitration Review.

The principle behind arbitration, including attorney fee arbitration, is to provide a rapid and inexpensive means of resolving disputes.[66] A party to an arbitration is not supposed to have to go through an arbitration and then to Court in order to receive complete relief.[67] As discussed above, Givens absolutely refused to arbitrate Leroy's complete petition and has advocated for duplicative proceedings before the Arbitration Panel and in the Superior Court by falsely asserting that this Court "reserved jurisdiction" to decide these issues, which has resulted delaying resolution of his lawsuit, and increasing the costs to all parties. A prejudgment writ of attachment will interfere with Leroy's ability to complete the arbitration review process and his ability to defend against Givens' claims. This Court should not "sanction a legal strategy designed to deprive a party from accessing competent forums for resolving legal disputes."[68]

---

[66] *Bd. of Ed., Fairbanks N. Star Borough Sch. Dist. v. Ewig,* 609 P.2d 10, 12 (Alaska 1980).
[67] *Id.*
[68] *Ralph v. HAJ, Inc.,* No. 17CV1332 JM(JMA), 2019 WL 313098, at *3 (S.D. Cal. Jan. 24, 2019).

*Givens v. Oenga, Jr.,* Case No. 3:21-cv-00008-HRH
Opposition to Motion to Lift Stay and Cross-Motion to Continue Stay
Page 19 of 27

The Lauesen Law Team, LLC
521 W. 41ˢᵗ Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lauesenlaw.com

Givens asserts that "he has not been able to collect his fee from his rents paid to Oenga during the last five years."[69] But Givens urged the Arbitration Panel and the Superior Court to defer on the issues raised in Mr. Oenga's petition so that this Court could decide those issues _after_ the arbitration and State Court proceedings had concluded. Judicial estoppel applies where a party's position is "tantamount to a knowing misrepresentation or even fraud upon the Court."[70] In a case similar to this case, _Ralph v. HAJ, Inc.,_ the Plaintiffs filed a collective action consisting of state and federal wage claims.[71] Defendants moved to compel arbitration over the State law claims, and the federal lawsuit was stayed pending decision by the Supreme Court on the issue of whether the Federal Fair Labor Standards Act claims were arbitrable.[72] After the Supreme Court held that FLSA claims were arbitrable, the Federal Court referred all of Plaintiffs' claims to arbitration.[73] Plaintiffs complied with the Court's Order and brought all claims before the arbitrator, including claims under California's Private Attorney General Act ("PAGA").[74] Before the arbitrator, the Defendants refused to arbitrate the PAGA claims, and the arbitrator determined that he did not have

---

[69] Doc. 101 at p. 3.
[70] _Johnson v. State, Oregon Dep't of Hum. Res., Rehab. Div.,_ 141 F.3d 1361, 1369 (9th Cir. 1998). _See also, Milton H. Greene Archives v. Mariyn Monroe LLC,_ 692 F.3d 983, 994-995 (2012).
[71] _Ralph,_ 2019 WL 313098 at 1-2.
[72] _Id._ at 2.
[73] _Id._ at 3.
[74] _Id._

Givens v. Oenga, Jr., Case No. 3:21-cv-00008-HRH
Opposition to Motion to Lift Stay and Cross-Motion to Continue Stay
Page 20 of 27

The Lauesen Law Team, LLC
521 W. 41st Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lauesenlaw.com

authority to entertain the PAGA action without consent of the parties.[75]   Thus, Plaintiffs' commenced a State Court action, seeking relief from Defendants' refusal to arbitration the PAGA claims, and Defendants filed a Motion in Federal Court to lift the stay to enjoin the State Court, arguing the State Court action "circumvented" the Federal Court's Orders compelling arbitration.[76]

The Federal Court refused to lift the stay, noting that Defendants refusal to arbitrate the PAGA claims left Plaintiffs with no choice by to file its claim in State Court.[77]   The Federal Court noted that the Defendants' efforts to duplicate the proceedings, delay resolution of Plaintiff's claims, and increase the cost to all parties was something that the Court was unwilling to condone.[78]

Like *Ralph,* this Court issued a stay and referred the entire lawsuit to arbitration as an alternative to dismissal.  Leroy complied with the Court's Order and brought all claims to the arbitration.  Givens implicitly refused to consent to Leroy's claims being heard before the Panel, by misquoting this Court's order and asserting that the Arbitration Panel lacked jurisdiction to decide these issues, filed numerous motions to lift the stay, filed a federal removal action, sought bifurcation of the issues before the superior court, and whittled away this entire process where the Arbitration Panel felt it

