RUSSELL L. WINNER, ABA 7811149
WINNER & ASSOCIATES, P.C.
900 W. 5th Avenue, Suite 700
Anchorage, AK 99501
Telephone: (907) 277-9522
Email: rwinner@winnerlaw.com
Attorneys for Plaintiff Raymond C. Givens

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RAYMOND C. GIVENS,<br><br>        Plaintiff,<br><br>vs.<br><br>LEROY OENGA, JR.,<br><br>        Defendant. | Case No. 3:21-cv-00008-HRH |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION
TO MOTION TO LIFT STAY FOR LIMITED PURPOSE
OF ALLOWING HIM TO FILE A MOTION FOR
PREJUDGMENT ATTACHMENT**

Plaintiff Raymond C. Givens has filed a motion asking the Court to lift the stay in this action for the limited purpose of allowing Givens to file a motion for a prejudgment

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH         Page 1 of 17

writ of attachment.[1] Defendant Leroy Oenga, Jr., has opposed that motion, and he has filed a cross-motion to continue the stay here so that he can file an appeal to the Alaska Supreme Court from the Alaska Superior Court's confirmation of the arbitrators' decision in Givens' favor.[2] Givens responds here to both that opposition and the cross-motion.[3] For the following reasons, Givens' stay motion should be granted and Oenga's cross motion should be denied.

As this Court noted in its order, dated January 13, 2022,[4] a court may lift a stay of litigation when the reasons for imposing the stay no longer exist. There, the Court stated that the factors to consider include the following: whether the movant has made a strong showing of a likelihood of success on the merits; whether the movant will be irreparably injured absent a stay; whether the issuance of a stay will substantially injure other interested parties; whether the public interest supports a stay; the present status of the litigation; whether the non-moving party would be unduly prejudiced or tactically disadvantaged; and whether the movant is acting in good faith. For the reasons stated

---

[1] Docket No. 101.

[2] Docket No. 114.

[3] Oenga's opposition and cross-motion shall be collectively referred to herein as the "Opposition."

[4] Docket No. 61.

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH         Page 2 of 17

below, each of those factors support Givens' motion to lift the stay in this action for the limited purpose of allowing him to file a motion for a prejudgment writ of attachment.

1. **Allowing Givens to Seek Prejudgment Attachment Will Not Interfere With or Delay Oenga's Appeal to the Alaska Supreme Court**

Oenga states that he intends to appeal to the Alaska Supreme Court the decision of the Alaska Superior Court confirming the fee arbitrators' decision, which was in Givens' favor.[5] Oenga has every right to file that appeal, and his Opposition devotes several pages to explaining to this Court why he believes the decisions of the arbitrators and the Superior Court were wrong. Oenga argues that if this Court allows Givens to file a motion for a prejudgment writ of attachment, that somehow will interfere with or delay that appeal.[6] That, however, would not be the case.

Allowing Givens to file his attachment motion here would not in any way interfere with or delay Oenga's appeal to the Alaska Supreme Court. In considering attachment motions, the courts are asked only to take a quick look into the future to see whether it is *likely* that the plaintiff will prevail at the end of the case.[7] In ruling on such

---

[5] Docket No. 114, at 8, 10.

[6] *Id.*, at 19, 22.

[7] Alaska Rule of Civil Procedure 89(d) provides:

> **Hearing; Burden of Proof.** At the hearing the court shall require the plaintiff to establish by a preponderance of the

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH                                Page 3 of 17

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

a motion, the courts do *not* issue a ruling on the merits of the case. Accordingly here, irrespective of how this Court rules on Givens' attachment motion, the Alaska Supreme Court will be free to hear and rule on any arguments presented to it by Oenga.

It bears emphasizing that granting prejudgment attachment here would not result in any money being paid to Givens. Instead, the attachment would merely set aside funds to pay Givens, or to be returned to Oenga, depending on who ultimately prevailed in this litigation. As things stand now, only Givens is being stayed: He has not been paid the fees he is owed from the annual rents paid for the last five years, while Oenga has had full use of all those rents, including that portion owed to Givens. Again, to best understand this, the Court should review the calculations supporting prejudgment attachment that have been filed by Givens.[8]

Givens understands that the Court has stayed this action to allow Oenga to pursue fee arbitration and any challenge to the arbitration decision before the Alaska state courts. Givens' instant motion to lift the stay, for the limited purpose of allowing him to file his attachment motion, would not be inconsistent with the purpose of this Court's

---

> evidence the probable validity of the plaintiff's claim for relief in the action and the absence of any reasonable probability that a successful defense can be asserted by the defendant.

