RUSSELL L. WINNER, ABA 7811149
WINNER & ASSOCIATES, P.C.
900 W. 5th Avenue, Suite 700
Anchorage, AK 99501
Telephone: (907) 277-9522
Email: rwinner@winnerlaw.com
Attorneys for Plaintiff Raymond C. Givens

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

RAYMOND C. GIVENS,

        Plaintiff,

vs.

LEROY OENGA, JR.,

        Defendant.

Case No. 3:21-cv-00008-HRH

**PLAINTIFF'S MOTION FOR
PREJUDGMENT WRIT OF ATTACHMENT**

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

# TABLE OF CONTENTS

I. INTRODUCTION…………………………………………………………… 3

II. THE STANDARD FOR ISSUANCE OF PREJUDGMENT WRIT OF ATTACHMENT……………………………………………………….... 7

    A. Rule 64 Adopts State Law Regarding Prejudgment Attachment………... 7

    B. Alaska Law Regarding Prejudgment Attachment………………………... 8

III. THE REQUIRMENTS FOR PREJUDGMENT ATTACHMENT ARE MET HERE…………………………………………………………………… 9

    A. Givens Claim Against Oenga Is Based on Both an Express Contract and an Implied Contract………………………………………………………… 9

    B. The Contract Is Not Secured…………………………………………….. 11

    C. The Property to be Attached Is Not Exempt from Execution…………........ 11

    D. Givens Is Likely to Prevail in this Action…………………………………... 12

        1. The Decisions of the Panel and the Superior Court…………………..... 14

        2. Givens Is Likely to Prevail in His Argument that Oenga Is Obligated to Pay Givens' Fee, Even Though Oenga Did Not Sign the Contingency Fee Contract, as Amended…………………….. 16

        3. Givens is Likely to Prevail in His Argument that the Contingency Fee did Not Violate Federal Law………………………………………….. 22

            a. Givens is Likely to Prevail in His Argument that the Contingency Fee Contract Did Not Violate ANCSA ………………………….... 22

            b. Givens is Likely to Prevail in His Argument that the Contingency Fee Contract Need Not Have Been Approved by the United States ……………………………..…………….......…… 23

    E. This Motion Is Accompanied by Plaintiff's Declarations………………….. 29

    F. The Court Need Not Hold a Hearing on this Motion……………………….. 30

    G. The Writ Should Attach to the Amount of the Existing Debt Due and Owing, Which Is $239,654.01, Plus Accrued Prejudgment Interest……….. 30

    H. Givens Will Provide Sufficient Sureties Before Issuance of the Writ……… 31

    I. The Court Should Order Oenga to Instruct the BTFA to Pay the Attached Funds into the Registry of the Court…………………………………….... 31

III. CONCLUSION………………………………………………………….. 31

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Plaintiff Raymond C. Givens, by his undersigned counsel, hereby moves, pursuant to Rule 64 of the Federal Rules of Civil Procedure, for a prejudgment writ of attachment. The basis for this motion follows.

## I.    INTRODUCTION

The Alaska Superior Court recently ruled in Givens' favor, in *Leroy Oenga, Jr., Petitioner, v. Raymond C. Givens, Respondent*, Case No. 2BA-23-111CI,[1] rejecting the application of Defendant Leroy Oenga, Jr., to vacate the Decision and Order of the Fee Arbitration Panel of the Alaska Bar Association, in *Leroy Oenga, Jr., Petitioner, v. Raymond Givens, Respondent*, ABA File No. 2021F012.[2] The Superior Court confirmed the arbitrators' decision that Givens' fee, incurred in representing the Oenga heirs to increase the rent received for their Native allotment, was reasonable. In light of the decisions of the arbitrators and the Superior Court, Givens is likely to prevail in his action against Oenga before this Court. Accordingly, the Court should grant Givens' motion for a prejudgment writ of attachment now, under Rule 64.

As noted in Givens' motion to lift the stay of this action for purposes of filing the instant motion,[3] for the past five years, Oenga has not paid Givens' contingency fee from Oenga's share of the annual rents from the Native allotment, which rents were

---

[1] Docket No. 100-1 (Sealed).

[2] Docket No. 67-1 (Sealed).

[3] Docket No. 101.

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH                                                    Page 3 of 32

dramatically increased due to Givens' efforts. *Oenga has paid nothing to Givens for years 2020, 2021, 2022, 2023, and 2024, keeping all those rent payments for himself.* Under the contingency fee contract, as amended, Oenga was obligated to pay Givens a total of $239,654.01 from those rents. The basis for calculating that amount is shown in the table attached as Exhibit 1 to the Declaration of Raymond C. Givens [Filed Under Seal].[4] To best understand the above, Givens urges the Court to review that table.

As noted earlier, Givens' motion for a prejudgment writ of attachment should be granted now for a very practical reason: The next rent payment to Oenga likely will be made in August or September of 2024, and Givens wants to give the Court sufficient time to rule before then on his motion for a prejudgment writ of attachment. The instant motion asks the Court for an order requiring Oenga to direct that the upcoming rental payment to him be transferred into the registry of the Court, or to such other account as the Court deems appropriate, to be held pending the outcome of this case.

As noted earlier, Givens' instant motion does not ask the Court to adjudicate the merits of his dispute with Oenga or to make payment to Givens. Instead, the motion simply asks the Court to rule that Givens is *likely* to prevail in this case, and to *set aside* the upcoming rent payment to Oenga so that it is available to either party at the end of the case. If Oenga prevails in this case, the funds will be returned to him. If Givens

---

[4]  Docket No. 103-1 (Sealed).

