IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

RAYMOND C. GIVENS,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　Plaintiff,　　　)
　　　　　　　　　　　　　　　　　　　)
　　vs.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
LEROY OENGA, JR.,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)　　No. 3:21-cv-0008-HRH
　　　　　　　　　　　Defendant.　　　)
_____)

O R D E R

Motion to Lift Stay; Motion to Continue Stay

Plaintiff moves for an order lifting the stay of these proceedings for the limited purpose of allowing him to file a motion for prejudgment writ of attachment.[1] The motion is opposed.[2] In opposing the motion to lift stay, defendant cross-moves for an order continuing the stay of these proceedings so that Oenga can file an appeal to the Alaska Supreme Court. Plaintiff has replied[3] and, in his reply, plaintiff responds to defendant's motion to continue stay.[4]

---

[1]Docket No. 101.

[2]Docket No. 114.

[3]Docket No. 117.

[4]Docket No. 117 at 2.

ORDER – Motion to Lift Stay; Motion to Continue Stay　　　　　　　　　　　　　　　- 1 -

By its decision of May 17, 2024,[5] the Alaska Superior Court ruled in Givens' favor on Oenga's application for vacatur of the decision and order of the Alaska Bar Fee Arbitration Panel. Based upon the foregoing, Givens would have the court grant a writ of attachment with respect to 2025 rent expected to be paid by Hilcorp in September 2024 for Oenga's account with the BIA. Givens argues that, having been denied attorney fee payments to which he was arguably entitled in 2020 through 2024, he should now be permitted to require the BIA to withhold from the 2025 rent payment sufficient funds to cover fees claimed by Givens for 2020 through 2024.

The motion presently before the court raises the question of whether or not the stay of these proceedings should be lifted for the purpose of allowing Givens to file a motion for a prejudgment writ of attachment. That question does not raise nor depend upon the merits of the arbitration proceedings. Rather, the instant motion calls for a decision as to whether or not allowing the filing of a motion for prejudgment attachment will interfere with the stay of these proceedings for purposes of the arbitration proceedings, including appeal to the Alaska Supreme Court.

Defendant argues that allowing Givens to file a motion for a prejudgment writ of attachment will interfere with or delay the arbitration proceedings. The court is unconvinced. The motion for leave to file a motion for a prejudgment writ of attachment will not in and of itself have any effect on the fee arbitration proceedings, including defendant Oenga's proposed appeal of the Alaska Superior Court decision to the Alaska Supreme Court.

Defendant argues at some length the merits of plaintiff's attachment motion. As set out above, the latter is not the question before the court. When a motion for a pre-

---

[5]Docket No. 119 (Sealed).

judgment attachment is filed, and if it is opposed, the court will take up the question of the merits of such a proceeding and the question of whether or not a prejudgment attachment would interfere with the ongoing fee arbitration proceedings.

Defendant's cross-motion that the stay of these proceedings be continued seems to suggest that an extension of the stay of these proceedings is necessary in order that defendant might file an appeal to the Alaska Supreme Court. Not so. The court recognizes, as does Givens,[6] that an appeal to the Alaska Supreme Court is a part of the Alaska Bar Association fee arbitration regime. Defendant is entitled to complete the arbitration review procedure.

Although a continuation of this court's stay of these proceedings is probably unnecessary in order that there be no doubt about the matter, Oenga's cross-motion to stay this case so that he may file an appeal to the Alaska Supreme Court is granted.

As Givens points out, a motion for prejudgment attachment has been filed in No. 3:23-cv-0121, Givens v. Delia. In many respects, the motion for prejudgment attachment which Givens would file in this case and the motion for prejudgment attachment which he has filed in Delia raise the same issues. That said, there are probably some differences because of the stay of proceedings in this case which does not apply in Delia. There probably will be some economies of time for the court – and hopefully for the parties – if both motions for prejudgment attachment are addressed at the same time. Opposition to the motion for prejudgment writ of attachment in Delia has been extended to June 26, 2024. Oenga will please serve and file his opposition to Givens' motion for prejudgment attachment on or before **June 26, 2024**.

---

[6]Docket No. 117 at 3.

ORDER – Motion to Lift Stay; Motion to Continue Stay — - 3 -

Conclusion

Givens' motion to lift the stay of proceedings for the limited purpose of allowing him to file a motion for prejudgment writ of attachment is granted. Opposition to that motion shall be served and filed on or before **June 26, 2024**. Oenga's cross-motion for continuation of the stay of proceedings in this case is granted.

DATED at Anchorage, Alaska, this  17th  day of June, 2024.

/s/ H. Russel Holland
United States District Judge