RUSSELL L. WINNER, ABA 7811149
WINNER & ASSOCIATES, P.C.
900 W. 5th Avenue, Suite 700
Anchorage, AK 99501
Telephone: (907) 277-9522
Email: rwinner@winnerlaw.com
Attorneys for Plaintiff Raymond C. Givens

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RAYMOND C. GIVENS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>LEROY OENGA, JR.,<br><br>　　　　Defendant. | Case No. 3:21-cv-00008-HRH |

### PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PREJUDGMENT WRIT OF ATTACHMENT

Defendant Leroy Oenga, Jr., has filed an opposition[1] to Plaintiff Raymond C. Givens' motion for a prejudgment writ of attachment.[2] For the reasons stated below, that opposition is without merit, and the Court should grant Givens' motion**.**

---

[1] Docket No. 129.

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH

Page 1 of 24

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

In filing his attachment motion, Givens simply seeks assurance that he can be paid the monies owed to him at the end of this case. Oenga has not paid Givens' fee from rents received for the past five years: that is, Oenga has not paid Givens from rents received for years 2020, 2021, 2022, 2023, and 2024 (rent for each year was paid in the fall of the prior year). The amount due and owed to Givens for these years' rent is $239,654.01, plus accrued prejudgment interest at the current annual state-law rate of 8.5%. *Mutuelles Unies v. Kroll & Linstrom*, 957 F.2d 707, 714 (9th Cir. 1992) ("In diversity jurisdiction, state law governs all awards of prejudgment interest."). Oenga is in effect arguing that Givens' motion should be denied so that Oenga can use the more than seven-fold increase in rents that he is receiving, due solely to the legal efforts of Givens, to finance Oenga's litigation against Givens' efforts to be paid what he is owed.

Givens' attachment motion should be granted if the Court concludes that he is *likely* to prevail in this case. Although substantial briefing has been filed in support of, and in opposition to Givens' motion, the Court is not asked to decide the merits of this case at this time. For the reasons stated in Givens' motion and in this reply, the Court should conclude that Givens will likely prevail here.

Consistent with the rule regarding reply briefs, Givens responds here only to the arguments made in Oenga's opposition, in the order that they were presented.

---

[2] Docket No. 121.

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH                                                    Page 2 of 24

**Oenga's Statement of Facts Improperly Attempts to
Relitigate Arguments that He Made and Lost in the
Fee Arbitration and Before the Superior Court**

Oenga's opposition presents a lengthy statement of facts.[3] Included there is a chronological account of a number of background facts that Givens does not dispute. But also included are false allegations of improper and unethical conduct by Givens in his relations with the Oenga heirs. Oenga presented those allegations to the fee arbitration panel of the Alaska Bar Association, in in *Leroy Oenga, Jr., Petitioner v. Raymond C. Givens, Respondent*, ABA File No. 2021F012. In its decision, the arbitrators firmly rejected those allegations.[4] Oenga again presented those allegations to the Superior Court, and again that court rejected them.[5]

Contrary to the argument made by Oenga,[6] prior to the arbitration hearing the arbitrators placed no limits on Oenga's ability to conduct prehearing discovery, to present documents and testimony at a three-day hearing, and to make argument following the hearing, regarding Oenga's allegations concerning Givens' conduct. This

---

[3] Docket No. 129, at 2-19.

[4] Docket No. 67-1 (Sealed).

[5] Docket No. 100-1 (Sealed).

[6] Docket No. 129, at 19. 24-27.

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH                                                      Page 3 of 24

Case 3:21-cv-00008-HRH   Document 136   Filed 07/03/24   Page 3 of 24

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

can be seen from the arbitrator's prehearing order addressing this subject.[7] It can also be seen from the fact that the arbitrators' decision specifically considered, and forcefully and unequivocally rejected, Oenga's allegations of Givens improper and unethical conduct. Although the focus of the arbitrators' decision was the reasonableness of Givens' fee, the arbitrators expressly considered and rejected Oenga's allegations regarding Givens' conduct in that context.[8] *See* discussion below.

Oenga's brief following the arbitration hearing alleged at length that Givens' fee should be disallowed because of his alleged improper and unethical conduct. As noted above, the arbitrators considered and rejected those allegations. Those are the same allegations that Oenga unsuccessfully made before the Superior Court. And they are the same allegations that Oenga makes now before this Court.

