IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RAYMOND C. GIVENS,<br><br>                     Plaintiff,<br><br>  vs.<br><br>LEROY OENGA, JR.,<br><br>                     Defendant. | No. 3:21-cv-0008-HRH |

O R D E R

Motion for Writ of Attachment[1]

Plaintiff Raymond C. Givens moves for a prejudgment writ of attachment. That motion is supported by counsel's declaration.[2] Defendant Oenga Jr. (herein Oenga) has responded, opposing Givens' motion.[3] Givens has replied.[4]

Oral argument has not been requested and is not deemed necessary. An evidentiary hearing pursuant to Alaska Civil Rule 89(d) is unnecessary because the instant motion is subject to disposition on facts which are not disputed.

---

[1] Docket No. 121.

[2] Docket No. 122.

[3] Docket No. 129. Without the benefit of an exception approved by the court, Oenga's response to Given's motion for attachment runs to 41 pages, 19 pages of which are an unhelpful recitation of the history of the underlying litigation between the Oenga heirs and the BIA.

[4] Docket No. 136.

ORDER – Motion for Writ of Attachment                                                                                - 1 -

By his complaint,[5] Givens seeks the enforcement of a contingent fee contract for legal services provided by Givens for the benefit of Andrew Oenga heirs, including Oenga, with respect to the Oenga Native allotment which, with Bureau of Indian Affairs (BIA) approval, was leased to Alaska oil and gas producers, currently Hilcorp. By his answer to Givens' complaint,[6] Oenga denies the principal allegations of the complaint and asserts eighteen affirmative defenses.[7] Amongst his affirmative defenses are:

- Defendant is not a party to any agreement with Givens.
- Givens' complaint is barred by res judicata.
- Givens' claims are barred by federal law.

The elephant in the courtroom in this case is and always has been the last of Oenga's affirmative defenses as summarized above: the "barred by federal law" defense.

Early in these proceedings, Oenga elected to call upon the Alaska Bar Association to arbitrate the attorney fee dispute between him and Givens. As contemplated by Alaska Bar Rule 39(b) and 39(c), this case was stayed pending the disposition of Oenga's petition for arbitration.[8] The stay of proceedings was lifted to allow for the filing of Givens' motion for prejudgment attachment.[9] On several occasions, and most recently by order of June 17, 2024,[10] the court granted Oenga's motion for the continuation of the stay of these proceedings. The court has not lifted the stay of proceedings to permit a

---

[5]Docket No. 1.

[6]Docket No. 15.

[7]Id. at 7-8.

[8]Docket No. 55.

[9]Docket No. 120.

[10]Docket No. 123 at 4.

prejudgment attachment or injunction as to the attorney fees which are the subject of Givens' complaint.

An Alaska Bar Association Fee Arbitration Panel rendered its decision and order on February 10, 2023. In that decision, the Panel concluded that the fees sought by Givens were reasonable under Alaska bar rules.[11] Oenga filed an application to vacate the Panel's decision.[12] The Alaska Superior Court order confirming the Panel's award was entered on May 17, 2024. The Arbitration Panel and the Superior Court refused to consider contract or probate matters or complex Indian law issues because they were "outside the scope of the panel's inquiry."[13] Rather, the Superior Court's decision was limited to its review of the reasonableness of the fees in question – which was affirmed.

Turning to the merits of Givens' motion for a prejudgment attachment, the fees which are the subject of Givens' complaint are to be funded by the rental payments made annually by Hilcorp for the possession and use of the Andrew Oenga Native allotment. Hilcorp pays the annual rentals to the Bureau of Indian Affairs (BIA) for the benefit of the Oenga heirs' Bureau of Trust Funds Administration (BTFA) accounts. The fee agreement provided that the heirs, such as Oenga, would annually request that the BIA or BTFA pay to Givens the Oenga heirs' pro rata shares of the annual rentals. Although Oenga had not signed the amended attorney fee contract, he authorized payment of Givens' attorney fees through lease year 2019. Oenga has failed to make the foregoing request for lease years 2020, 2021, 2022, 2023, and 2024. Givens calculates the fees owed him for the foregoing years at $239,654.01. It is anticipated that the 2025 rental

---

[11]Docket No. 67-1 (Sealed), filed February 15, 2023.

[12]Docket No. 107 (Sealed).

[13]Id. at 5.

ORDER – Motion for Writ of Attachment                                                                                          - 3 -

Case 3:21-cv-00008-HRH   Document 145   Filed 07/29/24   Page 3 of 8

payment will be made by Hilcorp during August or September of 2024. It is in the foreground context that Givens moves for a writ of attachment, by which he would have the court sequester Oenga's share of attorney fees claimed by Givens in the registry of the court pending a determination on the merits of the case – that is, who gets the $239,654.01.

The foundation for Givens' motion for writ of attachment is Rule 64, Federal Rules of Civil Procedure, which incorporates Alaska Law as regards "seizing a person or property." Rule 64 provides:

> (a) Remedies Under State Law – In General. At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies.
>
> (b) Specific Kinds of Remedies. The remedies available under this rule include the following – however designated and regardless of whether state procedure requires an independent action ...
>
> • attachment[.]

In his motion for a writ of attachment, Givens contends that the facts and law of this case comport with the requirements of Alaska Civil Rule 89 and AS 09.40.010-.110, and that seizure of the money in question is not foreclosed by 25 U.S.C. § 410. As discussed below, Oenga argues that the Alaska rule and statutes and federal law, 25 U.S.C. § 410, do not authorize a writ of attachment in this case. Givens and Oenga have briefed and argued the following dispositive propositions in support of or in opposition to the issuance of a writ of attachment in this case.

