RUSSELL L. WINNER, ABA 7811149
WINNER & ASSOCIATES, P.C.
900 W. 5th Avenue, Suite 700
Anchorage, AK 99501
Telephone: (907) 277-9522
Email: rwinner@winnerlaw.com
Attorneys for Plaintiff Maria M. Givens,
as Personal Representative of the Estate of Raymond C. Givens

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

| | |
|---|---|
| MARIA M. GIVENS, as Personal Representative of the Estate of Raymond C. Givens,<br><br>          Plaintiff,<br><br>     vs.<br><br>LEROY OENGA, JR.,<br><br>          Defendant. | Case No. 3:21-cv-00008-SLG |

### GIVENS' MOTION FOR ORDER THAT OENGA IS PREVENTED BY CLAIM PRECLUSION FROM RELITIGATING THE FINDINGS AND CONCLUSIONS OF THE FEE ARBITRATION PANEL IN *OENGA V. GIVENS*

*Maria M. Givens, as Personal Representative*
*of the Estate of Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-SLG                                              Page 1 of 28

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

## I.     INTRODUCTION

Plaintiff Maria M. Givens, as Personal Representative of the Estate of Raymond C. Givens,[1] by her undersigned counsel, hereby moves for an order that Defendant Leroy Oenga, Jr. ("Oenga"), is prevented by claim preclusion from relitigating the findings and conclusions of Decision and Order of the Fee Arbitration Panel in *Leroy Oenga, Jr. v. Raymond C. Givens,* Alaska Bar Association File No. 2021F012.[2]

On March 30, 2026, the Court entered an order on cross motions for summary judgment in *Raymond C. Givens v. Joseph Delia*, Case No. 3:23-cv-00121-SLG ("*Givens v. Delia*").[3] There, the Court ruled that although the contingency fee contract

---

[1] "Givens" herein shall refer to both Raymond C. Givens and Maria M. Givens, as Personal Representative of the Estate of Raymond C. Givens.

[2] *See* **Exhibit 1 (SEALED)** to the accompanying declaration of undersigned counsel. Although the Panel's Decision and Order has previously been filed with the Court, it is being filed again here because: (1) doing so will make it easier for the Court to have all the exhibits relied on by Givens readily available in one location, for both the motion filed here and the similar motion filed on today's date in *Raymond C. Givens v. Joseph Delia,* Case No. 3:23-cv-00121-SLG; and (2) it is difficult to read the Pacer page numbers of the earlier filing because they were stamped over other pagination.

[3] Document 137 in *Givens v. Delia*.

*Maria M. Givens, as Personal Representative*
*of the Estate of Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-SLG                                    Page 2 of 28

between Givens and the heirs of Andrew Oenga[4] was unenforceable, under 25 U.S.C. § 410, because it had not been approved by the Secretary of the Department of the Interior, Givens nonetheless has a claim against Delia under quantum meruit. Givens assumes that the same approach will be applied by the Court in this case regarding Oenga.

The Fee Arbitration Panel found that Givens' contingency fee contract provided reasonable compensation to him, without regard to the enforceability of that contract under 25 U.S.C. § 410, deferring that question to this Court. As part of its determination of reasonable compensation, the Panel also found, and after extensive testimony and briefing on the subject, that Givens did not act unethically in his representation of the Oenga heirs. In making these findings, the Panel applied the same burden of proof and the same factors that would be applicable under quantum meruit.

There is no need for a trial before this Court to once again determine reasonable compensation to Givens. The Panel has decided that question; that determination has been affirmed by the Alaska Supreme Court; and it is now a final judgment. Claim preclusion prevents Oenga from relitigating the Panel's findings and conclusions. It

---

[4] The Contingency Fee Contract between Givens and the Oenga heirs was amended twice. For ease of reference, the contract as so amended shall be referred to herein as "the contingency fee contract."

*Maria M. Givens, as Personal Representative*
*of the Estate of Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-SLG

Page 3 of 28

would be a waste of judicial efficiency and resources—and it would be unfair to Givens—to have to relitigate that matter again now.

Finally, the Seventh Amendment is no bar to claim preclusion here.

These points are made in greater detail below.

## II. BACKGROUND AND PROCEEDINGS

The Court is familiar with the background and prior proceedings in this matter. The following are relevant to this motion.