The Lausen Law Team, LLC
521 W. 41st Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lauesenlaw.com

---

[75] *Id.*
[76] *Id.* at p. 2.
[77] *Id.* at 3.
[78] *Id.*

*Givens v. Oenga, Jr.*, Case No. 3:21-cv-00008-HRH
Opposition to Motion to Lift Stay and Cross-Motion to Continue Stay
Page 21 of 27

was unable to decide anything other than whether the contingency fee is a reasonable percentage, which is <u>not</u> what Leroy asserted. Givens also convinced the superior court that it was unable to review anything. Givens' conduct has increased costs to both sides, duplicated these proceedings, and delayed resolution of Leroy's petition. Givens asserts "As things stand now, only Givens is being stayed."[79] But Givens volunteered to be stayed because, based on this Court's decision in *Wallace Oenga,* he believes that the State Court and the Alaska Bar Association is less favorable to him.

The reasons for granting the stay have not changed. If the stay is lifted: (1) it is virtual certainty that proceedings before the Alaska Supreme Court will be delayed or disrupted;[80] (2) inasmuch as the court has determined that the parties are subject to the Alaska fee arbitration rules, Leroy is entitled to pursue the Supreme Court review remedy which Alaska Bar Rule 40(u) affords a party;[81] and (3) what the scope of an attorney reasonableness determination entails is a matter of Alaska Bar/State of Alaska policy and procedure.[82]

**D.    The Issuance of a Stay Will Not Substantially Injure Other Interested Parties.**

The Lauesen Law Team, LLC
521 W. 41ˢᵗ Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lauesenlaw.com

---

[79] Doc. 101 at p. 3.
[80] Doc. 61 at pp. 2-3.
[81] Doc. 77 at p. 3.
[82] Doc. 32 in Removed Action, *Oenga v. Givens,* Case No. 2:23-cv-00002-HRH.
*Givens v. Oenga, Jr.*, Case No. 3:21-cv-00008-HRH
Opposition to Motion to Lift Stay and Cross-Motion to Continue Stay
Page 22 of 27

Givens argues that a stay should be lifted for the convenience of the Court so that it does not have to expend the time and energy to consider two separate motions for prejudgment writs of attachment.[83] While Leroy appreciates the Court's time, this is not a substantial enough injury to justify lifting a stay that will interfere with Leroy's ability to proceed before the Alaska Supreme Court. Leroy has invoked his right to the arbitration process and review. Joe Delia has not.

Givens makes consolidation arguments in support of motion to lift the stay.[84] However, it is well established that actions consolidated pursuant to Fed. R. Civ. P. 42(a) maintain a separate identity, do not merge the suit into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another.[85] To merge these cases into a single case or change the rights of the parties would defeat diversity jurisdiction because Leroy and Joe Delia are both Alaska residents.

### E. The Public Interest Supports a Stay.

There is a public interest in allowing Leroy to complete the arbitration review process and exhaust his State Court remedies before requiring him to litigate the issue of whether or not a prejudgment writ of attachment may occur. The Alaska Supreme Court has never decided whether Alaska Bar Rule 34(c)'s statement that "all disputes

The Lauesen Law Team, LLC
521 W. 41ˢᵗ Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lauesenlaw.com

---

[83] Doc. 101 at p. 5.
[84] Doc. 101 at p. 5.
[85] *Webb v. Just In Time, Inc.*, 769 F. Supp. 993, 996 (E.D. Mich. 1991). (Citing, *Johnson v. Manhattan R. Co.*, 289 U.S. 479, 496-7 (1933)).

*Givens v. Oenga, Jr.*, Case No. 3:21-cv-00008-HRH
Opposition to Motion to Lift Stay and Cross-Motion to Continue Stay
Page 23 of 27

concerning fees charged for professional services or costs incurred by an attorney are subject to arbitration under these rules," means what it says.

The Alaska Supreme Court has never ruled on the procedure to be used by a Fee Arbitration Panel in a fee arbitration proceeding, including, but not limited to, the propriety of the Panel in making presumptions that a client is bound to an agreement in the same manner as his father was bound to the agreement;[86] and that the client should bear the burden of proof and persuasion because he is the one that initiated these proceedings and is the party seeking to alter the *status quo.*[87]

The Alaska Supreme Court has never decided whether in interpreting an attorney fee contract, a Fee Arbitration Panel is required to consider the Alaska R. Prof. Conduct, and cannot merely accept Givens' and his experts interpretation of the contract that, essentially, "a deal is a deal."