[8] Docket No. 103-1 (Sealed).

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH                                                                 Page 4 of 17

prior stay orders. Again, Givens' attachment motion would not be asking the Court to rule on the merits. Instead, he would be asking the Court to rule only that he is likely to prevail in this action, for the limited purpose of preserving funds for either party, irrespective of the outcome of this litigation.

In any event, it must be noted that Oenga's arguments before the Alaska Supreme Court are unlikely to succeed. That court has made clear in its decisions, which are cited by the Superior Court in its Order Confirming Award, that arbitrators' decisions—including their decisions on what issues to address and not to address—are unreviewable by the courts. Here, the arbitrators ruled that Givens' fee is reasonable, and they decided to defer to this Court the other arguments made by Oenga. The Superior Court affirmed the arbitrators' decision, and the Alaska Supreme Court will likely do the same.

Further, the Superior Court's judgment confirming the arbitrators' decision, which judgment is expected to be entered soon, will be a final decision, notwithstanding any appeal that Oenga might file with the Alaska Supreme Court. That finality applies not only to the arbitrators' decision that Givens' fee is reasonable but also to their decision to defer to this Court the other arguments raised by Oenga. And that finality applies to proceedings before this Court.

*Raymond C. Givens v. Leroy Oenga, Jr.*,
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH                                                     Page 5 of 17

Case 3:21-cv-00008-HRH   Document 117   Filed 06/07/24   Page 5 of 17

## 2. Oenga's Arguments Against Attachment Are Without Merit

Although Oenga disclaims an intent to address the merits of Givens' attachment motion,[9] which Givens has lodged with the Court,[10] Oenga devoted much of his Opposition to doing just that. Givens responds briefly here to Oenga's arguments. But Givens reserves the right to respond to any additional arguments that Oenga might make in his opposition to Givens' attachment motion, if the Court allows it to be filed. However, it is worth noting that, by making those arguments, Oenga is effectively inviting the Court to hear the attachment motion.

### a. Givens Is Entitled to Prejudgment Attachment Because This Action Is Based on Both an Express and an Implied Contract

A writ of prejudgment attachment can be issued in an action based on an express or implied contract. Alaska Civil Rule 89(b)(1). Oenga argues that, because he did not sign the contingency fee contract or its amendments, this action does not meet this requirement.[11] That argument is without merit, as Givens' claim against Oenga is based on both an express contract and an implied contract.

---

[9] Docket No. 114, at 8.

[10] Docket No. 105-1.

[11] Opposition, at 12-16.

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH 
Page 6 of 17

### (1) Givens' Claim Is Based on an Express Contract

An action can be based on an express contract even if it was not signed by the defendant. For instance, if a lessee verbally assigns his leasehold interest to another, and if the assignee assumes occupancy and begins paying rent but then stops doing so, the assignee is liable to the property owner to continue to pay rent under the terms of the lease. *See Bauer v. White*, 29 S.W.2d 176, 179 (Mo. App. 1930) (assignee of lessee who occupies the premises and begins to pay rent is bound under the terms of the lease, even if the assignment is verbal); *Abraham v. Akron Sausage Co.*, 171 N.E. 78, 80 (Ohio App. 1927) (accord).

In *RAN Corporation v. Hudesman*, 823 P.2d 646 (Alaska 1991), the Alaska Supreme Court held that the tenant's assignee was obligated to pay rent to the property owner under the terms of the lease. There, the court wrote:

> It seems beyond reasonable argument that an owner of property has a financial interest in the assignment of a lease of the property he owns. *An effective lease assignment makes the assignee the tenant of the owner; the assignee becomes the lessee and has a direct contractual relationship with the owner. . . . The tenant also has an obligation to pay rent*

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH                                      Page 7 of 17

Case 3:21-cv-00008-HRH   Document 117   Filed 06/07/24   Page 7 of 17

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

>   *directly to the owner*, and the use, or abuse, of the property by the assignee may affect its value to the owner.