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

prevails, the funds will go to him. A prejudgment writ of attachment should be issued because Givens may have difficulty, for a number of reasons, in collecting the amount owed to him at the end of this case.

Again, if a prejudgment writ of attachment is issued, the Court will, in effect, be granting a full, not just a partial, stay of this action. As things stand now, only Givens is being stayed, in that he has not been able to collect his fee from rents paid to Oenga during the last five years. On the other hand, Oenga is not being stayed at all: he has benefited during this time from the vastly increased rents—which include the fee owed to Givens—that are the result of Givens' successful legal efforts on behalf of the Oenga heirs. The Court should set aside the next rent payment to Oenga, so that it is available to whichever party ultimately prevails in the action before this Court.

As noted earlier, Givens files this motion for a writ of prejudgment attachment with this Court, rather than filing it with the Alaska Superior Court, because that court could not issue such a writ. In its review of the arbitrators' decision, the Superior Court's authority was narrowly limited, under AS 09.43.500 and Alaska Bar Rule 40(t), to vacating or affirming their decision that Givens' fee was reasonable. In that context, the Superior Court lacked the jurisdiction or authority to enter a monetary judgment against Oenga for fees owed, and Givens could not and did not seek that result from that court. Accordingly, the Superior Court cannot issue a prejudgment writ of attachment. This Court, however, does have the jurisdiction and authority to enter a monetary

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH
Page 5 of 32

Case 3:21-cv-00008-HRH    Document 121    Filed 06/11/24    Page 5 of 32

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

judgment against Oenga for fees owed, because Givens filed his complaint seeking such judgment with this Court, not with the Superior Court. Accordingly, only this Court has the jurisdiction and authority to issue a prejudgment writ of attachment.

The companion case, *Raymond C. Givens v. Joseph Delia*, Case No. 3:23-cv-00121-HRH (the -121 case), has not been stayed.[5] Givens has filed a motion for a prejudgment writ of attachment in that case. As the Court previously noted, the -121 and this action (the -008 case) raise common questions of law and fact[6] and are heavily interrelated[7]: They concern the same land. They concern the same family. They concern the same underlying litigation before the Court of Federal Claims. They concern the same settlement of that litigation. They concern the same attorney who worked on behalf of the family. They concern the same contingency fee contract and amendments. They concern the same lessee of the land. They concern the same replacement lease. And they concern many of the same factual and legal issues.

Givens understands that the Court wishes to avoid piecemeal litigation of the -008 and the -121 cases. Accordingly, the Court should grant at the same time the attachment motions in both the -008 case and the -121 case.

---

[5] Docket No. 82, at 3, in the 008 case; Docket No. 20, at 3, in the -121 case.

[6] *Id*.

[7] Docket No. 83 in the -008 case; Docket No. 24 in the -121 case.

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH                                    Page 6 of 32

## II. THE STANDARD FOR ISSUANCE OF PREJUDGMENT WRIT OF ATTACHMENT

The standard for the issuance by the Court of a prejudgment writ of attachment is summarized below.

### A. Rule 64 Adopts State Law Regarding Prejudgment Attachment

Rule 64 of the Federal Rules of Civil Procedure adopts the law of the state where the federal court is located for the issuance of prejudgment writs of attachment. That rule states, in relevant part:

> **(a) Remedies Under State Law—In General.** At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. . . . .

> **(b) Specific Kinds of Remedies.** The remedies available under this rule include the following—however designated and regardless of whether state procedure requires an independent action:
> . . . .
> attachment
> . . . .

Accordingly, Alaska law regarding prejudgment writs of attachment applies here.

That law is to be applied by this Court following federal court procedure. Wright & Miller, 11A *Federal Practice and Procedure Civil* § 2932 (3d. ed. 2023) states:

> Except as otherwise provided by the Constitution of the United States or an applicable statute, provisional remedies, which authorize seizing a person or property to secure satisfaction of the potential judgment, are available in a federal action if authorized under the law of the state where the district court is located.

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH                                    Page 7 of 32

Case 3:21-cv-00008-HRH    Document 121    Filed 06/11/24    Page 7 of 32

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

\*\*\*\*

> Although state law ordinarily determines when and how a provisional remedy is obtained, it has no effect on the underlying action to which the provisional remedy is incident.

Likewise, in *Bahrain Telcoms. Co. v. DiscoveryTel, Inc.*, 476 F.Supp.2d 176, 183 (D. Conn. 2007), the court wrote:

> Rule 64 thus authorizes a federal court to borrow relevant state law on provisional remedies. And although the federal civil rules govern the conduct of the action in federal court, state law determines when and how a provisional remedy is obtained.

### B. Alaska Law Regarding Prejudgment Attachment

Prejudgment writs of attachment in Alaska are governed by AS 09.40.010 - .110, and by Alaska Civil Rule 89. The requirements for the issuance of a writ are summarized below:

- The action is based on an express or implied contract. AS 09.40.010(a)(1).

- The contract is not secured. AS 09.40.010(a)(1).

- The property to be attached is not exempt from execution. AS 09.40.030.

- The plaintiff is likely to prevail in the action. Alaska Civil Rule 89(d).

- The plaintiff's motion is to be accompanied by his affidavit in support. Alaska Civil Rule 89(b).

- The defendant may request an evidentiary hearing. Alaska Civil Rule 89(c).

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

- The writ is to be issued in the amount of the existing debt due and owing. (Alaska Civil Rule 89(b)(2).

- The plaintiff shall provide sufficient sureties to protect the defendant if he should prevail in the action. AS 09.40.020.

- To implement the writ, the court has discretion in fashioning a mechanism of securing payment that the court deems just. AS 09.40.010(b); Alaska Civil Rule 89(j).