It is useful to look closely at the arbitrators' decision: The arbitrators found that Givens acted properly in arriving at his fee agreement with the Oenga heirs. Givens gave the heirs two alternatives for his representation of them, one on an hourly bases and one on a contingent fee basis.[9] It is undisputed that the Oenga heirs chose the contingent fee contract, and it was signed by all eight heirs, including by Oenga's father, Leroy Oenga,

---

[7] Docket No. 115-6 (Sealed), at 4-7.

[8] Docket No. 67-1 (Sealed), at 14-16, 17.

[9] *Id.*, at 7.

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH
Page 4 of 24

Sr.[10] Oenga acknowledges that Givens went over the proposed fee agreement paragraph by paragraph with the Oenga heirs present at their meeting, and would have done so with Oenga's father, Leroy Oenga, Sr., if he had asked.[11]

The arbitrators found that there is no evidence that Givens took advantage of the fact that the heirs lacked the financial resources to retain an attorney who could have competently handled the matter on an hourly basis.[12]

The arbitrators found that Givens' subsequent amendments to his fee agreement were favorable to the Oenga heirs, in that he effectively reduced his fee.[13]

The arbitrators had no difficulty concluding that Givens' fee was reasonable, and they found that Oenga's arguments to the contrary "lack merit and border on being frivolous."[14]

The arbitrators found that the work Givens performed was skilled, thoughtful and of the highest level of competence.[15]

_____

[10] *Id.*

[11] Docket No. 129, at 3.

[12] Docket No. 67-1 (Sealed), at 12, n.19.

[13] *Id.*, at 9-10.

[14] *Id.*, at 10.

[15] *Id.*, at 11.

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

The arbitrators found that Givens kept the heirs informed with regular, detailed, and clear communications.[16]

The arbitrators found that Givens' fee was at the low end of the spectrum of market rates for contingent-fee work on complex matters.[17]

The arbitrators found that it was beyond dispute that Givens performed good work that conveyed a substantial benefit on the Oenga heirs.[18]

Of significance here, the arbitrators considered whether some aspect of the relationship between Givens and the Oenga heirs bears on the reasonableness of the fee, under Alaska Bar Rule 35(a)(5) and Alaska Rule of Professional Conduct 1.5(a)(6).[19] The arbitrators noted that Oenga presented affidavits and hearsay testimony about conflicts between some of the heirs and Givens, and conflicts among the heirs. Included there was an affidavits signed by Joseph Delia and Tony Delia, and a statement signed by Wallace Oenga. In his post-hearing brief, Oenga falsely accused Givens of engaging in extortion and emotional blackmail, displaying a paternalistic attitude, facilitating bribery, and failing to properly advise or inform the heirs about matters relating to the

---

[16] *Id.*

[17] *Id.*, at 13.

[18] *Id.*

[19] *Id.*, at 15.

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH
Page 6 of 24

Case 3:21-cv-00008-HRH   Document 136   Filed 07/03/24   Page 6 of 24

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

settlement and the fee agreement. The arbitrators firmly and unequivocally rejected those accusations, characterizing them as "inflammatory claims."[20] Oenga then presented those allegations at length to the Superior Court, and that court also rejected them. They are the same allegations that Oenga presents now to this Court, in opposition to Givens' attachment motion.

The arbitrators found Givens' testimony to be credible and truthful regarding the issues raised by Oenga about the course of the relationship with the Oenga heirs, where Givens acknowledged that there had been disagreements and conflicts at various stages, including some that were heated, and offered context for their disagreements and their resolution.[21]

The arbitrators found credible Givens explanation of an agreement between two of the heirs—Wallace Oenga and Tony Delia—regarding their internal allocation of the litigation and settlement proceeds.[22]

The arbitrators found that Givens' efforts to collect his fee had no bearing on the reasonableness of the fees themselves.[23]

---

[20] *Id.*

[21] *Id.*, at 15.

[22] *Id.*, at 15, n.22.

[23] *Id.*, at 16, n.23.