**1. Does Alaska Civil Rule 89 authorizes Givens' motion for a writ of attachment?**

As a general proposition, Rules 64 and 89, Alaska Rules of Civil Procedure, authorize the issuance of writs of attachment for the seizure of property. Givens and Oenga disagree as to whether or not what Givens proposes by his motion complies with the foregoing rules.

Givens argues that his proposal for a writ of attachment backed up by an injunction to Oenga comports with the requirements of AS 09.40.010, AS 09.40.020, AS 09.40.030, and Alaska Civil Rule 89. In particular, it is Givens' contention that what he proposes does not run afoul of AS 09.40.030, which excludes from attachment property that is not subject to execution. Here, 25 U.S.C. § 410 in substance excludes money in BIA/BFTA accounts from execution absent an authorization for disbursement by the BIA.

By his motion for attachment, Givens proposes that Oenga be required (enjoined) to authorize a disbursement of funds from his BFTA account, and that the funds be deposited in the registry of the court pending a decision as to Oenga's liability to pay attorney fees to Givens. Employing an injunction circumvents problems which would otherwise arise with respect to a writ of attachment in this case. In particular, the attorney fee agreement in question contains provisions by which Oenga heirs, like Oenga, agreed to call upon the BIA to disburse to Givens their respective pro rata shares of attorney fees. That approach avoids attempting to seize funds from a BFTA account. Also avoided is the Rule 89 requirement for the involvement of police (law enforcement) officers in writs of attachment.

What Givens proposes by way of a writ of attachment and injunction is supported by the decision of the Alaska Supreme Court in Martin v. Coastal Villages Region Fund,

156 P.3d 1121 (Alaska 2007), in which the Alaska Supreme Court approved the entry of a preliminary injunction for purposes of preserving funds pending a final judgment. The court concludes that a writ of attachment and injunction complying with the applicable requirements of the foregoing rules and statutes could be fashioned if the court were convinced that Givens motion could "establish by a preponderance of the evidence the probable validity of [Oenga's] claim for relief in the action and the absence of any reasonable probability that a successful defense can be asserted [by Oenga]." Alaska R. Civ. P. 89(d).

This brings us to the dispositive issues raised by Givens' motion for a writ of attachment.

**2. Has Givens established by a preponderance of the evidence the probable validity of his claim for attorney fees? Has Givens established by a preponderance of the evidence the absence of any reasonable probability that a successful defense can be asserted by Oenga?**

Alaska Rule of Civil Procedure 89(d) provides that the court must:

> require the plaintiff to establish by a preponderance of the evidence the probable validity of the plaintiff's claim for relief in the action and the absence of any reasonable probability that a successful defense can be asserted by the defendant.

Givens contends that he is likely to prevail on his argument that Oenga is bound by the decision of the Alaska Superior Court, which in <u>Oenga v. Givens</u>, 2BA-23-111CI,[14] affirmed an Arbitration Panel decision that attorney fees sought by Givens were reasonable. The court assumes for the sake of discussion that it is unlikely that the

---

[14]Docket No. 107 (Sealed).

ORDER – Motion for Writ of Attachment — - 6 -

Alaska Supreme Court (to which a further appeal has been taken) would reverse the decision of the Superior Court which affirmed the Arbitration Panel's reasonableness decision. But that reasonableness decision in the related case is insufficient by itself to establish the likelihood of Givens succeeding on the merits of his attorney fee contract complaint.

As set out above, the Arbitration Panel and the Superior Court have expressly upheld the findings that complex federal law, contract issues, and probate issues are beyond the jurisdiction of the Arbitration Panel and the Superior Court.[15] These "non-decisions" do not support the validity of plaintiff's complaint.

The principal issue raised by Givens' complaint and Oenga's affirmative defenses have to do with federal law, 25 U.S.C. § 410, and the fact that the attorney fee contract which Givens' seeks to enforce was not approved in advance by the BIA. Givens argues authorities[16] which support his contention that BIA approval of his attorney fee contract was not required, and Oenga argues authorities[17] standing for the proposition that BIA advance approval of the attorney fee contact was required by 25 U.S.C. § 410.

The facts underlying Givens' complaint and Oenga's affirmative defenses of contract, probate, and Indian law matters are not in dispute. The court deems it inappropriate to address the merits of potentially dispositive, conflicting legal opinions as to the absence of BIA approval of Givens' fee contract in the context of a motion for a prejudgment writ of attachment.

---

[15] Docket No. 107 at 4 (Sealed).

[16] United States v. Equitable Tr. Co., 283 U.S. 738 (1931), and Arenas v. Preston, 181 F.2d 62 (9th Cir. 1950).

[17] Law Offices of Vincent Vitale, P.C. v. Tabbytite, 942 P.2d 1141 (Alaska 1997).

ORDER – Motion for Writ of Attachment - 7 -

Turning to Oenga's affirmative defenses, he does not have to establish the probable validity of any affirmative defense. Rather, Rule 89(d) puts on Givens the burden of establishing the absence of a probably successful affirmative defense. Again, the Arbitration Panel and the Superior Court expressly leave open – leave undecided – the question of federal Indian law, contract law, or probate law. Givens' evidence and arguments fail to establish the absence of any reasonably probable, successful defense.

Conclusion

Givens' motion for a writ of attachment in the form of an injunction seeking the sequestration of money expected to be deposited into Oenga's BFTA account is denied.

DATED at Anchorage, Alaska, this  29th  day of July, 2024.

/s/ H. Russel Holland
United States District Judge