### A. The Panel's Decision and Order

The Fee Arbitration Panel ("Panel") was appointed by the Alaska Bar Association, on referral from the Court in *Givens. v. Leroy Oenga, Jr.*, Case No 3:21-cv-0008-HRH.[5] The Panel was tasked with determining whether compensation to Givens under the terms of his contingency fee contract with the Oenga heirs provided reasonable compensation for his services.[6] In making that determination, the Panel applied the eight factors of Alaska Bar Rule 35(a), which are nearly identical to the eight

---

[5] The Panel had three members. Two were respected attorneys in Anchorage, Thomas V. Wang and R. Scott Taylor, and the third, Linda Garrett, had previously served in other fee arbitrations.

[6] Ex. 1 at 1.

*Maria M. Givens, as Personal Representative*
*of the Estate of Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-SLG

Page 4 of 28

Case 3:21-cv-00008-SLG    Document 159    Filed 04/28/26    Page 4 of 28

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

factors of Rule of Professional Conduct 1.5(a).[7] The Panel did not address whether the fee contract was unenforceable under 25 U.S.C. § 410, deferring that question to this Court.[8]

Discovery was allowed prior to the hearing. Givens produced substantial documentation to Oenga, and Oenga took Givens' deposition.[9]

From November 14 through November 16, 2022, a three-day evidentiary hearing was held before the Panel.[10] There, the parties called witnesses who gave sworn testimony under oath. Each witness was subject to cross-examination. The hearing was recorded, and a transcript of it has been prepared.[11]

---

[7] *Id*. The only difference between the rules—which really is no difference at all—is that they swapped the numbering of factors 5 and 6. In each, the wording of those factors is identical.

[8] Ex. 1 at 2.

[9] *Id*.

[10] *Id*.

[11] *See* **Exhibit 2 (SEALED)** to the accompanying declaration of undersigned counsel. This is the full transcript of the hearing before the Panel.

*Maria M. Givens, as Personal Representative*
*of the Estate of Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-SLG                                        Page 5 of 28

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

First, Oenga testified.[12] He grudgingly acknowledged that Givens had done a good job in representing the Oenga heirs, but that he should not have to pay Givens any more money.

Oenga then called Givens as a hostile witness.[13] Givens gave extensive testimony regarding the difficulty of the litigation before the Court of Federal Claims, the results of that litigation, and the circumstances of his representation of the Oenga heirs.

For his witnesses, Givens first called Debra Mason, a forensic accountant.[14] She testified regarding the financial aspects of Givens' representation of the heirs.

Givens then called Ken Howard, an Idaho attorney with expertise in legal ethics.[15] He testified regarding the high quality of work that Givens did in the case on behalf of the Oenga heirs and that he acted ethically in his representation of the heirs.

Givens next called Roger Holmes, an Alaska attorney with expertise in legal ethics and attorney-client relations.[16] He testified that each of the eight factors of Alaska Bar Rule 35(a), and the nearly identical provisions of Alaska Rule of Professional

---

[12] Ex. 2 at 19-131.

[13] Ex. 2 at 133-407.

[14] Ex. 2 at 408-439.

[15] Ex. 2 at 441-461.

[16] Ex. 2 at 467-510.

*Maria M. Givens, as Personal Representative*
*of the Estate of Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-SLG

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Conduct 1.5(a), supported the reasonableness of Givens' fee, under the terms of the contingency fee contract. Holmes also testified that Givens acted ethically in his representation of the Oenga heirs.

Finally, Givens filed with the Panel the affidavit of Michael J. Schneider, an experienced contingent fee attorney in Alaska.[17] His affidavit supported the reasonableness of Givens' fee, under the terms of the contingency fee contract, in light of the difficulty of the underlying litigation against the United States government and all the major oil companies at Prudhoe Bay, and in light of the dramatic success of that litigation and resulting settlement.

Prior to the hearing, the Panel had ruled that Oenga had the burden of proof. However, at the beginning of the second day of the hearing the Panel ruled that Givens would bear that burden.[18]

Numerous exhibits were introduced by Oenga and Givens at the hearing.[19]

---

[17] *See* **Exhibit 3 (SEALED)** to the accompanying declaration of undersigned counsel.

[18] Ex. 1 at 1, n.1.

[19] *See* **Exhibits 4 and 5 (SEALED)** to the accompanying declaration of undersigned counsel.