The Alaska Supreme Court has never held what standards of conduct and respect should be maintained in a fee arbitration, including whether or not it is appropriate for a Fee Arbitration Panel to regard a witness testimony as sufficiently reliable to qualify as an "expert" where the testimony consists of merely endorsing the testimony of Givens and normalizing misconduct, such as justifying physical assault

The Lausen Law Team, LLC
521 W. 41ˢᵗ Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lausenlaw.com

---

[86] Ex F. (Prehearing Order) at p. 4-5. Doc. 67-1 (Panel Decision) at p. 10.
[87] Ex. F at p. 3.

*Givens v. Oenga, Jr.*, Case No. 3:21-cv-00008-HRH
Opposition to Motion to Lift Stay and Cross-Motion to Continue Stay
Page 24 of 27

on a client;[88] rationalizing an attorney signing off on a settlement without client approval if they thought they could sell it to the client later;[89] that it would be acceptable for an attorney to resolve a conflict among clients by facilitating bribery among them;[90] and tolerating verbal and non-verbal statements that are racially offensive;.[91] and, finally, whether it is appropriate for a Panel to retaliate against a client for objecting to this behavior that occurred in the proceeding by labeling these objections as "inflammatory" and "lacking in merit and bordering on frivolous."[92] All of these issues are important matters governing the practice of law in Alaska and the Alaska Bar Association Fee Arbitration Program. The Court should continue the stay to allow the Alaska Supreme Court to decide these important issues.

## CONCLUSION

It would be detrimental to Leroy's ability to obtain complete review of the Alaska Bar Association Fee Arbitration proceeding to require Leroy to respond to a Motion for Writ of Prejudgment Attachment and for Givens and Leroy to participate in a hearing on a prejudgment writ of attachment. Givens cannot complain about delay where he advocated for this Court to take up these issues <u>after</u> the fee arbitration

The Lauesen Law Team, LLC
521 W. 41ˢᵗ Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lauesenlaw.com

---

[88] Exhibit O (Roger Holmes testimony) at p. 502, ll. 15 to p. 504.

[89] *Id.* at p. 509, ll. 12 to p. 510, ll. 14.

[90] *Id.* at p. 501, ll. 11 to page 502, ll. 14. *See also,* Exhibit P (Wallace Oenga Ltr. to Tony Delia).

[91] Exhibit Q. (Ken Howard testimony in front of Native American women). p. 442, ll. 12-18 and p. 460, ll. 10-20. *See also*, Exhibit O at p. 505, ll. 15 to p. 506, ll. 22.

[92] Doc. 67-1 Panel Decision at p. 15 and 10.

*Givens v. Oenga, Jr.*, Case No. 3:21-cv-00008-HRH
Opposition to Motion to Lift Stay and Cross-Motion to Continue Stay
Page 25 of 27

concluded, thus delaying these proceedings and driving up costs. He has not demonstrated that Leroy lacks sufficient assets to satisfy any _theoretical_ judgment, and Leroy has reasonably probable defenses to Givens' claim that he inherited his interest in his Restricted Native Allotment subject to Givens' fee contract. The Court should continue the stay to allow the Fee Arbitration process to finish up to the Alaska Supreme Court, so that important public policy decisions can be made by the entity responsible for governing our profession. As there is no change in circumstances warranting a lifting of the stay, Givens has failed to meet his burden and the Motion to Lift the Stay should be DENIED.

DATED this 4th day of June, 2024 at Anchorage, Alaska.

LAUESEN LAW TEAM, LLC<br>
Attorneys for Defendant Leroy Oenga, Jr.

By:    s/ Rachel B. Lauesen<br>
Rachel B. Lauesen, ABA No. 0905016

The Lauesen Law Team, LLC
521 W. 41st Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lauesenlaw.com

CERTIFICATE OF SERVICE
The undersigned hereby certifies that on
4th day of June, 2024 a true and correct
copy of the foregoing document was served via
CM/ECF to the following recipients:

Russell Winner, Esq.

_Givens v. Oenga, Jr._, Case No. 3:21-cv-00008-HRH
Opposition to Motion to Lift Stay and Cross-Motion to Continue Stay
Page 26 of 27

rwinner@winnerlaw.com

By: s/ Rachel B. Lauesen
        Rachel B. Lauesen

**The Lauesen Law Team, LLC**
521 W. 41st Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lauesenlaw.com

*Givens v. Oenga, Jr.*, Case No. 3:21-cv-00008-HRH
Opposition to Motion to Lift Stay and Cross-Motion to Continue Stay
Page 27 of 27