*Id.*, at 649 (emphasis added).

Here, Oenga is the assignee, under the will of his father, Leroy Oenga, Sr., of the father's lessee interest in the allotment. Under the contingency fee contract, as amended, Oenga's father was obligated to pay Givens' fee from future rents. Givens argues in his attachment motion that, by taking an assignment of his father's interest in the allotment, Oenga became obligated to pay Givens' fee under the terms of the contingency fee contract because Oenga inherited his father's interest in the allotment subject to the obligations of that contract.[12] Accordingly, Givens' action against Oenga is based on an express contract for payment of money, under Alaska Civil Rule 89(b)(1).

### (2) Givens' Claim Is Based on an Implied Contract

Additionally, a writ of attachment can be issued under Alaska Civil Rule 89(b)(1) in an action based on an implied contract. As noted in Givens' attachment motion, an implied contract can include a contract implied in fact and one implied in law.[13] Oenga

---

[12] Docket No. 105-1, at 16-22

[13] *Id.*, at 10-11.

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH                                                Page 8 of 17

argues that Givens provides no evidence supporting either.[14] For the following reasons, that argument is without merit, as both are present here.

First, as noted in Givens' attachment motion,[15] under Alaska law a contract implied in fact can be found from the surrounding facts and circumstances. *Societe Financial, LLC. v. MJ Corporation*, 542 P.3d 1159, 1166 (Alaska 2024). Oenga fails to rebut the argument in Givens' attachment motion that it must be inferred from the surrounding facts and circumstances of contingency fee contract, as amended, that the parties intended that Givens' fee would be paid from annual rents through 2036, even if a signatory to the contract died before then and his or her interest was inherited by an heir.[16]

Additionally, Oenga fails to address the argument in Givens' attachment motion that the facts and circumstances here support a remedy against Oenga for a contract implied in law.[17] As noted there,[18] under Alaska law a person is unjustly enriched if the retention of a benefit without paying for it would be unfair to the provider of the benefit.

---

[14] Docket No. 114, at 15.

[15] Docket No. 105-1, at 10, 20.

[16] *Id*., at 20-22.

[17] *Id*., at 21.

[18] *Id*., at 21.

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH        Page 9 of 17

*Alaska Sales and Service, Inc. v. Millet*, 735 P.2d 743, 746 (Alaska 1987). Oenga fails to rebut Givens' argument that Oenga would be unjustly enriched if he is allowed to retain all the annual rents without compensating Givens for his successful efforts in dramatically increasing those rents.[19]

For the above reasons, Givens has a claim against Oenga upon an implied contract—both implied-in-fact and implied-in-law—under Civil Rule 89(b)(1).

### b. Givens Is Entitled to Prejudgment Attachment Because the Property to be Attached Is Not Exempt from Execution

Givens' attachment motion argues that he is entitled to prejudgment attachment because he does not ask the Court to attach property that is exempt from execution, under AS 09.40.030.[20] Instead, Givens' motion asks that the Court order Oenga to instruct the Bureau of Indian Affairs ("BIA") and/or the Bureau of Trust Funds Administration ("BTFA") to pay to the registry of the Court, or to such other account as the Court deems appropriate, Oenga's portion of the rent that is expected to be paid by the allotment's lessee, Hilcorp Alaska LLC, in August or September of 2024 for rental year 2025.[21]

---

[19] *Id.*, at 10-11, 21-22.

[20] Docket No. 105-1, at 11-12.

[21] *Id.*

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH   Page 10 of 17

Citing *Law Offices of Vincent Vitale v. Tabbytite*, 942 P.2d 1141 (Alaska 1997), Oenga argues that this would result in the attachment of exempt property, in violation of 25 U.S.C. § 410.[22] However, Oenga fails to address the argument in Givens' attachment motion that *Vitale* is readily distinguishable.[23]

In *Givens v. Wallace Oenga*, Case No. 3:19-cv-0043 HRH, this Court instructed the Clerk of Court to act on behalf of Wallace Oenga, under Federal Rule of Civil Procedure 70(a), to order the Office of Special Trustee ("OST") (now the BTFA) to pay Givens his fee from annual rents. Oenga argues that the circumstances of the *Wallace Oenga* case are not present here.[24] For the following reasons, that argument is without merit.