## III. THE REQUIREMENTS FOR PREJUDGMENT ATTACHMENT ARE MET HERE

The requirements under Alaska law for the issuance of a prejudgment writ of attachment are met here. This can be seen from the following:

### A. Givens Claim Against Oenga Is Based on Both an Express Contract and an Implied Contract (AS 09.40.010(a)(1))

Givens' claim against Oenga is based on the following facts, all of which are undisputed: Oenga's father and the other Oenga heirs entered into a written agreement with Givens in 2003, promising to pay him a contingency fee from future annual rents from the Oenga allotment if he succeeded in securing an increase in those rents. In 2011, the fee contract was amended, to the benefit of the Oenga heirs, to provide that Givens' fee would be paid only through 2036. In reliance on the promise that his fee would be paid from future rents, if they were increased, Givens devoted thousands of hours of time as an attorney representing the Oenga heirs in a difficult case, and he won a

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

spectacular victory for them, thereby increasing their annual rents more than seven-fold. When Oenga's father died, Oenga inherited his father's share of the allotment. Oenga initially agreed to pay Givens' fee from future annual rents, but then Oenga stopped paying Givens, claiming that he was not legally obligated to do so.

A writ of attachment can be issued "in an action upon an express or implied contract for the payment of money." AS 09.40.010(a)(1). Givens' claim against Oenga is for the payment of his fee based on both an express contract and an implied contract.

*Black's Law Dictionary* defines an "express contract" as "[a] contract whose terms the parties have explicitly set out." Givens' claim against Oenga is based on the contingency fee contract, which is an express contract, under AS 09.40.010(a)(1).

*Black's Law Dictionary* defines an "implied contract" as including both "[a]n implied-in-fact contract" and "[a]n implied-in-law contract." An "implied-in-fact contract" is defined by that dictionary as "[a] contract that the parties presumably intended as their tacit understanding, as inferred from their conduct and other circumstances." *See, e.g., Society Financial, LLC v. MJ Corporation*, 542 P.3d 1159, 1166. (Alaska 2024). Givens claim against Oenga is based on the intent of the parties to the contingency fee contract that the obligation to pay Givens' fee from annual rents would survive through 2036, even if a signatory to the contract died before then. *See* discussion below, at Section II.D.2.

*Black's Law Dictionary* defines an "implied-in-law contract" as follows:

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH                                    Page 10 of 32

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

> An obligation created by law for the sake of justice; specif., an obligation imposed by law because of some specific relationship between them, or because one of them would otherwise be unjustly enriched. An implied-in-law contract is not actually a contract, but instead a remedy that allows the plaintiff to recover a benefit conferred on the defendant.— Also termed *contract implied in law*; *quasi-contract*; *constructive contract*.

*See, e.g., Alaska Sales and Service, Inc. v. Millet*, 735 P.2d 743, 745-46 (Alaska 1987).

Givens' claim against Oenga is based on the legally imposed duty that he inherited his father's interest in the allotment subject to the obligation to pay Givens through 2036. Givens' claim is also based on estoppel. Both claims are grounded in equity and fairness—Oenga would be unjustly enriched if he could avoid paying Givens—and both are "implied contracts," under AS 09.40.010(a)(1). *See* discussion below, at Section II.D.2.

**B. The Contract Is Not Secured  (AS 09.40.010(a)(1))**

It is undisputed that the contingency fee contract between Givens and the Oenga heirs is not secured.

**C. The Property to be Attached Is Not Exempt from Execution
    (AS 09.40.030)**

Givens does not ask the Court to attach property that is exempt from execution. Instead, Givens asks that the Court order Oenga to instruct the Bureau of Indian Affairs ("BIA") and/or the Bureau of Trust Funds Administration ("BTFA") to forward to the registry of the Court, or to such other account as the Court deems appropriate, Oenga's

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH                                    Page 11 of 32

Case 3:21-cv-00008-HRH    Document 121    Filed 06/11/24    Page 11 of 32

portion of the rent that is expected to be paid by Hilcorp Alaska LLC in August or September 2024 for year 2025.

This Court entered a similar order in *Givens v. Wallace Oenga*, Case No. 3:19-cv-0043-HRH. There, the Court ruled, over the objection of the United States, that it could direct the Clerk of Court, standing in that defendant's shoes under Rule 70(a) of the Federal Rules of Civil Procedure, to instruct the Office of Special Trustee (subsequently renamed the BTFA) to pay Givens' fee from funds in that defendant's Individual Indian Money ("IIM") account. *A fortiori*, here the Court can order Oenga to instruct the BIA and/or the BTFA to forward his portion of the rents to the registry of the Court, or to such other account as the directed Court deems appropriate.

Further, and in any event, the funds in Oenga's IIM account are not exempt from execution under any of the defenses and affirmative defenses asserted by him. *See* discussion below.

**D. Givens Is Likely to Prevail in this Action (Alaska Civil Rule 89(d))**

Givens is likely to prevail against Oenga in this action for the payment of Givens' contingent fee. This is the principal consideration for the Court regarding this motion for a prejudgment writ of attachment.

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Given's complaint asserts that Oenga breached his obligation to pay his share of Givens' contingent attorney fee, as payment for Givens having dramatically increased the share of yearly rents that Oenga receives from the Native allotment.[8]

Oenga's answer to Givens' complaint denies his obligation to pay Givens, asserting 18 affirmative defenses.[9] As discussed below, Givens is likely to prevail regarding those defenses.

A number of Oenga's affirmative defenses are boilerplate, and he provides no support for them in his answer or elsewhere.[10] There is no basis in fact or law for those defenses. Accordingly, the Court should conclude that Givens is likely to prevail regarding them.