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH

Page 7 of 24

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Finally, and also of significance here, the arbitrators concluded that Givens did not act unethically or improperly in his representation of the Oenga heirs, and that the matter should not be referred to Alaska Bar Counsel for disciplinary proceedings, under Alaska Bar Rule 40(q)(4).[24]

Oenga chose to have his allegations against Givens decided in a fee arbitration before the Alaska Bar Association, and Oenga lost that arbitration. As noted above, although the arbitration focused on the reasonableness of Givens' fee, in the course of considering that matter the arbitrators *did* expressly consider Oenga's allegations of Givens' wrongdoing, and the arbitrators rejected those allegations.

The arbitrators' decision was recently confirmed by the Alaska Superior Court. Even though Oenga has filed a notice of appeal to the Alaska Supreme Court, for the reasons stated in Givens' attachment motion, Oenga remains bound, in proceedings before this Court, by the decisions of the arbitrators and the Superior Court.[25] At the least, for purposes of Givens' attachment motion the Court should conclude that Oenga is unlikely to prevail in these allegations. Accordingly, Givens will not engage here in a point-by-point refutation of the allegations of Givens' wrongdoing in Oenga's opposition.

---

[24] *Id.*, at 17.

[25] *See* cases and authority cited in Givens' attachment motion, Docket No. 121, at 15.

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH

Page 8 of 24

### 1. The Writ of Attachment Would Comply with Alaska Law

Oenga argues that the writ of attachment that Givens seeks would not comply with Alaska law.[26] For the following reasons, that argument is without merit.

#### a. Givens' Declaration Complies with Rule 89

Oenga argues that Givens' affidavit contains no admissible evidence.[27] That is not the case. First, Givens filed a declaration, not an affidavit. Further, the existence of an express contract is supported by the presence of the written contingency fee contract, as amended.[28] Further, the existence of implied-in-law contractual provisions is supported by the uncontested facts surrounding the signing of the fee contract and the uncontested fact that Oenga benefits from the dramatically increased annual rents resulting from Givens' legal efforts, for which Oenga now refuses to pay.

#### b. It Does Not Matter that Oenga Is Not a "Peace Officer"

Oenga argues that the writ of attachment should be denied because he is not a "peace officer," under Alaska Civil Rule 89(e). Rule 89(e) concerns the common situation of the defendant having funds or assets in his possession which are sought to be attached. In that circumstance, Rule 89(e) provides for the writ being directed to a peace

---

[26] Docket No. 129, at 20-21.

[27] *Id.*, at 21.

[28] Docket Nos. 131-3 (Sealed), 131-11 (Sealed), and 131-23 (Sealed).

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH                                          Page 9 of 24

Case 3:21-cv-00008-HRH   Document 136   Filed 07/03/24   Page 9 of 24

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

officer to attach those funds or that property in the defendant's position. That could certainly be done here. The writ could be issued to a peace officer, or here, to the U.S. Marshal, to attach funds and assets held by Oenga.

But that is not the only manner in which Alaska Civil Rule 89 can apply. Oenga fails to address Civil Rule 89(j), cited in Givens' attachment motion.[29] Rule 89(j) provides as follows:

> **Defendant's Security.** No writ of attachment may issue, or the peace officer shall redeliver to the defendant any property seized pursuant to the hearing, *when the defendant provides a written undertaking with sufficient sureties as ordered by the court*. The court may take into account a defendant's indigency, and may, in its discretion, permit the defendant to establish security by means other than the posting of bonds or the provision of a written undertaking. Such alternative means may include an installment payment arrangement *or any other mechanism which the court deems just*.

(Emphasis added.) Under Rule 89(j), the Court has discretion to order Oenga to instruct the BIA or the BTFA to pay the portion of this fall's rent payment that Givens claims is owed to him into the registry of the Court, or to such account as the Court deems appropriate. In the alternative, the Court has discretion under Rule 89(j) to do one of the following:

---

[29] Docket No. 121, at 9, 31.

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

- Order Oenga to withdraw from his Individual Indian Money ("IIM") account the amount claimed owed to Givens, and order Oenga to pay those funds himself to the registry of the Court, or to such account as the Court deems appropriate.

- Order Oenga to instruct the BTFA that the amount claimed owed to Givens must stay in Oenga's IIM account until the conclusion of this case.