*Maria M. Givens, as Personal Representative*
*of the Estate of Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-SLG                                    Page 7 of 28

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Following the arbitration hearing, the parties filed post-hearing memoranda. Oenga argued that compensation to Givens under the fee contract was unreasonable. In making that argument, Oenga argued at length that Givens had acted unethically in his representation of the Oenga heirs.[20]

On February 10, 2023, the Panel issued its Fee Arbitration Panel Decision and Order.[21] There, the Panel confirmed that it had placed the burden of proof on Givens.[22]

The Panel found that the added value of Givens' representation of the heirs was in excess of $31,000,000.[23] The Panel found that Givens work took place over the course

---

[20] *See* **Exhibit 6 (SEALED)** to the accompanying declaration of undersigned counsel. This can be seen from the following headings and discussion in Oenga's post-hearing memoranda: "The Broad Definition of 'Gross Recovery' in the Contingency Fee Agreement for an Undefined Scope of Work", Mr. Oenga Jr.'s Closing Argument, at 7-10; "Givens, the United States, and BP Settle the Case but Agree That It Is Not in the Best Interest of the Heirs to Know Who Is Paying What for the Settlement," *id*. at 13-15; "Family Members Objected to the Settlement and Givens Contention that He Was Entitled to Future Attorney's Fees," *id*. at 15; "Givens Misleads the Heirs and Assists One Heir to Bribe Another Heir to Secure Approval of the Amendment to the Contingency Fee Agreement," *id*. at 15-19; "The Contingency Fee Contract First Amendment Is Intentionally Misleading," *id*. at 19-21; and Oenga criticized Givens' expert, Roger Holmes, for "normalizing" Givens' alleged unethical conduct, *id*. at 24-28.

[21] Ex. 1.

[22] *Id*. at 1, n.1.

[23] *Id*. at 5.

*Maria M. Givens, as Personal Representative*
*of the Estate of Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-SLG                                    Page 8 of 28

of almost nine years.[24] The Panel found that there was no dispute that Givens devoted over 6,000 billable attorney hours and 2,000 billable paralegal hours to the project, and that he drew on personal savings to fund the substantial litigation costs.[25]

The Panel found that Givens amended his contingency fee contract twice, each time reducing his fee.[26] The Panel found that after those amendments, Givens' fee under the contract equals approximately 30.7% of the additional value produced by his representation.[27] The Panel found that this was on the low end of the reasonable range of percentages for complex litigation, and that "contingent fee rates in complex cases can range from 33 percent to 50 percent based on the nature of the work and how far the case has moved through the litigation process."[28] The Panel stated that it had "no difficulty concluding that the fee was reasonable, and finds that Petitioner's arguments to the contrary lack merit and border on being frivolous."[29]

---

[24] *Id*. at 6.

[25] *Id*.

[26] *Id*. at 6-7.

[27] *Id*. at 7.

[28] *Id*.

[29] *Id*. at 7.

*Maria M. Givens, as Personal Representative*
*of the Estate of Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-SLG
Page 9 of 28

In a lengthy discussion on "the nature and length of the professional relationship with the client," which is one of the factors determining the reasonableness of a fee,[30] the Panel firmly rejected Oenga's allegations that Givens had acted unethically.[31] Further, the Panel declined to refer Givens to Bar Counsel for disciplinary proceedings.[32]

The Panel's decision was affirmed by the Alaska Superior Court[33] and the Alaska Supreme Court,[34] and it is now a final judgment.

### B. The Court's Order on Cross Motions for Summary Judgment in *Givens v. Delia*

In its order on cross motions for summary judgment in *Givens v. Joseph Delia*, Case No. 3:23-cv-00121-SLG, the Court ruled that the contingency fee contract was unenforceable because it had not been approved by the Secretary of the Department of the Interior, under 25 U.S.C. § 410.[35] However, the Court ruled that Givens can proceed

---

[30] This is the fifth factor of Bar Rule 35(a) and the identical sixth factor of Rule of Professional Conduct 1.5(a).

[31] Ex. 1 at 12.

[32] *Id*. at 14.

[33] Docket 100-1 (SEALED).

[34] Docket 152-1.

[35] Docket 137 at 36, in *Givens v. Delia*. Givens respectfully reserves the right to appeal that ruling.

*Maria M. Givens, as Personal Representative*
*of the Estate of Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-SLG                                   Page 10 of 28

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

on his claim for reasonable compensation on the theory of quantum meruit, or unjust enrichment.[36]

The Court stated in its order that reasonable compensation is a question of fact that cannot be resolved on summary judgment.[37] However, the Court did not address the applicability of claim preclusion to that determination.

The Court's order also ruled that Delia's ethical arguments against Givens relating to the fee agreement are moot, given its decision on the § 410 issue.[38] The Court denied without prejudice Givens' motion that Delia's remaining affirmative defense of unclean hands should be dismissed.[39]

## III.  ARGUMENT

### A. In Finding that the Contingency Fee Contract Provided Reasonable Compensation to Givens, the Panel Applied the Same Burden of Proof and the Same Factors Applicable Under Quantum Meruit

As the Court noted in its order on cross motions for summary judgment in *Givens v. Delia*, to recover under quantum meruit, Givens must show that (1) he conferred a

---

[36] Docket 137, at 36-39, in *Givens v. Delia*.