Oenga's father signed the contingency fee contract and its first amendment. They required the father to instruct OST (now the BTFA) to pay Givens from the father's share of annual rents from the allotment. As noted above, Givens' attachment motion argues that Oenga inherited his father's interest in the allotment subject that obligation. In the action before this Court, as in the *Wallace Oenga* case, Givens asks for a judgment against Oenga with an order of specific performance requiring him to honor

---

[22] Docket No. 114, at 16-19.

[23] Docket No. 105-1, at 24-29.

[24] Docket No. 114, at 17-19.

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH     Page 11 of 17

Case 3:21-cv-00008-HRH   Document 117   Filed 06/07/24   Page 11 of 17

that promise. Likewise, Givens' attachment motion asks for an order directing Oenga to instruct the BFTA to transfer funds to the registry of the Court, or to such account as the Court deems appropriate. Givens does not ask for an order directed to the BTFA.

For the above reasons, a writ or prejudgment attachment can be issued here because Givens does not seek to attach exempt property.

### c. The Balancing of the Harms Favors Givens, Not Oenga

As noted above, Givens' attachment motion seeks an order requiring Oenga to instruct the BFTA to deposit into the registry of the Court, or to such other account as the Court deems appropriate, funds that would otherwise be paid to Oenga as rent in August or September 2024.[25] Oenga argues, without support, that the issuance of the order would somehow interfere with his ability to complete the arbitration review process and to defend against Givens' claims.[26] As noted above, attachment would not in any way interfere with or delay Oenga's appeal of the decision of the Superior Court to the Alaska Supreme Court. And again, the funds sought to be attached will not be transferred to Givens. Instead, they will merely be set aside, to be remitted to whichever party ultimately prevails in this action.

---

[25] Docket No. 105-1, at 31.

[26] Docket No. 114, at 19.

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH        Page 12 of 17

Case 3:21-cv-00008-HRH   Document 117   Filed 06/07/24   Page 12 of 17

Oenga blames Givens for the delay in these proceedings.[27] To the contrary, Givens is the plaintiff here, and he has been attempting to move his claims against Oenga to a final decision. Instead, delay has been caused by Oenga seeking arbitration, and review of that arbitration, in the state court system. It has not been caused by Givens' misquotations or misrepresentations of this Court's orders to the arbitrators, as Oenga now baselessly intimates.[28]

Citing this Court's order of January 13, 2022,[29] Oenga argues that it is a "virtual certainty" that proceedings before the Alaska Supreme Court will be delayed or disrupted if Givens is allowed to proceed with his attachment motion.[30] However, that order dealt with Givens' motion to lift the stay in this action for purposes of the review of Alaska Bar Counsel's denial of Givens' motion to dismiss the fee arbitration proceedings initiated by Oenga. Here, in contrast, Givens does not ask the Court to do anything that would interfere with, disrupt or delay any appeal that Oenga might file with the Alaska Supreme Court. Again, Givens' attachment motion does *not* ask this Court to rule on the merits, and it does *not* ask this Court to limit in any way the

---

[27] *Id*., at 20.

[28] *Id.*, at 20-21.

[29] Docket No. 61.

[30] Docket No. 114, at 22.
*Raymond C. Givens v. Leroy Oenga, Jr.*,
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH    Page 13 of 17

Case 3:21-cv-00008-HRH   Document 117   Filed 06/07/24   Page 13 of 17

jurisdiction or authority of the Alaska Supreme Court. The attachment motion merely asks this Court to set aside funds to pay to whichever party prevails in this action.

Givens has been deprived of payment of his fee from Oenga for the last five years. The total now owed is $239,654.01, plus accrued interest.[31] Oenga, on the other hand, has had the full benefit of those funds during that time, including the funds that Givens claims was owed to him. Without prejudgment attachment, Givens may have difficulty collecting that sum against Oenga if Givens ultimately prevails in this litigation. For example, what would happen if either party should die before then?