Four of Oenga's affirmative defenses were advanced by him in proceedings before the Fee Arbitration Panel and before the Alaska Superior Court, in its review of

---

[8]  Docket No. 1.

[9]  Docket No. 15.

[10]   They include the following: (1) Plaintiff's complaint fails to state a claim for which relief may be granted; (2) Plaintiff has failed to exhaust administrative remedies; (3) This Court lacks subject matter jurisdiction over the Complaint; (4) Plaintiff has failed to join necessary and indispensable parties; (6) Defendant has fully performed; (7) Plaintiff's claims are barred by accord and satisfaction; (11) Plaintiff's claims are time-barred; (13) The Complaint is barred by res judicata; (14) The claims are barred by judicial estoppel;  and (16) Plaintiff breached the contract first.

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH

the Panel's decision.[11] The decisions of the Panel and the Superior Court rejected those arguments. Those defenses and the decisions of the Panel and the Superior Court are discussed below.

Finally, three of Oenga's affirmative defenses were advanced by him before the Panel and the Superior Court,[12] but neither addressed those defenses, instead deferring them for decision by this Court. For the reasons discussed below, this Court should conclude that Givens is likely to prevail regarding those defenses.

## 1. The Decisions of the Panel and the Superior Court

The Fee Arbitration Panel had little difficulty concluding that Givens' fee is reasonable, under the standards of Alaska Bar Rule 35(a) and Alaska Code of Professional Conduct 1.5(a). The Panel's decision found that Givens had not acted unethically or inappropriately in his representation of the Oenga heirs. And the Panel's decision found that the amendments to the contingency fee contract were appropriate, in that each reduced Givens' fee.

---

[11] They include the following: (8) Any agreement between Plaintiff and Defendant's father is void for fraud, duress, and/or unconscionability; (9) The amendments to any agreements fail for lack of consideration; (12) Plaintiff's claim for attorney's fees is unreasonable as defined in Alaska R. Prof. Conduct 1.5; and (15) Plaintiff has unclean hands.

[12] They include the following: (5) Defendant is not a party to any agreement with Plaintiff; (10) Plaintiff's claims constitute an illegal encumbrance of restricted Native real property; and (17) Plaintiff's claims are barred by Federal law.

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH                                              Page 14 of 32

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

As noted above, the Alaska Superior Court recently confirmed the Panel's decision.

Oenga is bound here by the Superior Court's decision, even if he intends to pursue an appeal from it to the Alaska Supreme Court. In *Robi v. Five Platters, Inc.*, 838 F.2d 318 (9th Cir. 1988), the Ninth Circuit Court of Appeals wrote, regarding res judicata: "[A] decision rendered by a court of competent jurisdiction is presumptively correct." *Id.*, at 327 (internal citation and quotation marks omitted). The Ninth Circuit added: "[I]n federal courts . . . the preclusive effects of a lower court judgment cannot be suspended simply by taking an appeal that remains undecided." *Id.* (internal citation and quotation marks omitted). Likewise, 18A Wright & Miller, *Federal Practice and Procedure* § 4433 states:

> [T]he fact that an appeal is pending may not prevent an action to register or enforce the prior judgment and does not prevent attachment of the judgment debt as an asset of the judgment creditor. This federal rule is binding when the preclusive effects of a federal judgment are asserted in a state action, but federal courts will honor the contrary rule of a state court whose judgment is offered in a federal action.

For the reasons stated above, Givens has prevailed regarding the following affirmative defenses asserted by Oenga: (8) (fraud, duress, unconscionability); (9) (lack of consideration); (12) (unreasonable fee); and (15) (unclean hands). At the least, the Court should conclude, for purposes of the instant motion, that Givens is likely to prevail regarding those defenses.

*Raymond C. Givens v. Leroy Oenga, Jr.*,
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH                                    Page 15 of 32

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

This leaves only the following affirmative defenses asserted by Oenga, which were not addressed by the Panel or the Superior Court, to be considered here by this Court: (5) (Oenga did not sign the contingency contract); (10) (illegal encumbrance of restricted allotment); and (17) (barred by federal law). For the reasons discussed below, this Court should conclude that Givens is likely to prevail regarding those defenses.

### 2. Givens Is Likely to Prevail in His Argument that Oenga Is Obligated to Pay Givens' Fee, Even Though Oenga Did Not Sign the Contingency Fee Contract, as Amended

Oenga argues that he is not obligated to pay Givens' fee from the annual rents of the allotment because he was not a party to any agreement with Givens. Oenga's affirmative defense (5). As noted above, the Panel and the Superior Court did not address that argument, deferring it for decision by this Court. For the following reasons, Givens is likely to prevail in his argument that Oenga inherited his interest in the allotment subject to the obligation to pay Givens under the terms of the contingency fee contract. A contrary conclusion would result in unjust enrichment to Oenga.

Alaska Statute 13.16.005 states, in relevant part: "[U]pon the death of a person, that person's real and personal property devolves to the persons to whom it is devised by the last will . . . subject to . . . rights of creditors." The contingent fee contract was signed by Oenga's father. There, Oenga's father promised to pay Givens fee from annual rents received from the Oenga allotment through 2036. Oenga inherited his interest in the allotment subject to that obligation.

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH                                                      Page 16 of 32

Case 3:21-cv-00008-HRH     Document 121     Filed 06/11/24     Page 16 of 32

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

The Alaska courts often follow the *Restatements of Laws*. Relevant here are the following provisions of *Restatement (Third) of Property (Servitudes)* (2000) ("*Restatement*"):

> **§ 1.3: Covenant Running with Land, Affirmative, Negative, and Restrictive Covenants Defined**
> (1) A covenant is a servitude if either the benefit or the burden runs with the land. A covenant that is a servitude "runs with land."
> (2) The nature of the burden determines whether a covenant is affirmative or negative. An "affirmative covenant" requires the covenantor to do something; a "negative covenant" requires the covenantor to refrain from doing something.
> . . .