In *Martin v. Coastal Village Region Fund*, 156 P.3d 1121 (Alaska 2007), Coastal Village Region Fund ("CVRF") obtained from the superior court a preliminary injunction requiring Trident Seafoods to deposit into the registry of that court funds allegedly owed to CVRF, pending the outcome of its litigation against Trident. On appeal, the Alaska Supreme Court in *Martin* approved the issuance of that injunctive relief:

> The purpose of a preliminary injunction is to maintain the status quo. There is no indication that CVRF was doing anything but preserving the funds pending a final judgment, even though CVRF might have known that there would be other potential claimants. *The preliminary injunction fulfilled its purpose—to hold the funds until claims against them could be filed and determined.*

*Id.*, at 1126 (emphasis added) (citing *Sierra On-Line, Inc., v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984)). *Martin* illustrates the discretion that this Court has under Civil Rule 89 and principles of equity to preserve funds pending a final judgment. Additionally, the Court has the inherent jurisdiction and authority to enforce its orders and writs. *Spallone v. United States*, 493 U.S. 265, 276 (1990).

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

### c. The Transfer of Funds into the Registry of the Court Is Authorized in Execution of a Prejudgment Attachment Writ

Oenga argues that a prejudgment writ of attachment can be executed only under the provisions of Alaska Civil Rule 89(f).[30] However, for the reasons stated above, the Court has authority under Civil Rule 89(j) and its equitable powers to order Oenga to instruct the BTFA, or to take such action himself, to pay funds into the registry of the Court, or to such other account as the Court deems appropriate; or to instruct the BTFA to retain those funds in Oenga's IIM account until the conclusion of this case.

### d. The Court Need Not Hold an Evidentiary Hearing Here

Oenga argues that the Court should hold an evidentiary hearing on Givens' attachment motion.[31] For the following reasons, Givens disagrees.

Federal not state procedure applies here. As noted in Givens' attachment motion, the Court has discretion whether to schedule a hearing, and if so, in what form that hearing should take.[32]

The due process clause does not require an evidentiary hearing here. In *Connecticut v. Doehr*, 501 U.S. 1 (1991), the Supreme Court held that the relevant

---

[30] Docket No. 129, at 22-23.

[31] *Id*., at 23-24.

[32] *See* discussion in Givens' attachment motion, Docket No. at 7-8, 30.

* Raymond C. Givens v. Leroy Oenga, Jr.,
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH

Page 12 of 24

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Case 3:21-cv-00008-HRH   Document 136   Filed 07/03/24   Page 12 of 24

inquiry, for purposes of determining the requirements of due process for prejudgment attachment, consists of the following:

> [F]irst, consideration of the private interest that will be affected by the prejudgment measure; second, an examination of the risk of erroneous deprivation through the procedures under attack and the probable value of additional or alternative safeguards; and third, . . . principal attention to the interest of the party seeking the prejudgment remedy.

*Id.*, at 11. Relevant here, the Court held that determining the existence of a debt or delinquent payments can generally be decided on documentary proof, without the need for an evidentiary hearing. The *Doehr* Court then stated:

> Unlike determining the existence of a debt or delinquent payments, the issue [there, of an alleged physical assault] does not concern ordinarily uncomplicated matters that lend themselves to documentary proof.

*Id.*, at 14 (quoting from *Mitchell v. W.T. Grant Co.*, 416 U.S. 600 (1974)).

Here, the three factors of *Doehr* do not require an evidentiary hearing. First, Oenga does not have a compelling private interest in retaining the funds owed to Givens each year. Second, in light of the extensive briefing by the parties and the large number of documents filed by Oenga with the Court (which includes Oenga's pre-arbitration deposition of Givens),[33] there is no risk of an erroneous deprivation without holding an evidentiary hearing. Third, Givens has a strong interest in a timely order of prejudgment

---

[33] Docket Nos. 115-1 through 115-17, and Docket Nos. 131-1 through 131-23.

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH                                    Page 13 of 24

Case 3:21-cv-00008-HRH   Document 136   Filed 07/03/24   Page 13 of 24

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

attachment, given the risk that otherwise he may not be able to recover on his judgment if he should prevail against Oenga.

Further, this is precisely the type of case that *Doehr* stated could be decided on documentary proof alone. Givens' claim against Oenga is one to determine the existence of a debt and Oenga's delinquency in making payments on it. An evidentiary hearing, with testimony and cross-examination, will not assist the Court in deciding the issues attendant to Givens' attachment motion.