[37] *Id*. at 39

[38] *Id*. at 42.

[39] *Id*. at 43.

*Maria M. Givens, as Personal Representative*
*of the Estate of Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-SLG                                    Page 11 of 28

Case 3:21-cv-00008-SLG   Document 159   Filed 04/28/26   Page 11 of 28

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

benefit on Delia; (2) Delia appreciated the benefit; and (3) Delia accepted and retained the benefit under circumstances making it inequitable for him to retain the benefit without paying Givens the value thereof.[40] None of those requirements is contested here.

As the Court also noted in its order, under the doctrine of quantum meruit, when an enforceable contract does not exist, a plaintiff is entitled to the reasonable value of the services rendered to the defendant.[41] Nearly all states, including Alaska, have adopted rules for attorney conduct based on the American Bar Association Model Rules of Professional Conduct.[42] Although there are no Alaska cases on point, courts in other jurisdictions have routinely applied the eight factors set out at Rule 1.5(a) to determined reasonable compensation to an attorney under quantum meruit if there is no enforceable contract.[43]

---

[40] *Id*. at 36-37.

[41] *Id*. at 36.

[42]https://www.americanbar.org/groups/professional_responsibility/publications/model_rules_of_professional_conduct/alpha_list_state_adopting_model_rules/

[43] *See, e.g., Sanders v. Whitcomb, Selinsky, P.C.*, No. 25CA0213, 2026 WL 70872, at *2 (Colo. App. Jan. 8, 2026); *Estate of McClain v. Killmer, Lane & Newman, LLP*, 554 P.3d 29, 50 (Colo. App. 2024); *In re Bremerton Cellular Telephone Company Litigation*, 328 A.3d 330, 338, 346 (Del. Chancery 2024); *Consolver v. Hotze*, 395 P.3d 405, 411 (Kansas 2017); *Kevin J. Kenney & Assocs., Ltd. V. Smith*, No. L-14-1146, 2015 WL 1510858, at * (Ohio App. March 31, 2015); *Corey v. Brocato*, 626 Fed. Appx. 480, 482 (5th Cir. 2015); *City of Alexandria v. Brown*, 740 F.3d 339, 352 (5th Cir. 2014); *City*

Maria M. Givens, as Personal Representative
of the Estate of Raymond C. Givens v. Leroy Oenga, Jr.,
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-SLG                                                    Page 12 of 28

Case 3:21-cv-00008-SLG   Document 159   Filed 04/28/26   Page 12 of 28

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

The factors of Rule 1.5(a) are as follows:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to properly perform the legal service;

(2) the likelihood that the acceptance of the particular employment will preclude other employment by the attorney;

(3) the fees customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the nature and length of the professional relationship with the client;

(6) the time limitations imposed by the client or by the circumstances;

(7) the experience, reputation, and ability of the attorney or attorneys performing the services; and

(8) Whether the fee is fixed or contingent.

---

*of Alexandria v. Cleco Corp.*, 558 Fed. Appx. 361, 363 (5th Cir. 2014); *In re Disciplinary Action Against Hoffman*, 834 N.W.2d 636, 646 (N. Dakota 2013); *Melat, Pressman & Higbie, L.L.P. v. Hannon Law Firm, L.L.C.*, 287 P.3d 842, 849-50 (Co. 2012); *Bye v. Boise Cascade, Inc.*, No. A09-2010, 2010 WL 1753255, at *5 (Minn. App. May 4, 2010); *Nunn Law Office v. Rosenthal*, 905 N.E.2d 513, 520-21 (Ind. App. 2009); *Golightly v. Gassner*, No. 50212, 281 P.3d 1176 (Table), 2009 WL 1470342, at *2 (Feb. 26, 2009); *Cousar v. Garden Homes Willow Park*, No. CV055000451S, 2007 WL 1194931, at *2 (Conn. Sup. Ct. April 5, 2007); *Doellman v. MidFirst Credit Union, Inc.*, No. CA2006-06-074, 2007 WL 3243382, at *4 (Ohio App. Nov. 5, 2007).