For the reasons stated above, the hardship to Givens of not issuing a prejudgment writ of attachment outweigh the hardship to Oenga of issuing such a writ.

### 3. The Stay Should Be Lifted to Allow the Court to Decide at the Same Time the Attachment Motions in Both the Oenga Case and the Delia Case

As the Court knows, *Raymond C. Givens v. Joseph Delia*, Case No. 3:23-cv-00121-HRH (the -121 case), has not been stayed, and Givens has filed a motion for a prejudgment writ of attachment there.[32] The Court should grant the instant motion to lift the stay for the limited purpose of allowing Givens to file and the Court to consider parallel attachment motions in both the -121 case and in this, the -008 case. As the Court

---

[31] Docket No. 103-1 (Sealed).

[32] Docket No. 36, in the -121 case.

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH                                                                                   Page 14 of 17

Case 3:21-cv-00008-HRH   Document 117   Filed 06/07/24   Page 14 of 17

previously noted, the -121 and the -008 cases raise common questions of law and fact[33] and are heavily interrelated.[34] As noted in Givens' motion to lift the stay for the limited purpose of allowing him to file an attachment motion,[35] the two actions concern the same land; they concern the same family; they concern the same attorney who worked on behalf of the family; they concern the same contingency fee contract and amendments; they concern the same lessee of the land; they concern the same underlying litigation before the Court of Federal Claims; they concern the same settlement of that litigation; they concern the same replacement lease; and they concern many of the same factual and legal issues. Oenga has offered no persuasive reason why the interests of judicial efficiency do not call for the lifting of the stay to allow Givens to file his attachment motion here, so that his attachment motion in this, the -008 case, can be considered at the same time as his attachment motion in the -121 case.

The Court has approved Delia's unopposed motion for an extension of time until **June 26, 2024**, to file his opposition to Givens' attachment motion in the -121 case. The Court should enter an order in this, the -008 case, to (1) grant Givens' motion to lift the

---

[33] *Id*.

[34] Docket No. 83 in this, the -008 case; Docket No. 24, in the -121 case.

[35] Docket No. 101, at 5.

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH    Page 15 of 17

Case 3:21-cv-00008-HRH   Document 117   Filed 06/07/24   Page 15 of 17

stay to allow him to file his lodged attachment motion herein; and (2) also set **June 26, 2024**, as the deadline for Oenga to file his opposition to that attachment motion.

Oenga argues that the Court should not consolidate the -008 and the -121 cases, but he presents no persuasive reason for that position.[36] Givens would favor consolidation, although that would not be necessary for the purpose of the Court coordinating its consideration of the attachment motions in the two cases. This may be an appropriate topic for discussion at the conference with the Court, scheduled for June 27, 2024.

### 4. Oenga's Public-Interest Argument Is Without Merit

Oenga concludes his Opposition by listing arguments that he intends to present on appeal to the Alaska Supreme Court.[37] However, as noted above, lifting the stay for the limited purpose of hearing and granting prejudgment attachment herein will not impair Oenga's ability to make those arguments to that court.

### Conclusion

For the reasons stated above, the Court should grant Givens' motion to lift the stay in this action for the limited purpose of allowing him to file a motion for a prejudgment writ of attachment, and, to that extent, the Court should deny Oenga's cross

---

[36] Docket No. 114, at 23.

[37] *Id.*, at 23-25.

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH                                          Page 16 of 17

Case 3:21-cv-00008-HRH   Document 117   Filed 06/07/24   Page 16 of 17

motion to continue the stay. Further, the Court should order Oenga to file his opposition to Givens' attachment motion by **June 26, 2024**.

DATED: June 7, 2024.

> RUSSELL L. WINNER
> WINNER & ASSOCIATES, P.C.
> Attorneys for Plaintiff Raymond C. Givens
>
> By: /s/ Russell L. Winner
> Russell L. Winner
> Alaska Bar No. 7811179

## Certificate of Service

I hereby certify that a copy of the foregoing document was served electronically on the attorneys of record through the Court's CM/ECF System.

> /s/ Russell L. Winner
> Russell L. Winner

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH          Page 17 of 17

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522