Comment *d* to this section of the *Restatement* gives as an example of a covenant running with the land the requirement that new lot owners pay money to a third party who provides a benefit to the lots:

> "[D]eveloper agreed to and did impose covenants on all the lots requiring lot owners, and their successors, to pay for the water [provided by Water Company]. The covenants requiring payment for the water are servitudes because the burden runs with the land, automatically binding successors.

Comment *e* to this section states, more generally, that the obligation to pay money to a third person can be a covenant running with the land:

> Affirmative covenants call for the payment of money, the supply of goods or services, or the performance of some other act, either on or off land owned or occupied by the covenantor.

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH                                   Page 17 of 32

Case 3:21-cv-00008-HRH    Document 121    Filed 06/11/24    Page 17 of 32

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

*See, e.g., Lake Limerick Country Club v. Hunt Mfg. Homes, Inc*., 84 P.3d 295, 301 (Wash. App. 2004) (duty to pay dues to homeowners' association is a covenant running with the land, automatically binding new owners).

The following provisions of the *Restatement* are relevant here as well:

> ### § 4.1. Interpretation of Servitudes
> A servitude should be interpreted to give effect to the intention of the parties ascertained from the language used in the instrument, or the circumstances surrounding creation of the servitude, and to carry out the purpose for which it was created.
>
> \*\*\*\*
> ### § 4.7. Delegability and Transfer of Servitude Burdens
> A burden that is appurtenant to an interest in property is transferred to successors to that interest under the rules stated in § 5.1.
>
> \*\*\*\*
> ### § 5.1. An Appurtenant Benefit or Burden Passes Automatically
> An appurtenant benefit or burden transferable under the rules states in §§ 4.6 and 4.7 passes automatically with the property interest to which it is appurtenant.
>
> ### § 5.2. Persons to Whom an Appurtenant Benefit or Burden Runs
> [A]n appurtenant benefit or burden runs to all subsequent owners and possessors of the benefited and burdened property.

As can be seen from the above, Oenga's inheritance of his father's interest in the allotment was subject to the obligation to pay Givens' fee from annual rents, as a

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

covenant running with the land. That is, the interest in the allotment inherited by Oenga was impressed by the contingency fee contract. This is true even though Oenga's father's will did not expressly state that this burden ran to his "heirs and assigns." Although there are no Alaska cases on point, in *Berardi v. Ohio Turnpike Commission*, 205 N.E.2d 23, 27 (Ohio App. 1965), the court wrote:

> The use of the word 'assigns' or 'heirs and assigns' is not necessary or essential to create a covenant running with the land, and in determining whether a covenant will run with the land the material inquiries are whether the parties intended to impose such burden on the land and whether it is one that may be imposed consistently with principle and equity.

*Accord, LuMac Dev. Corp. v. Buck Point Ltd. Partnership*, 573 N.E.2d 681, 684 (Ohio App.1988).

The Alaska courts also often rely on legal treatises and commentary. Relevant here, s*ee* 3 PATTON AND PALOMAR ON LAND TITLES, § 525 ("The devisee takes title subject to all equities and liens that were against the title in the hands of the testator"); 5 TIFFANY REAL PROPERTY § 156 ("An 'equitable lien' is created by a provision, in a conveyance inter vivos or in a will, charging the land, in the hands of the grantee or devisee, with the payment of debts or legacies."); *Rights and remedies in respect of legacy charged upon land devised*, 116 A.L.R. 7 ("the court will conclusively presume that the testator intended his debts to be paid at all hazards . . . [and] will enforce the payment of the testator's debts, to the exclusion of bequests and devises.").

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH                                                                 Page 19 of 32

Case 3:21-cv-00008-HRH    Document 121    Filed 06/11/24    Page 19 of 32

Oenga's obligation to pay Givens from annual rents is based on a contractual provision implied in fact. In *Societe Financial, LLC v. MJ Corporation*, 542 P.3d 1159 (Alaska 2024), the Alaska Supreme Court wrote: "In the absence of an express contract, an implied contract may still exist where the court finds from the surrounding facts and circumstances that the parties intended to make a contract but failed to articulate their promises." *Id*., at 1166 (internal quotation marks and citation omitted). Here, although the contingency fee contract did not expressly refer to the payment obligation running to the "heirs and assigns" of the signatory Oenga heirs, it need not have done so, as that intent was clear. That is, the contingency fee contract included an implied-in-fact covenant that Givens' fee would be paid from annual rents through 2036, even if a signatory to the contract died before then. This is evident from the following:

- At the time of signing the contingency fee contract and its amendments, no one could have expect that all the signatory heirs would live until 2036.

- A signatory heir could not avoid payment to Givens by assigning while living his or her interest in the allotment to a child or relative.

- The payment obligation to Givens of 25% of future rents was not broken down individually for each signatory heir in the contingency fee contract, as amended. Instead, this was and is a payment obligation of each heir, jointly and severally. If Oenga can now avoid making payment to Givens because he was not a signatory of

*Raymond C. Givens v. Leroy Oenga, Jr.*,
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH
Page 20 of 32

Case 3:21-cv-00008-HRH    Document 121    Filed 06/11/24    Page 20 of 32

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

fee contract, that would have the effect of increasing the payment obligations of the remaining Oengas.