To the extent the Court looks to the Alaska Rules of Civil Procedure for guidance in this matter, they do not require an evidentiary hearing. Alaska Civil Rule 89(c)(2) gives the defendant the opportunity to a pre-attachment hearing. Rule 89(c)(3) provides that the hearing is to be conducted in conformity with Alaska Civil Rule 77. Rule 77(i) in turn provides that when a motion is based on facts not appearing of record, the court may hear the matter on affidavits or other documentary evidence, and an evidentiary hearing is required only in the court's discretion.

Here, an evidentiary hearing is not required on Givens' attachment motion. Oenga already had an evidentiary hearing in the arbitration, and he lost there. Givens' attachment motion can be decided by this Court on the briefs, declarations and documents filed herein.

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH                                                    Page 14 of 24

Case 3:21-cv-00008-HRH   Document 136   Filed 07/03/24   Page 14 of 24

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

### 2. Oenga Does Not Have a Reasonable Probability of Asserting a Successful Defense in this Action

Oenga argues that he has a reasonable probability of asserting a successful defense in this action.[34] For the reasons stated below, that argument is without merit.

### a. Oenga's Defenses Are Subject to Issue Preclusion

Oenga argues that his defenses are not subject to issue preclusion by virtue of the decisions of the arbitrators and the Alaska Superior Court.[35] For the following reasons, that argument is meritless.

Oenga argues that the arbitrators held in a prehearing decision that certain of his arguments would not be considered by them.[36] That is incorrect. Instead, as noted above, the arbitrators' prehearing decision expressly stated that those arguments *could* be presented, as relevant to a determination of the reasonableness of Givens fee, under the factors of Alaska Bar Rule 35(a) and Alaska Rule of Professional Conduct 1.5(a).[37] Further, as noted above, those arguments were made by Oenga, and they were rejected by the arbitrators. Oenga made the same arguments to the Superior Court, and they were rejected again by that court.

---

[34] Docket No. 129, at 24-34.

[35] *Id.*, at 24-27.

[36] Docket No. 129, at 24.

[37] Docket No. 115-6 (Sealed), at 4-7.

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

### b. Oenga Does Not Have a Reasonable Probability of Asserting a Successful Defense that Givens Conduct Was Improper and Unethical

Oenga again attempts to relitigate his assertion that Givens engaged in improper and unethical conduct in his representation of the Oenga heirs.[38] Those allegations were firmly rejected by the arbitrators, and that rejection was confirmed by the Superior Court. For the reasons stated above and in Givens' attachment motion, Oenga is precluded from asserting those allegations again here. At the least, the Court should conclude that Oenga is unlikely to prevail here on those allegations here, thus justifying the granting of Givens' attachment motion. Accordingly, as noted above, Givens will not engage here in a point-by-point refutation of Oenga's allegations.

### c. Givens Has Contractual Rights that Passed to Oenga

Oenga argues that Givens does not have contract rights that passed to Oenga upon his inheriting his father's interest in the allotment.[39] For the following reasons, that argument lacks merit.

Oenga argues that the allotment lease provides that it is not subject to taxation, alienation, encumbrance, or encroachment without the consent of the Secretary of the

_____

[38] Docket No. 129, at 27-31.

[39] Docket No. 129, at 31-33.

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH                                    Page 16 of 24

Interior.[40] However, Oenga's duty to pay Givens is a personal obligation, not a tax on or an alienation, encumbrance or encroachment on the allotment.

Oenga argues that Givens' creditor claims against Oenga were resolved in the federal probate of his father's estate, and that under federal probate law money generated after the decedent's death from trust property is not available to pay the decedent's creditors.[41] But as noted in Givens' attachment motion,[42] a will devisee *is* liable for the obligations of the testator where the devisee inherits property subject to obligations to a third party. Here, Oenga inherited his father's interest in the allotment subject to the obligation to pay Givens' fee from the dramatically increased rents received due to Givens' efforts.[43]

### d. The Fee Agreement Includes an Implied-in-Fact Contractual Provision

Oenga argues that Givens' attachment motion should be denied because the contingency fee contract does not expressly state that the payment obligations to Givens from annual rents would pass to assignees of the signatory Oenga heirs, and because

---

[40] *Id.*, at 32.