*Maria M. Givens, as Personal Representative
of the Estate of Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-SLG      Page 13 of 28

The Panel's Decision and Order included these eight factors as headings and made detailed findings and conclusions for each, based on the testimony and documents presented at the hearing.[44] Those headings, findings and conclusions are as follows:

**(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to properly perform the legal service.[45]**

The Panel reiterated that there is no dispute that Givens devoted 6,000 hours of attorney time and 2,000 hours of paralegal time to the representation of the Oenga heirs that unfolded over nearly nine years, including several years where the representation was a full-time job. The Panel found that the dispute involved a complex intersection of Native Allotment and oil and gas issues. The Panel found that the opponents in the underlying litigation had vast resources, skilled counsel, and enormous amounts of money at stake. The Panel found that Givens' work was skilled, thoughtful, and of the highest level of competence. The Panel found that Givens kept the Oenga heirs informed with regular, detailed, and clear communications.[46]

---

[44] In doing so, the Panel referred to the numbering of the fifth and sixth factors of Bar Rule 35(a) rather than the reverse numbering of the identical factors at Rule of Professional Conduct 1.5(a).

[45] Ex. 1 at 7-8.

[46] *See* Ex. 2 at 332-368, 473 - 474.

*Maria M. Givens, as Personal Representative*
*of the Estate of Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-SLG

Page 14 of 28

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

The Panel concluded that this first factor strongly supports the reasonableness of Givens' fee.

**(2) The likelihood that the acceptance of the particular employment will preclude other employment by the attorney.[47]**

The Panel found that during some but not all years of the litigation, this single matter precluded Givens from taking any other projects of meaningful size, which impacted his ability to take on other work leading up to and following those periods of intense work. The Panel found that Givens' work on behalf of the Oenga heirs imposed significant opportunity costs on him.[48]

The Panel concluded that this second factor supports the reasonableness of the fee charged.

**(3) The fees customarily charged in the locality for similar legal services.[49]**

---

[47] Ex. 1 at 8.

[48] *See* Ex. 2 at 369, 473 - 474.

[49] Ex. 1 at 8-10.

*Maria M. Givens, as Personal Representative*
*of the Estate of Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-SLG                                    Page 15 of 28

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

The Panel found that the representation involved here was unique in terms of the issues presented and the parties involved, as well as the amounts at stake, and accordingly there is not a large sample size of "similar legal services" being performed.

The Panel rejected Oenga's attempts to recast the litigation result as a foregone conclusion or easily won. Instead, the Panel found that there was substantial risk in the representation and that the amount of the contingent fee award was appropriate because of the substantial litigation efforts incurred by Givens for an uncertain result. The Panel noted that the Oenga heirs could have assumed that risk by agreeing to compensate Givens on an hourly basis, but that offer was rejected by the heirs.

Regarding the contingent fee rates, the Panel reiterated that the contingent fee rate of the fee agreement fell on the low end of contingent fees generally charged.[50]

The Panel concluded that this third factor supports the reasonableness of the fees charged by Givens.

### (4) The amount involved and the results obtained.[51]

The Panel found that it is beyond dispute that Givens performed good work that resulted in the total recovery of past damages and increased future rents through 2036 of

---

[50] *See* Ex. 2 at 370 - 371, 474.

[51] Ex. 1 at 10-11.

*Maria M. Givens, as Personal Representative*
*of the Estate of Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-SLG                                    Page 16 of 28

in excess of $30,000,000. The Panel rejected Oenga's attempts to minimize the importance of Givens' work.[52] The Panel found that it is unlikely the Oenga heirs would have received any meaningful lease payment increases without the legal intervention of Givens.

### (5) The nature and length of the professional relationship with the client.[53]

It was here, in applying this factor concerning the reasonableness of Givens' fee, that the Panel addressed and rejected Oenga's claim that Givens acted unethically in his representation of the heirs. The Panel found that the representation involved significant risk and concomitant stress, as well as the potential to generate life-changing amounts of money for all parties involved. The Panel found that the heirs did not always agree among themselves, nor did they always agree with Givens recommendations regarding the litigation, settlement or fees being charged. The Panel found that given the amount of time spent, the financial pressures, and the different life experiences of the parties, it would be surprising for such a lengthy and high-stakes representation to be always harmonious.

---

[52] *See* Ex. 2 at 371-386, 475.

[53] Ex. 1 at 11-13.

*Maria M. Givens, as Personal Representative*
*of the Estate of Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-SLG                                    Page 17 of 28

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

The Panel noted that Oenga presented affidavits and hearsay testimony about conflicts between some of the heirs and Givens, and conflicts among the heirs. The Panel also noted that Oenga asserted that Givens engaged in "extortion and emotional blackmail," displayed a "paternalistic attitude, facilitated bribery," and failed to properly advise or inform the heirs about a variety of matters relating to the settlement and the fee agreement. The Panel firmly rejected those allegations, characterizing them as "inflammatory."