In *Williams Alaska Petroleum, Inc. v. State*, 529 P.3d 1160 (Alaska 2023), the Alaska Supreme Court wrote: "Questions of contract interpretation are generally questions of law which we review de novo; but fact questions are created when the meaning of contract language is dependent on conflicting extrinsic evidence." *Id*., at 1176 (internal quotation marks and citation omitted). Here, the Court need hold no evidentiary hearing to determine that the contingency fee contract, as amended, must be interpreted to require Oenga to pay Givens' fee from annual rents through 2036.

In addition, Oenga's obligation to pay Givens from annual rents is based on a contract implied in law. As noted above, Givens expended considerable time and effort to secure significantly higher rents from the Oenga allotment. As a result of those efforts, Oenga receives much higher annual rents than he would otherwise have received.

In *Alaska Sales and Service, Inc. v. Millet*, 735 P.2d 743 (Alaska 1987), the Alaska Supreme Court wrote:

> A person who has been unjustly enriched at the expense of another is required to make restitution to that person. A person is enriched if he receives a benefit; a person is unjustly enriched if the retention of the benefit without paying for it would be unjust. . . .

*Id.,* at 746 (internal quotation marks and citations omitted). It would be unfair to Givens,

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

and would result in unjust enrichment to Oenga, if Oenga is not required to pay Givens' contingent fee from Oenga's share of the allotment's annual rents.

For the reasons stated above, Givens is likely to prevail in his argument that Oenga is obligated to pay Givens' fee from Oenga's share of the annual rents paid for the allotment, even though he did not sign the contingency fee contract and its amendments.

### 3. Givens Is Likely to Prevail in His Argument that the Contingency Fee Contract Did Not Violate Federal Law

Oenga argues that Givens' contingency fee contract with the Oenga heirs is unenforceable because it violated federal law. Oenga's affirmative defenses (10) and (17). As noted above, the Panel and the Superior Court did not address those arguments, deferring them to this Court. For the reasons discussed below, Givens is likely to prevail in his argument that the fee agreement did not violate federal law.

### a. Givens is Likely to Prevail in His Argument that the Contingency Fee Contract Did Not Violate ANCSA

Oenga argues that the contingency fee contract violated Section 22(a) of the Alaska Native Claims Settlement Act ("ANCSA"), 43 U.S.C. § 1621(a). Oenga's affirmative defense (17). Oenga placed principal reliance on *Leisnoi, Inc. v. Merdes & Merdes, PC*, 307 P.3d 879 (Alaska 2013). However, that decision is readily distinguishable.

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH                                                                 Page 22 of 32

Case 3:21-cv-00008-HRH    Document 121    Filed 06/11/24    Page 22 of 32

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

*Lesnoi* dealt with an attorney's fee claimed against land conveyed to an Alaska Native corporation under ANCSA. The *Lesnoi* court held that the fee was a violation of Section 22(a) of ANCSA, which prohibits a fee against "lands granted by this Act."

Here, in contrast, the Oenga allotment was not land granted by ANCSA to a Native corporation. Instead, it was land granted under the Alaska Native Allotment Act of 1906, 34 Stat. 197, to Andrew Oenga, an individual. Although ANCSA repealed the 1906 Act, ANCSA included a savings clause for allotment applications that were filed before the date of ANCSA's enactment. Section 18(a) of ANCSA, 43 U.S.C. § 1617(a). It is undisputed that Andrew Oenga filed his allotment application under the 1906 Act before the date of enactment of ANCSA, which application was accordingly preserved by ANCSA's savings clause. Accordingly, Section 22(a) of ANCSA and *Lesnoi* have no application here.

### b. Givens is Likely to Prevail in His Argument that the Contingency Fee Contract Need Not Have Been Approved by the United States

Oenga argues that the contingency fee contract between Givens and the Oenga heirs is invalid and unenforceable because it was not approved in advance by the United States, under 25 U.S.C. § 410 and 25 U.S.C. § 348. Oenga's affirmative defense (10). As noted above, although Oenga made that argument to the Panel and the Superior Court, they did not address it, deferring the decision to this Court. For the

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

reasons discussed below, Givens is likely to prevail in his argument that the fee agreement need not have been approved by the United States.

Oenga relies on *Law Offices of Vincent Vitale, P.C. v. Tabbytite*, 942 P.2d 1141 (Alaska 1997). However, that decision is inapposite for the following reasons.

First, the Alaska Native client in *Vitale* had not signed a fee agreement promising to pay the attorney from the client's IIM account. Here, in contrast, the Oenga heirs, including Oenga's father, *had* signed such a fee agreement.

Further, the attorney in *Vitale* represented a Native client against the Municipality of Anchorage for money owned on a claim of inverse condemnation. Here, in contrast, Givens represented the Oenga heirs *against the United States* for its breach of trust in failing to obtain fair market rent for their allotment. Givens did not first seek the United States' approval of his fee contract with Oenga heirs because he believed the government likely would not approve it or would insist on terms that would dissuade Givens from taking the case in the first place. Unlike in *Vitale*, in this circumstance federal statutes that require the consent of the United States to a fee agreement concerning a Native allotment have no application. This can be seen from cases applying longstanding principles of equity and trust law.

In *United States v. Equitable Trust Company of New York*, 283 U.S. 738 (1931), the Supreme Court ruled that attorneys could be paid their fee from the proceeds they successfully recovered concerning an Indian allotment, even though approval of their

*Raymond C. Givens v. Leroy Oenga, Jr.*,
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH
Page 24 of 32

Case 3:21-cv-00008-HRH    Document 121    Filed 06/11/24    Page 24 of 32

fee agreement by the United States, under a federal statute enacted to protect allottees, had not been obtained. *Equitable Trust* stated:

> It is a general rule in courts of equity that a trust fund which has been recovered or preserved through their intervention may be charged with the costs and expenses, including reasonable attorney's fees, incurred in that behalf.