[41] *Id.*, at 32-33.

[42] Docket No. 121, at 16-22.

[43] *Id.*

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH

Page 17 of 24

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

there was no implied-in-fact contract to that effect.[44] For the reasons discussed below, that argument has no merit.

Givens' attachment motion is based on the contingency fee contract, as amended, which is an express contract. Further, the contracting parties' intent regarding their subsequent heirs and assignees can be implied from the undisputed facts and circumstances of the contract itself. Givens' attachment motion points to such facts and circumstances,[45] which Oenga's opposition fails to address.

### 3. The United States Is Not a Necessary Party Here

Oenga argues that Givens' attachment motion should be denied because the United States is a necessary party herein.[46] For the following reasons, that argument is without merit.

The United States is aware of this action and Givens' attachment motion, yet it has not sought to intervene as a necessary party. Instead, it is merely considering filing a non-party amicus brief.[47]

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

---

[44] Docket No. 129, at 33-34.

[45] Docket No. 121, at 9-10, 20-21.

[46] Docket No. 129, at 34-39.

[47] Docket No. 128.

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Givens' attachment motion does not ask the Court to enter any order against the United States or its agencies. Instead, Givens asks only for an order directed to Oenga personally. As noted in Givens' attachment motion,[48] that is precisely what the Court ordered in the *Wallace Oenga* case, and Oenga makes no effort to distinguish that case from the instant action. As was true in the *Wallace Oenga* case, the United States is not a necessary party here.

Further, when Wallace Oenga disregarded the Court's order, the Court instructed the Clerk of Court to stand in his shoes, under Rule 70 of the Federal Rules of Civil Procedure, to instruct the Office of Special Trustee ("OST"), now the BTFA, to pay Givens' fee. The Court found that it had the jurisdiction and authority to do so, notwithstanding the fact that the United States was not a named party. Again, Oenga makes no effort to distinguish those rulings from this case.

Givens' attachment motion argues that he was not required to obtain the Secretary of the Interior's approval and consent of his fee agreement with the Oenga heirs, under 25 U.S.C. § 410, before he sued the Secretary for breach of trust.[49] In support of that argument, Givens cited and discussed *United States v. Equitable Trust Company of New York*, 23 U.S. 738 (1931); and *Arenas v. Preston*, 181 F.2d 62 (9th Cir. 1950). Oenga's

---

[48] Docket No. 121, at 12.

[49] Docket No. 121, at 23-29.

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH

Page 19 of 24

opposition fails to address many of the arguments Givens made there. Oenga, however, attempts to distinguish those cases, but for the following reasons that effort is unpersuasive.

Oenga argues that the Tucker Act, 28 U.S.C. § 1491, was not enacted by Congress to protect Indians or Alaska Natives and their lands.[50] But the Tucker Act authorized suit against the United States for damages resulting from its breach of trust. As held in *Equitable Trust* and *Arenas*, that authorization would be defeated if the Secretary could, under 25 U.S.C. § 410, refuse to consent to, or impose unacceptable conditions on, a fee agreement in a suit against the Secretary for breach of trust.

Oenga cites the companion case to *Arenas* with the same name, which was *Arenas v. Preston*, 181 F.2d 68 (9th Cir. 1950).[51] That case has no application here because, unlike there, the Secretary was aware of the Oenga heirs' claims of breach of trust before suit was filed in the Court of Federal Claims.

Givens' attachment motion distinguishes *Law Offices of Vincent Vitale, P.C. v. Tabbytite*, 942 P.2d 1141 (Alaska 1997).[52] Oenga's reliance on that case[53] is misplaced.

---

[50] Docket No. 129, at 34.

[51] *Id*. at 35.

[52] Docket No. 121, at 24-29.

[53] Docket No. 129, at 35-37.

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Oenga argues that, as in *Tabbytite*, he never signed the fee agreement with Givens. However, Oenga's father did, and Oenga inherited his father's interest in the allotment subject to that obligation.