Instead, the Panel found that Givens testimony addressed the issues raised by Oenga about the course of the relationship and acknowledged that there had been disagreements and conflicts at various states, including some that were heated, and offered context for those disagreements and their resolution. The Panel found Givens' testimony to be credible and truthful.

The Panel found that the written record and testimony demonstrate that Givens made good faith and competent efforts to keep the Oenga heirs informed in writing, to explain the litigation, settlement agreement, and fee agreements, and modifications thereto. The Panel found that as the litigation progressed over more than eight years,

*Maria M. Givens, as Personal Representative*
*of the Estate of Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-SLG                                        Page 18 of 28

Givens made multiple concessions that decreased the ultimate fee he would otherwise have been entitled to under the parties' prior agreements. [54]

The Panel concluded that this fifth factor supports the fee being charged.

**(6) The time limitations imposed by the client or by the circumstances.[55]**

The Panel found that this factor does not have a material bearing on the appropriateness of the fee.[56]

**(7) The experience, reputation, and ability of the attorney or attorneys performing the services.[57]**

The Panel found that this factor overlaps heavily with the Panel's discussion of factor (1).[58] The Panel concluded that this seventh factor supports the fee being charged.

**(8) Whether the fee is fixed or contingent.[59]**

---

[54] *See* Ex. 2 at 386-388.

[55] Ex. 1 at 13.

[56] *See* Ex. 2 at 388-390.

[57] Ex. 1 at 13.

[58] *See* Ex. 2 at 390-395, 475.

[59] Ex. 1 at 13-14.

*Maria M. Givens, as Personal Representative*
*of the Estate of Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-SLG

Page 19 of 28

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

The Panel found that payment to Givens in the amount provided by the contingent fee agreement was appropriate.[60] The Panel noted that a contingent fee allocates to the attorney the risk that a matter will require much time and produce no recovery, while the client bears the risk that the matter may result in a larger fee than if the client had born the risk of no recovery by paying the attorney for his time as litigation proceeds. The Panel wrote:

> The successful result of a high recovery does not render unreasonable a contingent fee agreement that was reasonable when it was made and the recovery amount, if any, was speculative. The Panel concludes that respondent's recovery of the agreed portion of those lease proceeds is appropriate.[[61]]

The Panel concluded that "Respondent's fee is reasonable under Alaska Bar Rule 35(a) and Alaska Rule of Professional Conduct 1.5,"[62] again without regard to the enforceability of the contingency fee contract under 25 U.S.C. § 410.

The Panel also concluded that Givens should not be referred to Bar Counsel for appropriate disciplinary proceeds, under Alaska Bar Rule 40(q)(4).[63]

---

[60] *See* Ex. 2 at 496-497, 476 - 477.

[61] Ex. 1 at 14.

[62] *Id*.

*Maria M. Givens, as Personal Representative*
*of the Estate of Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-SLG
Page 20 of 28

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Givens submits to the Court that the Panel's Decision and Order, summarized above, should be applied here by the Court under quantum meruit. There simply is no reason for an additional evidentiary hearing or trial. It is irrelevant that the Panel did not first find the fee contract to be unenforceable under 25 U.S.C. § 410 before determining reasonable compensation to Givens. The Panel deferred the question of the enforceability of the fee contract to this Court, and the Panel placed on Givens the burden of proving the reasonableness of compensation to him without regard to the enforceability of that contract.

The Panel thus applied the same burden of proof and the same factors applicable under quantum meruit. Numerous courts have ruled that reasonable compensation under quantum meruit can be the amount of compensation provided in an unenforceable fee agreement.[64] That is precisely what the Panel found, without consideration of the enforceability of the contingency fee agreement between Givens and the Oenga heirs.

---

[63] *Id*.

[64] *See, e.g., Dobbs v. DePuy Orthopaedics, Inc.*, 885 F.3d 455, 458–59 (7th Cir. 2018) (appeals court affirms district court's award of "a sum equal to the full contingency fee" under quantum meruit)*; Starkey Kelly, Blaney & White v. Estate of Nicolaysen*, 796 A.2d 238, 244-45 (N.J. 2002) ("We are satisfied that the fee [awarded under quantum meruit] is not more than contemplated under the written agreement."); *Statler v. Dodson*, 466 S.E.2d 497, 504 n.10 (W. Va. 1995) ("We are not establishing a per se rule that a contingent-fee contract imposes an automatic ceiling on an award of

*Maria M. Givens, as Personal Representative*
*of the Estate of Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-SLG

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

In its order on cross motions for summary judgment, the Court stated that determining reasonable compensation to Givens under quantum meruit turns on disputed issues of fact that cannot be resolved on summary judgment.[65] But as shown above, those factual issues have already been decided by the Panel—again applying the same burden of proof and the same factors applicable under quantum meruit—and those issues should not be relitigated again here.