> ****

> We make the assumption that the restrictions had substantially the same application to the fund that they had to the land from which it was derived, but we think the [government's] argument carries them beyond their purpose and the fair import of their words. Without doubt they were intended to be comprehensive and to afford effective protection to the Indian allottees, but we find no ground for thinking they were intended to restrain courts of equity when dealing with situations like that disclosed in this litigation from applying the rules which experience has shown to be essential to the adequate protection of a wronged cestui que trust . . .

*Id.*, at 744-45.

In *Arenas v. Preston*, 181 F.2d 62 (9th Cir. 1950), the Ninth Circuit Court of Appeals applied the principles stated in *Equitable Trust* to facts similar to those present here. In *Arenas*, an attorney successfully represented an Indian in a suit against the United States claiming the government had breached its trust duty to the Indian by failing to award him a restricted allotment. The attorney and his client had signed a contingency fee agreement giving the attorney a lien against the allotment to secure his fee, if the litigation succeeded. The United States challenged the lien, arguing that it

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH
Page 25 of 32

Case 3:21-cv-00008-HRH    Document 121    Filed 06/11/24    Page 25 of 32

was invalid because the government had not approved the fee agreement, as required by a federal statute enacted to protect Indian allottees.

Relying on *Equitable Trust*, the Ninth Circuit in *Arenas* concluded that the lien was valid, even though the attorney had not obtained the government's approval of the fee agreement. Applying the principles stated in *Equitable Trust*, the *Arenas* court wrote:

> Without doubt [the restrictions] were intended to be comprehensive and to afford effective protection to the Indian allottees, but we find no ground for thinking they were intended to restrain courts of equity when dealing with situations like that disclosed in this litigation from applying the rules which experience has shown to be essential to the adequate protection of the wronged cestui que trust . . .
>
> *****
>
> Appellant United States in the instant case makes practically the same argument as it made in the Equitable case. That is, that the court cannot apply the general rule, to wit: That a court of equity may settle incidental questions as well as fundamental questions, because the applicable statutes in this case do not specifically authorize it. It is also argued that as to our case the applicable statute does not authorize the impression of a lien upon property, because its foreclosure would have the effect of disposing of a part of the property. But the Supreme Court rejected the argument by saying that it was intended that the restrictions on the allotted land, which apply as well to produce from the land, should afford protection to the allottee, rather than to restrict courts of equity from giving such protection.
>
> Since the restrictions on the land and its produce are one and the same and since attorney fees and expenses necessary to protect the fund can be paid out of the fund, it follows that

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH

so much of the land as is necessary to satisfy the lien can be resorted to for these necessary expenses.

The appellant's argument carries it to the cruelly farcical posture that the government must protect the Indian by strictly preventing any diminution of the allotted land even though by exercising such protection the Indian without funds cannot have any part of his rightful allotment of the land. It must be remembered that the fundamental consideration is the protection of a dependent people. . . And legislation must be construed in the way most favorable to the Indian.

****

When the United States authorized the Indian to make the United States an adversary party in its own courts, it did so knowing that the Indian by himself was incapable of taking advantage of the privilege and that attorney fees and other expenses would be the unavoidable concomitant. It also knew that the Indian litigant, with few exceptions, was without the means to meet the necessary expenses. It seems to us that Congress could not have intended to commit the subject to its courts with any paralyzing limitation but, in committing the subject to its courts it intended them to fully exercise their general equitable jurisdiction. The chancellor will, of course, see to it that no unconscionable fee or extravagant expenditure will be allowed and will protect the allotment from being affected in the slightest unnecessary manner or degree.

*Id.*, at 66-67 (internal citations omitted.)

The principles stated in *Equitable Trust* and *Arenas* remain the law. *Bogert's The Law of Trusts and Trustees* ("*Bogert on Trusts*") § 871 (2023) states:

In suits to enforce the rights of trust beneficiaries the court exercises discretion as to the allowance of attorney fees and costs, either from the trust estate or from other sources.

*Raymond C. Givens v. Leroy Oenga, Jr.*,
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH                                              Page 27 of 32

****

> In exercising its discretion in these matters the court will consider whether the plaintiff or other party was successful in obtaining the relief requested or in defending or conserving the trust estates, for example, by protecting the trust against an unjust claim. The court may also consider whether the successful party benefited or enhances the trust estate in deciding whether his attorneys' fees should be awarded from the trust estate. These considerations are sometimes expressed as the common fund doctrine or the substantial benefit rule, either of which allows the successful party reasonable attorneys' fees.

*See also du Pont v. Southern National Bank of Houston, Texas*, 771 F.2d 874, 883 (5th Cir. 1985) (citing *Equitable Trust*, the court wrote: "[W]hen an attorney ad litem acts to preserve a trust for the benefit of a minor, then his expenses, although not taxable as costs, can be recovered from the trust.").

The facts of the instant action are analogous to those present in *Equitable Trust* and *Arenas*. Givens successfully represented allottees in a suit for breach of trust against the United States. The suit was brought under the Tucker Act of 1887, 28 U.S.C. §§ 1346(a) and 1491. That Act waived the United States' sovereign immunity from suits for damages based on claims of breach of a fiduciary duty. Under the principles stated in *Equitable Trust* and *Arenas* and recognized in *Bogert on Trusts*, federal statutes enacted to protect the interests of Indians and Alaska Natives in their allotments, which statutes require the approval of the United States of attorney's fee contracts that touch the allotments, cannot be read, in light of the Tucker Act's waiver

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

of sovereign immunity, to effectively prevent those Indians or Natives from being able to hire attorneys to sue the United States for breach of trust regarding those allotments.