Oenga acknowledges that *Tabbytite* is distinguishable because there, the attorney did not sue the Secretary for breach of trust, whereas here Givens did. That distinction supports Givens, not Oenga. Oenga argues that, notwithstanding this distinction, Givens should have sought Secretarial approval and consent of his fee agreement, because "the ends do not justify the means."[54] In making this argument, Oenga asks the Court to disregard the equitable principles of *Equitable Trust* and *Arenas*.

Oenga argues that *Equitable Trust* is distinguishable because, unlike in that case, Givens did not work on the same side with the United States to recover funds for the allotee.[55] However, the facts here—where Givens sued the United States for breach of trust, rather than working in conjunction with it—present a more, not less, compelling case for the application of the equitable principles of *Equitable Trust* and *Arenas.*

Oenga argues that *Equitable Trust* and *Arenas* are distinguishable because there, the attorneys litigated for their fees against the United States, while here Givens is

---

[54] *Id.*, at 36.

[55] *Id.*, at 37.

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH                                    Page 21 of 24

litigating against Oenga.[56] That, however, is a distinction without a difference. The equitable principles of *Equitable Trust* and *Arenas* support the validity of a fee agreement that was not approved in advance by the Secretary irrespective of who argues to the contrary. Equity will not favor a client who claims that a fee agreement otherwise valid is no longer enforceable when the client simply decides to not honor it.

25 U.S.C. § 410 provides as follows:

> No money accruing from any lease or sale of lands held in trust by the United States for any Indian shall become liable for the payment of any debt of, or claim against, such Indian contracted or arising during such trust period, or, in case of a minor, during his minority, except with the approval and consent of the Secretary of the Interior.

In light of the above, it can be argued that Givens' fee agreement with the Oenga heirs *does* comply with Section 410. As noted in *Arenas,* "[i]t must be remembered that the fundamental consideration is the protection of a dependent people. . . . And legislation must be construed in the way most favorable to the Indian." 181 F.2d at 66 (internal citations omitted).

First, Givens' fee accrues from the *increase* in rents based on a new lease following litigation against the United States. Accordingly, the additional rent paid was not "money accruing from the lease or sale of lands held in trust by the United States," under Section 410, because the additional rent did not accrue from the government's

---

[56] *Id.*, at 37.

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH                                                    Page 22 of 24

Case 3:21-cv-00008-HRH   Document 136   Filed 07/03/24   Page 22 of 24

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

administration of the lease that it had negotiated for the Oenga heirs. This was shown by the decision of the Court of Federal Claims, finding that the BIA had breached its fiduciary duties to the Oenga heirs in negotiating a lease with the oil companies for inadequate annual rents.

Second, the fee agreement was not a debt "contracted or arising during such trust period," under Section 410, because the corpus of the trust consisted only of rents received, or to be received, from the government's administration of the lease that it had negotiated.

Finally, the "approval and consent of the Secretary of the Interior" to the fee agreement, under Section 410, must be presumed to have been given, because the Secretary is mandated to implement the Congressional intent and purpose in enacting Section 410, as explained in *Equitable Trust* and *Arenas*, which was to benefit, not harm, the allottees.

Oenga concludes his opposition by switching gears and arguing that *Equitable Trust* and *Arenas* support a *reduction* in Givens' fee.[57] However, for the reasons stated above, Oenga is foreclosed, by the decisions of the arbitrators and the Superior Court, from making that argument before this Court. The arbitrators decided that the amount of

---

[57] *Id.*, at 38-39.

*Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-HRH

Page 23 of 24

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Case 3:21-cv-00008-HRH   Document 136   Filed 07/03/24   Page 23 of 24

Givens' fee was reasonable, the Superior Court issued a decision confirming that determination, and Oenga is bound here by those decisions.

## Conclusion

For the reasons stated above, the Court should grant Givens' motion for a prejudgment writ of attachment in the amount of $239,654.01, plus accrued interest at the annual rate of 8.5%.

DATED: July 3, 2024.

RUSSELL L. WINNER
WINNER & ASSOCIATES, P.C.
Attorneys for Plaintiff Raymond C. Givens

By:    /s/ Russell L. Winner
        Russell L. Winner
        Alaska Bar No. 7811179

## Certificate of Service

I hereby certify that a copy of the foregoing document was served electronically on the attorneys of record through the Court's CM/ECF System.

        /s/ Russell L. Winner
        Russell L. Winner

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522