### B. Oenga is Prevented by Claim Preclusion from Relitigating Here the Findings and Conclusions of the Panel

On September 30, 2021, this Court stayed the case to allow Oenga to pursue arbitration of the fee dispute before the Panel.[66] In doing so, the Court stated that the factual question of what is reasonable compensation to Givens would be decided in the

---

attorney's fees [under quantum meruit]"); *Rosenberg v. Levin*, 409 So.2d 1016, 1021 (Fla. 1982) ("[W]e hold that an attorney employed under a valid contract who is discharged without cause before the contingency has occurred or before the client matters have concluded can recover [under quantum meruit] only the reasonable value of his services rendered prior to discharge, limited by the maximum contract fee."); *U.S. v. Algernon Blair, Inc.*, 479 F.2d 638, 641 (4th Cir. 4 1973) ("the contract price may be evidence of reasonable value of the services"). *See also Restatement (Third) of the Law Governing Lawyers* § 39, Comment e. (2000) ("When a lawyer recovers compensation under this Section despite the unenforceability of a fee contract, ordinarily the lawyer should recover no more than the fee specified in the contract.").

[65] Docket 137 at 39, in *Givens v. Delia*.

[66] Docket 55.

*Maria M. Givens, as Personal Representative*
*of the Estate of Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-SLG

Page 22 of 28

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

arbitration, and that the Court would then address any remaining legal questions.[67] On January 23, 2026—over four years after this Court's stay—the Alaska Supreme Court finally affirmed the Panel's decision in Givens' favor.[68] The federal Court and the parties did not contemplate that the question of reasonable compensation to Givens would have to be relitigated before this Court.

The arbitration resulted in a decision in Givens' favor. That decision has been approved by the Alaska Supreme Court, and it is now a final judgment. Oenga was a party to the arbitration, and he is bound by its results.

The Court's order on cross motions for summary judgment in *Givens v. Delia* did not address the applicability of claim preclusion generally—and the order certainly did not address the applicability of claim preclusion to Oenga—presumably because the Court believed that reasonable compensation to Givens could not be resolved on summary judgment.[69] However, as noted above, the Panel has already made a finding of reasonable compensation to Givens by applying the same burden of proof and the same factors that would be applicable under quantum meruit. Accordingly, there is no need for

---

[67] *Id*.

[68] Docket 152-1.

[69] Docket 137 at 39, in *Givens v. Delia*.

*Maria M. Givens, as Personal Representative*
*of the Estate of Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-SLG                                      Page 23 of 28

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

a trial here on the same matter decided by the Panel. Doing so would be a waste of judicial efficiency and resources, and it would be unfair to Givens.

This Court's order on cross motions for summary judgment in *Givens v. Delia* also denied without prejudice Given's motion that the Panel's decision had preclusive effect on Delia's affirmative defense that Givens had unclean hands in his representation of the Oenga heirs.[70] The Court so ruled because it was not clear to the Court that the broader allegations of attorney misconduct were squarely before the Panel.[71]

In fact, those allegations *were* squarely before the Panel. This can be seen from the following, as discussed above:

- An overarching and consistent theme of Oenga's testimony and his cross-examinations at the hearing before the Panel was the allegation that Givens had engaged in unethical conduct in his representation of the Oenga heirs.

- Oenga's post-hearing brief to the Panel argued at length that Givens had engaged in unethical conduct in his representation of the heirs.

- The Panel understood that deciding Oenga's ethical arguments was necessary in finding reasonable compensation, under reasonableness factor of "the

---

[70] Docket 137 at 42-43, in *Givens v. Delia*.

[71] *Id*. at 42.

*Maria M. Givens, as Personal Representative*
*of the Estate of Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-SLG                                                                 Page 24 of 28

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

nature and length of the professional relationship with the client."[72] The Panel discussed those ethical allegations at length and firmly rejected them as being "inflammatory."

- The Panel made a point of refusing to refer Givens to Bar Counsel for a disciplinary hearing, based on Oenga's allegations.

For the reasons stated above, the Court should rule that Oenga is prevented by claim preclusion from arguing here that Givens had unclean hands in his representation of the Oenga heirs.

Claim preclusion applies not only to the arguments that were made, but also to the arguments that could have been made, before the Panel. *See Taylor v. Sturgell*, 553 U.S. 880, 892 (2008); *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982); *Roseberry v. North Slope Borough School District*, 568 P.3d 338, 346 (Alaska 2025). Accordingly, Oenga cannot present new arguments here that were not made to the Panel.