Although in *Vitale* the Alaska Supreme Court declined to apply *Arenas* to affirm payment of an attorney's fee from the proceeds of a restricted Native allotment, 942 P.2d at 1148, as noted above the attorney there had not sued the United States for breach of trust, as in *Arenas* and as here. And again, the fee agreement in *Vitale* did not include an express promise by the client to pay the attorney from income generated by the allotment, as in *Arenas* and as here.

As noted above, Oenga argues that the contingent fee contract between Givens and the Oenga heirs is invalid because Givens had not obtained the approval of that contract by the United States, under 25 U.S.C. § 348 and 25 U.S.C. § 410. However, under the principles stated in *Equitable Trust* and *Arenas* and recognized in *Bogert on Trusts*, Congress cannot be presumed to have intended those statutes to be applied to effectively insulate the United States from suit for breach of trust.

### E. This Motion Is Supported by Plaintiff's Declarations (Alaska Civil Rule 89(b))

Under the Alaska civil rules, a motion for a prejudgment writ of attachment is to be supported by an affidavit of the plaintiff. Because this motion is governed by the federal civil rules, a declaration can be used instead. The instant motion is supported by

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH                                    Page 29 of 32

Case 3:21-cv-00008-HRH    Document 121    Filed 06/11/24    Page 29 of 32

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

both the accompanying Declaration of Raymond C. Givens [Not Filed Under Seal] and the accompanying Declaration of Raymond C. Givens [Filed Under Seal].

**F. The Court Need Not Hold a Hearing on this Motion (Alaska Civil Rule 89(c))**

Although the Alaska rules of procedure provide that a defendant may request a hearing on a motion for a prejudgment writ of attachment, the federal rules of procedure apply here. This Court has discretion under its local civil rules to decide whether a hearing is necessary. Local Rule 7.1(f) and (g). Givens submits that a hearing is not necessary here because there are no factual issues to be resolved, and the Court can rely on briefing by the parties to resolve the issues of law. If the Court disagrees, Givens requests that, consistent with the purpose of Alaska Civil Rule 89(c), that hearing be scheduled soon.

**G. The Writ Should Attach to the Amount of the Existing Debt Due and Owing, Which Is $239,654.01, Plus Accrued Prejudgment Interest (Alaska Civil Rule 89(b)(2))**

The writ should attach to the existing debt due and owing. As noted above, Oenga has not paid Givens from Oenga's share of rents paid for years 2020, 2021, 2022, 2023, and 2024. As of the date of the instant motion, the total principal amount owed is $239,654.01. *See* the accompanying Declaration of Raymond C. Givens (Filed Under Seal). Because this is a diversity action, prejudgment interest at the Alaska rate of 8.5% is also owed, to be calculated at the date of issuance of the writ.

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH
Page 30 of 32

Case 3:21-cv-00008-HRH    Document 121    Filed 06/11/24    Page 30 of 32

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

### H. Givens Will Provide Any Sureties Required by the Court Before Issuance of the Writ (AS 09.40.020)

A prejudgment writ of attachment may be issued by the Court upon Givens providing sufficient sureties, as ordered by the Court. Givens will provide such sureties as may be ordered.

### I. The Court Should Order Oenga to Instruct the BIA and/or the BTFA to Pay the Attached Funds into the Registry of the Court (AS 09.40.010(b); Alaska Civil Rule 89(j))

Under Alaska law, to implement the writ of attachment, the Court has discretion in fashioning a mechanism of securing payment that the Court deems just. Further, the Court has the inherent authority to enforce its orders and writs. *Spallone v. United States*, 493 U.S. 265, 276 (1990).

To implement the writ of attachment, the Court should order Oenga to instruct the BIA and/or the BTFA to pay from Oenga's share of the rent, expected to be paid in August or September of 2024, for year 2025 rent, the attached funds into the registry of this Court, or to such account as the Court deems appropriate.[13]

---

[13] It is likely that there will not be sufficient funds paid to Oenga in August or September of 2024 for year 2025 rent to pay the full amount of the writ. *See* Declaration of Raymond C. Givens [Filed Under Seal]. In that event, and if this action is not resolved before then, Givens will file a motion for a supplemental writ of attachment regarding rent that will be paid in the August or September of 2025, for year 2026. Givens reserves the right to supplement the instant motion to attach future rent payments to Oenga.

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

## IV. CONCLUSION

For the reasons stated above, the Court should issue a prejudgment writ of attachment in the amount of $239,654.01, plus accrued prejudgment interest. To implement the writ, the Court should order Oenga to instruct the BIA and/or the BTFA to pay that amount into the registry of this Court, or to such account as directed by the Court. That payment should be made from the rent payment that is expected to be made by Hilcorp in August or September of 2024, for year 2025.

A proposed order and a proposed writ of attachment accompany this motion.

DATED: June 11, 2024

> RUSSELL L. WINNER
> WINNER & ASSOCIATES, P.C.
> Attorneys for Plaintiff Raymond C. Givens
>
>
> By:   /s/ Russell L. Winner
>         Russell L. Winner
>         Alaska Bar No. 7811179

### Certificate of Service

I hereby certify that a copy of the foregoing document was served electronically on the attorneys of record through the Court's CM/ECF System.

        /s/ Russell L. Winner
        Russell L. Winner

*Law Offices of*
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH                                    Page 32 of 32

Case 3:21-cv-00008-HRH     Document 121     Filed 06/11/24     Page 32 of 32