### C. Claim Preclusion Is Not Barred by the Seventh Amendment

Claim preclusion is not barred by the fact that the arbitration was decided by the Panel rather than by a jury. This is true for the following reasons.

---

[72] Again, the Panel addressed this as the fifth factor of Bar Rule 35(a), which is identical to the sixth factor of Rule of Professional Conduct 1.5(a).

*Maria M. Givens, as Personal Representative*
*of the Estate of Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-SLG

Page 25 of 28

Case 3:21-cv-00008-SLG    Document 159    Filed 04/28/26    Page 25 of 28

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

First, Oenga chose to pursue arbitration rather than a jury trial. The arbitration decision has been made and is now a final judgment. Oenga must live with that decision.

Second, claim preclusion is not barred by the Seventh Amendment even when the earlier decision was not by a jury. In *B & B Hardware, Inc. v. Hargis Industries, Inc.*, 575 U.S. 138 (2015), the Supreme Court stated: "[T]he right to a jury trial does negate the issue-preclusive effect of a judgment, even if that judgment was entered by a juryless tribunal." *Id*. at 150.

Third, state-court judgments have preclusive effect in the federal courts. In *Migra v. Warren City School District Board of Education*, 465 U.S. 75 (1984), the Supreme Court wrote: "It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Id*. at 81.

Fourth, Oenga would not be entitled to a jury trial even if there had been no arbitration. Givens' quantum meruit claim is one in equity, seeking an order of specific performance requiring Oenga to instruct the Bureau of Trust Funds Administration ("BTFA") to pay Givens fee from Oenga's Individual Indian Money ("IIM") account from future annual allotment rents.[73] Even if quantum meruit claims for damages might

---

[73] *See* Counts III and IV of Givens' Complaint. Docket 1 at 11-12.

*Maria M. Givens, as Personal Representative*
*of the Estate of Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-SLG

be subject to a jury trial, quantum meruit claims *for specific performance* are not. In *Adams v. Johns-Manville Corp.*, 876 F.2d 702 (1989), the Ninth Circuit wrote: "An action for specific performance without a claim for damages is purely equitable and historically has always been tried to the court." *Id*. at 709.

Finally, Givens asserts an equitable lien in quantum meruit against funds to be paid as rent in Oenga's IIM account. The enforcement of liens are tried to the bench, not to a jury. In *Perera Company, Inc. v. Goldstone*, 491 F.2d 386 (1974), the Ninth Circuit wrote: "Perera was not entitled to a jury trial . . . since the enforcement of liens is a long established and well recognized function of the courts of equity." *Id*. at 387. Likewise, in *Exact Software North America, Inc. v. DeMoisey*, 718 F.3d 535 (2013), the Sixth Circuit wrote: "Courts have long recognized that judges, not juries have responsibility for discharging liens, including attorney's fee liens." *Id*. at 546.

### Conclusion

For the reasons stated above, the Court should enter an order that Oenga is prevented by claim preclusion from relitigating the findings and conclusions of the Fee Arbitration Panel in *Oenga v. Givens* regarding reasonable compensation to Givens. Instead, those findings and conclusions are applicable here under quantum meruit. Following entry of the Court's order, Givens will provide evidence of the precise amount that Oenga should direct the BTFA to pay Givens from Oenga's IIM account.

*Maria M. Givens, as Personal Representative*
*of the Estate of Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-SLG
Page 27 of 28

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

A proposed order accompanies this motion.

DATED: April 28, 2026.

RUSSELL L. WINNER
WINNER & ASSOCIATES, P.C.
Attorneys for Plaintiff Maria M. Givens, as Personal
Representative of the Estate of Raymond C. Givens

By: /s/ Russell L. Winner
Russell L. Winner
Alaska Bar No. 7811179

### Certificate of Service

I hereby certify that a copy of the foregoing document was served electronically on the attorneys of record through the Court's CM/ECF System.

/s/ Russell L. Winner
Russell L. Winner

### Certificate of Word Count

I hereby certify, pursuant to Local Rule 7.4(a)(2), that according to Microsoft Word Count, the above comprises 5,417 words, including footnotes but excluding the caption and signature block.

/s/ Russell L. Winner
Russell L. Winner

*Maria M. Givens, as Personal Representative*
*of the Estate of Raymond C. Givens v. Leroy Oenga, Jr.,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-00008-SLG                                    Page 28 of 28

Case 3:21-cv-00008-SLG    Document 159    Filed 04/28/26    Page 28 of 28